**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, (Bar No. 144074)
dalekgalipo@yahoo.com
Eric Valenzuela, Esq. (Bar No. 284500)
evalenzuela@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

Attorneys for PLAINTIFF, G.W., a minor, by and through her guardian Glecina Mae Reyes, individually and as Successor-in-Interest on behalf of the ESTATE OF FREDDIE D. WASHINGTON, deceased

**ANTONIO K. KIZZIE, ESQ. (SBN 279719)**
akizzie@kizziefirm.com
**THE KIZZIE FIRM, APC**
1732 Aviation Blvd. #226
Redondo Beach, CA 90278
Telephone: (310) 388-9977
Facsimile: (310) 265-1957

Attorney for PLAINTIFF, BEATRICE HIGHTOWER, individually and as Successor-in-Interest on behalf of the ESTATE OF FREDDIE D. WASHINGTON, deceased

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATRICE HIGHTOWER; and G.W., a minor, by and through her guardian ad litem Glecina Mae Reyes, in each case individually and as Successors-in-Interest on behalf of the ESTATE OF FREDDIE D. WASHINGTON, deceased, <br><br> *Plaintiffs,* <br><br> vs. <br><br> CITY OF SANTA ANA, a municipal entity, and DOES #1-20, Inclusive, <br><br> *Defendants* | CASE NO.: 8:25-cv-02129-JWH-ADS <br><br> **PLAINTIFFS' PARTIAL OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES** <br><br> **Date:** April 17, 2026 <br> **Time:** 9:00 a.m. <br> **Dept.** 9D <br> 411 West 4th Street <br> Santa Ana, California 92701 |

PLAINTIFFS' PARTIAL OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

**TO THE HONORABLE COURT, DEFENDANTS, AND DEFENDANTS' ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiffs BEATRICE HIGHTOWER ("Plaintiff Hightower") and G.W., a minor, by and through her guardian Glecina Mae Reyes ("Plaintiff G.W."), in each case individually and as a successors-in-interest on behalf of the ESTATE OF FREDDIE D. WASHINGTON, deceased, ("PLAINTIFFS," collectively), by and through their undersigned attorneys, will and hereby does oppose Defendant CITY OF SANTA ANA ("Defendant City") motion to dismiss portions of Plaintiffs' First Amended Complaint ("Motion").

Plaintiffs' opposition is based upon this notice of opposition; the concurrently filed Memorandum of Points and Authorities; the pleadings and records on file in this action; and any further evidence or argument received by the Court in connection with the hearing on Defendant's Motion.

Dated: March 27, 2026

**LAW OFFICES OF DALE K. GALIPO**

By:  */s/ Eric Valenzuela*
**Eric Valenzuela**
Attorneys for PLAINTIFF
GW, individually and as Successor-of-Interest on behalf of the ESTATE OF FREDDIE D. WASHINGTON, deceased

Dated: March 27, 2026

**THE KIZZIE FIRM, APC**

By:  */s/ Antonio K. Kizzie*
**ANTONIO K. KIZZIE**
Attorneys for PLAINTIFF
BEATRICE HIGHTOWER, individually and as Successor-of-Interest on behalf of the ESTATE OF FREDDIE D. WASHINGTON, deceased

2

PLAINTIFFS' PARTIAL OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

# TABLE OF CONTENTS

### MEMORANDUM OF POINTS AND AUTHORITIES

I.      INTRODUCTION.................................................................................6

II.     LEGAL STANDARD ........................................................................8

III.    STATEMENT OF FACTS.................................................................9

IV.     ARGUMENT.....................................................................................9

    A.  Plaintiffs Do Not Oppose Dismissal of Constitutional Claims #1 through #7 against Defendant City *Only* ...............................................10

    B.  Plaintiffs Do Not Allege and, if deemed alleged, Do Not Oppose Dismissal of Claims #1-4, #6-8 and #12-14 *in their Individual Capacity Only* ..................................................................................................10

    C.  Plaintiff G.W.'s State Claims are Not Barred Because the Estate Timely Submitted a Tort Claim with Defendant City ........................................11

    D.  Plaintiff Hightower Possesses Standing to pursue Successor-In-Interest claims on behalf of Decedent and the Estate...........................................12

    E.  Plaintiffs' FAC States Facts Sufficient to Allege a *Monell* Claim .........13

V.      LEAVE TO AMEND SHOULD BE LIBERALLY GRANTED.....................16

VI.     CONCLUSION.................................................................................17

PLAINTIFFS' PARTIAL OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

# TABLE OF AUTHORITIES

**Cases**

*Abasiekong v. Shelby,*

744 F.2d 1055 (4th Cir. 1984) ..............................................................................15

*Balistreri v. Pacifica Police Dept.,*

901 F.2d 696 (9th Cir. 1988) ..................................................................................9

*Calhoun v. Ramsey,*

408 F.3d 375 (7th Cir. 2005) ................................................................................16

*City of Canton v. Harris,*

489 U.S. 378 (1989) ..............................................................................................16

*City of St. Louis v. Praprotnik,*

485 U.S. 112 (1988) ..............................................................................................16

*Connick v. Thompson,*

563 U.S. 51 (2011) ................................................................................................16

*Depew v. City of St. Marys, Ga.,*

787 F.2d 1496 (11th Cir. 1986) ............................................................................15

*DeSoto v. Yellow Freight System, Inc.,*

957 F.2d 655 (9th Cir. 1992) ..................................................................................9

*Foster v. City of Fresno*

(E.D.Cal. 2005) 392 F.Supp.2d 1140 ...................................................................13

*Hal Roach Studios, Inc. v. Richard Feiner & Co.,*

896 F.2d 1542 n. 19 (9th Cir. 1990) .......................................................................9

*Hazelwood v. Hazelwood*

(1976) 57 Cal.App.3d 693 .....................................................................................13

*Lee v. City of Los Angeles,*

250 F.3d 668 (9th Cir. 2001) ..................................................................................9

4

PLAINTIFFS' PARTIAL OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,

519 F.3d 1025 (9th Cir. 2008) ............................................................9, 17

*Owens v. Kaiser Found. Health Plan, Inc.*,

244 F.3d 708 (9th Cir.2001) ...................................................................17

*Park v. Thompson*,

851 F.3d 910 (9th Cir. 2017) ....................................................................9

*Perry v. Medina*

(1987) 192 Cal.App.3d 603 ....................................................................13

*Plumeau v. Sch. Dist. # 40 Cnty. of Yamhill*,

130 F.3d 432 (9th Cir. 1997) ..................................................................15

*Spell v. McDaniel*,

824 F.2d 1380 (4th Cir. 1987) ................................................................15

*Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc.*,

922 F. Supp. 299 (C.D. Cal. 1996)............................................................9

*Thompson v. City of Los Angeles*,

885 F.2d 1439 (9th Cir. 1989) ................................................................15

**Statutes**

C.C.P. § 377.60(a)................................................................................8

C.C.P. § 377.60(b)(1)........................................................................8, 13

C.C.P. 377.60(a) and (b) .......................................................................12

Cal. Gov. Code § 911.2.........................................................................11

Cal. Gov. Code § 911.6.........................................................................12

Fed. R. Civ. P. 15(a)..........................................................................9, 17

Federal Rule of Civil Procedure 12(b)(6) ...................................................8

PLAINTIFFS' PARTIAL OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

On January 15, 2025, Mr. Freddie D. Washington ("Mr. Washington"), deceased, was arrested by members of Defendant City of Santa Ana's ("Defendant City") Police Department for an alleged misdemeanor of overstaying his stay at a hotel. [*See* Dkt. 14- Plaintiffs' First Amended Complaint ("FAC"), *generally*]. Between January 15 and 16, 2026, Mr. Washington experienced severe medical distress in Defendant City's custody at the City of Santa Ana jail and died while chained to a chair with a bag over his head. [*Id.*]

On January 30, 2026, Plaintiffs Beatrice Hightower ("Plaintiff Hightower"), an individual, and G.W., a minor, by and through her guardian Glecina Mae Reyes ("Plaintiff G.W."), individually and as a successors-in-interest on behalf of the Estate of Freddie D. Washington ("Estate") ("Plaintiffs," collectively), filed the instant FAC alleging fourteen (14) causes of action against Defendant City and DOES 1-20 ("Defendants," collectively). Defendant City's instant motion to dismiss ("Motion") moves to dismiss, streamline, or clarify various claims in Plaintiffs' FAC. [*See* Dkt 15, *generally*]

Between February 18th and 27th, 2026, counsel for the parties met, conferred, and even proposed drafts of a stipulation to address some of the issues set forth in Defendant's motion, but were unsuccessful in finalizing the stipulation prior to Defendant City's filing of the motion. Notwithstanding, Defendant City's motion should be granted in part and denied in part as follows:

1. Plaintiffs do *not* oppose dismissal of Plaintiffs' 1st through 7th constitutional claims for denial of medical care under the Fourth Amendment, denial of medical care under the Fourteenth Amendment, excessive force, failure to intervene, loss of familial relations, fabrication of evidence, and equal protection violation *against Defendant City only.*

6

PLAINTIFFS' PARTIAL OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

2. Plaintiffs allege claims 1 through 4, 6 through 8, 10, and 12 through 14 *only* as successors-in-interest on behalf of the Estate, *not* in their individual capacity. [*See* Dkt. 14, *generally*.] To the extent the FAC can be deemed to allege claims 1 through 4, 6 through 8, 10, and 12 through 14 in Plaintiffs' *individual capacity*, Plaintiffs do *not* oppose dismissal of claims 1 through 4, 6 through 8, 10, and 12 through 14 *as to Plaintiffs' individual capacity only*. Plaintiffs do, however, allege wrongful death claims 9 and 11 in their individual capacity and, therefore, oppose dismissal of those claims.

3. Defendant's motion to dismiss Plaintiff G.W.'s state law claims should be *denied* because a government tort claim was timely submitted on June 18, 2025 on behalf of the Estate. G.W. is Mr. Washington's minor, biological daughter and, thus, is a member of the Estate as a matter of law under C.C.P. § 377.60(a). Plaintiffs are also in the process of opening an estate on the behalf of Mr. Washington, so the claims will be brought on behalf of the estate, for which a government tort claim was timely submitted.

4. Defendant's motion to dismiss Plaintiff Hightower's successor-in-interest claims on behalf of the Decedent and Estate should be *denied* because the First Amended Complaint has sufficiently pled that Plaintiff Hightower was financially dependent on Mr. Washington for the necessities of life and, thus, has standing to pursue any successor-in-interest claims on behalf of Mr. Washington under C.C.P. § 377.60(b)(1) and as part of the Estate as a matter of law.

5. Defendant's motion to dismiss Plaintiffs' eighth claim under *Monell* against Defendant City should be *denied* because the claim is sufficiently pled with fact to support a *Monell* claim for inadequate training, ratification, or unconstitutional custom, policy, or practice. Further,

7

PLAINTIFFS' PARTIAL OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

discovery has not yet begun whereby Plaintiffs may obtain knowledge of additional evidence in support of their *Monell* claim.

For the herein reasons, the Court is respectfully requested to deny Defendant's motion in part as requested herein. If the Court is inclined to grant Defendants' motion, Plaintiffs respectfully request leave to amend.

## II.    <u>LEGAL STANDARD</u>

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). Usually, the Court does not consider material beyond the pleadings in ruling on a Rule 12(b)(6) motion except in limited circumstances. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted).

"A Rule 12(b)(6) dismissal is proper only where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc.*, 922 F. Supp. 299, 304 (C.D. Cal. 1996) (*quoting Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)).

Generally, leave to amend a complaint that has been dismissed should be freely granted unless it is clear the complaint could not be saved by any amendment. Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The Ninth Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted. *DeSoto v. Yellow Freight System, Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

PLAINTIFFS' PARTIAL OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

## III.    STATEMENT OF FACTS

Plaintiffs' FAC alleges that, on January 15, 2025, Mr. Washington was arrested by members of Defendant City of Santa Ana Police Department and died in Defendant City's custody at the City of Santa Ana Police Department Jail between January 15 and 16, 2025 following Defendant DOES 1-20 uses of excessive force and conscious, deliberate disregard of Mr. Washington's episodes of severe medical distress. [*See* Dkt. 14- FAC ¶¶ 1-2, 26-52.]

Plaintiffs' FAC alleges that Plaintiff Hightower was Mr. Washington's biological mother and was dependent on Mr. Washington to some extent for the necessities of life, and, therefore, sues in her individual and representative capacity as a successor-in-interest to Mr. Washington's estate under C.C.P. 377.60(b)(1). [*See* Dkt. 14- FAC ¶ 9/ln. 11-19.] Plaintiffs' FAC alleges that Plaintiff G.W. was Mr. Washington's biological daughter and qualifies as Mr. Washington's successor-in-interest as defined in C.C.P. 377.60(a) and (b). [*See* Dkt. 14- FAC ¶ 11].

Referring to Plaintiffs' government tort claim requirements, Plaintiffs' FAC alleges that Plaintiffs have timely complied with all relevant and applicable statutes of limitations to assert the herein causes of action against the herein DEFENDANTS. [*See* Dkt. 14- FAC ¶ 25].

## IV.    ARGUMENT

Defendants' motion should be denied in part because Plaintiffs G.W. and Hightower both have standing to assert their claims successor-in-interest to Mr. Washington's Estate, Plaintiffs have complied with government tort claim filing requirements, and Plaintiffs' eighth claim has stated facts sufficient to allege a *Monell* claim for inadequate training, ratification, or unconstitutional custom, practice or policy. Alternatively, leave to amend should be granted for Plaintiffs' to allege additional facts to cure any deficiencies.

PLAINTIFFS' PARTIAL OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

### A. Plaintiffs Do Not Oppose Dismissal of Constitutional Claims #1 through #7 against Defendant City *Only*

Plaintiffs do *not* oppose dismissal of Plaintiffs' 1st through 7th constitutional claims for denial of medical care under the Fourth Amendment, denial of medical care under the Fourteenth Amendment, excessive force, failure to intervene, loss of familial relations, fabrication of evidence, and equal protection violation against Defendant City *only*. Accordingly, these claims would be brought against the individually involved officers only.

### B. Plaintiffs Do Not Allege and, if deemed alleged, Do Not Oppose Dismissal of Claims #1-4, #6-8 and #12-14 *in their Individual Capacity Only*

Plaintiffs' claims 1 through 4, 6 through 8 and 12 through 14 are all survival claims that are being brought by Plaintiffs in a representative capacity as successors-in-interest to the Decedent and on behalf of the Estate. [*See* Dkt. 14, *generally*.] These claims are *not* being brought on behalf of the Plaintiffs in an individual capacity. [*Id.*]

To the extent the FAC can be deemed to allege claims 1 through 4, 6 through 8 and 12 through 14 in Plaintiffs' *individual capacity*, Plaintiffs do *not* oppose dismissal of Plaintiffs claims 1 through 4, 6 through 8 and 12 through 14 *in Plaintiffs' individual capacity only* provided, however, that dismissal would *not* apply to these claims to the extent they are pled in a representative capacity on behalf of the Decedent. For example, Plaintiffs Hightower and G.W. do not allege that Defendants battered them, individually, as they were not present during the incident. In the alternative to dismissing these claims, Plaintiffs would seek and the Court should grant leave to amend the FAC to clear up any confusion as to who is bringing the claim and it what capacity.

PLAINTIFFS' PARTIAL OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

## C. **Plaintiff G.W.'s State Claims are Not Barred Because the Estate Timely Submitted a Tort Claim with Defendant City**

Defendant City's motion argues that "Plaintiff G.W.'s state law claims are barred because she never filed a tort claim with the City." However, this is not so because the Estate, of which G.W. is a successor-in-interest as a matter of law, timely filed a tort claim for damages with Defendant City.

Usually, a party must submit a claim for damages to the alleged public entity tortfeasor within six (6) months of the date of the injury. Cal. Gov. Code § 911.2. If the public entity fails to act on the claim within 45 days, it is deemed rejected as a matter of law. Cal. Gov. Code § 911.6.

Here, the alleged incident happened between January 15-16, 2025. On or about June 18, 2025, less than six-months after the incident, Plaintiff Hightower as successor-in-interest timely submitted a claim for damages on behalf of "*Beatrice Hightower/Estate of Freddie D. Washington*" to Defendant City of Santa Ana, CA. [Declaration of Antonio K. Kizzie, Esq. ("Kizzie Decl.") ¶ 3 – Plaintiff's **Exhibit 1**].

Plaintiffs do not dispute that the claim for damages does not specifically identify the minor Plaintiff, G.W. However, such is not necessary as to G.W., a minor, because a claim *was* timely submitted o*n behalf of the Estate*, which G.W. is part of as a matter of law. C.C.P. 377.60(a) and (b).Plaintiffs are in the process of opening up an estate on behalf of Mr. Washington, which will be completed by the time the Court hears this motion. Minor Plaintiff G.W., as the child of Decedent, would be part of and, thus, a beneficiary to the Estate.   Therefore, the state law claims should not be dismissed as to G.W. and should, instead, be authorized to proceed through the Estate because the government tort claim was timely presented on behalf of the Estate.

11

PLAINTIFFS' PARTIAL OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

### D. **Plaintiff Hightower Possesses Standing to pursue Successor-In-Interest claims on behalf of Decedent and the Estate**

Defendant City argues that Plaintiff Beatrice Hightower lacks standing to pursue any successor-in-interest claims on behalf of Decedent since Decedent was survived by his minor child, Plaintiff G.W. Again, this is not so. Defendant City's motion should be denied because it ignores the fact that Plaintiff Hightower has properly pleaded financial dependence on Mr. Washington to some extent for the necessities of life and, thus, qualifies as a successor-in-interest as a matter of law under C.C.P. § 377.60(b)(1). [*See* Dkt. 14- FAC ¶ 9/ln. 11-19].

California Code of Civil Procedure 377.60 (a)-(b)(1) states,

"A cause of action for the death of a person caused by the wrongful act or neglect of another may be asserted by any of the following persons or by the decedent's personal representative on their behalf:

(a) The decedent's surviving spouse, domestic partner, children, and issue of deceased children, or, if there is no surviving issue of the decedent, the persons, including the surviving spouse or domestic partner, who would be entitled to the property of the decedent by intestate succession. If the parents of the decedent would be entitled to bring an action under this subdivision, and the parents are deceased, then the legal guardians of the decedent, if any, may bring an action under this subdivision as if they were the decedent's parents.

**(b)(1) Whether or not qualified under subdivision (a), if they were dependent on the decedent, the putative spouse, children of the putative spouse, stepchildren, parents, or the legal guardians of the decedent if the parents are deceased.**" [Emphasis added.]

Dependence refers to financial support. *Hazelwood v. Hazelwood* (1976) 57 Cal.App.3d 693, 697-698). "The term 'dependent' would be rendered virtually meaningless if emotional dependency was sufficient to sue for wrongful death … financial dependency should be the test for parents who are not heirs of the decedent." *Perry v. Medina* (1987) 192 Cal.App.3d 603, 608. To demonstrate financial dependence, a parent "must show that they were actually dependent, to some extent, upon the decedent for the necessaries of life." *Id*. at 610.

PLAINTIFFS' PARTIAL OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

Plaintiff Hightower's allegation of financial dependance to some extent for the necessities of life must be deemed true for purposes of this motion and, thus, qualifies Plaintiff Hightower as a successor in interest under C.C.P. 377.60(b)(1) as a matter of law. "A parent may only assert a wrongful death claim if there are no children or issue or if he or she is "dependent on the decedent." *Foster v. City of Fresno* (E.D.Cal. 2005) 392 F.Supp.2d 1140, 1146.

To be clear, the requirement of financial dependence only applies to the state claims alleged on behalf of the Estate, specifically, claims 9 through 14. Claims 9 and 11 are wrongful death claims brought on Plaintiff Hightower's individual behalf. There is no such requirement of financial dependence for Plaintiffs' alleged federal claims 1 through 8.

**E. Plaintiffs' FAC States Facts Sufficient to Allege a *Monell* Claim**

Defendant's motion to dismiss Plaintiffs' eighth claim under *Monell* against Defendant City should be *denied* Plaintiffs' have stated facts sufficient to allege a *Monell* claim for inadequate training, ratification, or unconstitutional custom, policy, or practice and discovery has not yet begun whereby Plaintiffs may obtain knowledge of more evidence in support of their Monell claim. These facts include that CITY had a standard protocol of investigating in-custody death which routinely result in a finding of no misconduct by any of the involved City personnel and being merely pretextual in nature. [*See* Dkt. 14- FAC ¶ 46].

Further, CITY ratified, acquiesced, or otherwise turned a blind eye to the involved officers' misconduct, which was a substantial and proximate cause of this incident. *Id*. Plaintiffs' First Amended Complaint also alleges that the involved officers' misconduct was found to be within City policy, that it was ratified by City supervisors, that the City knowingly ratified the actions of the involved officers and that they were not disciplined or re-trained due to their misconduct and that the final policy maker ratified this conduct and had a basis for the ratification by knowing of

PLAINTIFFS' PARTIAL OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

the acts of the involved officers. [*Id*. at ¶¶ 113-17.]

Plaintiffs' First Amended Complaint also alleges that the training policies of CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal, including training with respect to tactics, recognition of a detainee's serious medical need, responding to situations involving detainees in serious medical needs, and the use of force, including the wrap and other restraints used against Decedent in a prolonged fashion after experiencing severe medical distress. [*Id*. ¶ 121.] Plaintiffs' Amended Complaint also alleges that CITY failed to train its personnel with regards to handling situations with the mentally ill individuals, and the wrap and other restraints used in a prolonged fashion against Decedent. [*Id*. ¶ 123.]

These facts contained in the First Amended Complaint are sufficiently pled to establish a violation of a *Monell* claim. Plaintiffs bring a claim under § 1983 against the City, alleging that the City maintained unconstitutional policies, customs or practices that caused the deprivation of Decedent's constitutional rights. To impose *Monell* entity liability under § 1983 for a violation of constitutional rights, a plaintiff must show that (1) the plaintiff possessed a constitutional right and was deprived of that right, (2) the municipality had a policy, (3) the policy amounted to deliberate indifference to the plaintiff's constitutional rights, and (4) the policy was the moving force behind the constitutional violation. *Plumeau v. Sch. Dist. # 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). A municipality may be liable under *Monell* if a plaintiff can show that a widespread custom or practice of unconstitutional conduct exists and that the municipality had actual or constructive knowledge of it. See *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1444 (9th Cir. 1989); see also *Depew v. City of St. Marys, Ga*., 787 F.2d 1496, 1499 (11th Cir. 1986).

There are several ways a plaintiff may demonstrate such a custom. For instance, courts have found *Monell* liability where municipal officials knowingly

PLAINTIFFS' PARTIAL OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

failed to discipline officers after repeated misconduct. See *Spell v. McDaniel*, 824 F.2d 1380, 1392 (4th Cir. 1987) (evidence that officials tacitly approved repeated police brutality established a city "custom"). The conduct of a high-ranking official, even without formal policy adoption, may also be attributed to the municipality. See *Abasiekong v. Shelby*, 744 F.2d 1055, 1058 (4th Cir. 1984) (holding that discriminatory conduct by high-ranking city officials, including disparate discipline and use of racial slurs, supported a finding of an unconstitutional municipal custom under § 1983, even though the conduct had not been formally approved by the city's decisionmakers). A custom may also be inferred from a pattern of unconstitutional decisions by municipal employees that reflect "an impermissible way of operating." *Calhoun v. Ramsey*, 408 F.3d 375, 381 (7th Cir. 2005) (holding that plaintiff's evidence of systemic delays in medical care, though not tied to a formal policy, could establish a de facto custom attributable to the county).

A municipality may also be held liable under *Monell* where the failure to train or supervise employees amounts to "deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). Deliberate indifference is a stringent standard. It requires proof that the municipality was on actual or constructive notice that its training or supervision was so deficient that it was likely to result in constitutional violations, and that it chose to disregard the risk. *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Ordinarily, this notice requirement is satisfied through a pattern of similar constitutional violations by untrained employees. *Id*. at 62.

Plaintiffs allege that the City failed to provide officers with adequate training in responding to individuals experiencing mental health crises and in avoiding excessive use of force. Plaintiffs allege that the City had a policy or custom of failing to provide adequate training and supervision to officers with respect to constitutional limits on the use of excessive force and denying medical care to individuals,

15

PLAINTIFFS' PARTIAL OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

including mentally ill individuals, and that City's officers were not trained to handle the usual and recurring situations with which they must deal. At this stage, these allegations are sufficient to state a plausible claim that the City had notice of its officers' recurring misuse of force in mental health contexts and was deliberately indifferent in failing to train its personnel to avoid foreseeable constitutional harm.

Further, to show ratification, a plaintiff must prove that the "authorized policymakers approve a subordinate's decision and the basis for it." *Praprotnik*, 485 U.S. 112, 127 (1988). The policymaker must have knowledge of the constitutional violation and actually approve of it. Plaintiffs allege that the acting final policymaker, ratified the involved officers' conduct by approving an internal investigation that deemed their conduct within City policy and by failing to impose discipline. Plaintiffs further assert that the final policy maker's actions reflect a broader pattern of condoning unconstitutional practices within the City police department. While courts have held that a mere failure to overrule or discipline subordinates is insufficient to establish ratification, Plaintiffs here allege more than passive inaction.

Specifically, they allege that the final policy maker was granted access to the internal investigation following the incident and affirmatively signed off on its conclusion that the officers' actions and inactions complied with City policy. At the pleading stage, these allegations plausibly support the inference that the final policy maker made a conscious, affirmative decision to approve both the officers' misconduct and its legal basis. In the alternative, in the event finds that the Plaintiffs' Monell claim is not sufficiently pled, Plaintiffs seek leave to amend the complaint to cure any deficiencies found by the Court.

## V.    LEAVE TO AMEND SHOULD BE LIBERALLY GRANTED

As a general rule, leave to amend a complaint that has been dismissed should be freely granted unless it is clear the complaint could not be saved by any

16

PLAINTIFFS' PARTIAL OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES

amendment. Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *see also Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir.2001) ("A district court shall grant leave to amend freely when justice so requires," and "this policy is to be applied with extreme liberality.") (internal quotation marks and citations omitted).

If the Court is inclined to grant Defendants' motion beyond what Plaintiffs agree to, the Court should grant Plaintiffs' leave to amend and allege additional facts to cure any such deficiencies. There is no showing that any of Plaintiffs' claims cannot be saved by any amendment.

## VI.    CONCLUSION

For the foregoing reasons, Defendants' Motion should be denied in part. In the alternative Plaintiffs should be allowed to amend the complaint to cure any deficiencies in the pleadings found by the Court.

Dated: March 26, 2026                     **LAW OFFICES OF DALE K. GALIPO**

                                    By:    */s/ Eric Valenzuela*
                                           **DALE K. GALIPO**
                                           **ERIC VALENZUELA**
                                           Attorneys for PLAINTIFF
                                           GW, individually and as Successor-of-
                                           Interest on behalf of the ESTATE OF
                                           FREDDIE D. WASHINGTON, deceased

Dated: March 26, 2026                     **THE KIZZIE FIRM, APC**
                                    By:    */s/ Antonio K. Kizzie*
                                           **ANTONIO K. KIZZIE**
                                           Attorneys for PLAINTIFF
                                           BEATRICE HIGHTOWER, individually
                                           and as Successor-of-Interest on behalf of the
                                           ESTATE OF FREDDIE D.
                                           WASHINGTON, deceased

17

PLAINTIFFS' PARTIAL OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DAMAGES