FUJII LAW GROUP LLP
JOHN M. FUJII, SBN 172718
MAHADHI CORZANO, SBN 254905
2 Park Plaza, Suite 450
Irvine, California 92614
Phone:        (949) 392-5501
Fax:   (949) 392-5501
Email: JFujii@FujiiLawGroup.com
Email: MCorzano@FujiiLawGroup.com

Attorney for Defendant
CITY OF SANTA ANA

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATRICE HIGHTOWER; and G.W, a minor, by and through her guardian ad litem Glecina Mae Reyes, in each case individually and as Successors-in-Interest on behalf of the ESTATE OF FREDDIE D. WASHINGTON, deceased,<br><br>      Plaintiffs,<br><br>    v.<br><br>CITY OF SANTA ANA, a municipal entity, and DOES #1-20, inclusive,<br><br>      Defendants. | CASE NO.: 8:25-cv-02129-JWH-ADS<br><br>Judge: John W. Holcomb<br>Magistrate Judge: Autumn D. Spaeth<br><br>**DEFENDANT CITY OF SANTA ANA'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Hearing<br>Date:        April 17, 2026<br>Time:        9:00 a.m.<br>Courtroom:   9D<br>Judge:       Hon. John W. Holcomb |

# TABLE OF CONTENTS

I.     INTRODUCTION .................................................................................. p. 5

II.    ARGUMENT ....................................................................................... p. 6

   A. In Their Opposition, Plaintiffs Concede That The City Should Be Dismissed As A Defendant From Claims 1–7 Of The FAC ..................... p. 6

   B. In Their Opposition, Plaintiffs Concede That, In Their Personal Capacities, They Lack Standing To Bring Survival Claims ................... p. 6

   C. Plaintiffs Have Not Shown That Plaintiff G.W. Has Standing To Bring State Law Claims ................................................................. p. 8

   D. Plaintiffs Have Not Shown That Plaintiff Hightower Has Standing To Pursue Survival Claims On Behalf Of The Estate ............................ p. 9

   E. Plaintiffs Have Not Shown That They Are Entitled To Bring A Negligence Claim In Their Individual Capacities ................................ p. 11

   F. Plaintiffs' Opposition Does Not Explain How Their *Monell* Claims Based On Threadbare Allegations Are Sufficient To State A Claim .................................................................................... p. 12

      1. Plaintiffs Have Not Adequately Pled A Ratification Claim ........ p. 12

      2. Plaintiffs Have Not Adequately Pled A Failure To Train Claim .................................................................................. p. 14

III.   CONCLUSION .................................................................................. p. 16

Fujii Law Group LLP

# TABLE OF AUTHORITIES

**STATUTES**

42 U.S.C. § 1983 ............................................................................................pp. 5, 13-14

CCP § 377.11 ........................................................................................................ p. 11

CCP § 377.30 ........................................................................................................ p. 10

CCP § 377.60 ........................................................................................................ p. 10

CCP § 377.60(b)(1) ............................................................................................... p. 10

California Probate Code § 6401 ............................................................................. p. 10

California Probate Code § 6402 ............................................................................. p. 10

California Probate Code § 6402(a) ........................................................................ p. 11

California Probate Code § 6402(b) .................................................................pp. 10-11

**CASES**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..........................................................pp. 12-14

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ..........................................pp. 12-14

*Benavidez v. County of San Diego*, 993 F.3d 1134 (9th Cir. 2021) ..................... p. 15

*Board of County Comm'rs of Bryan County, Okl. v. Brown*,
     520 U.S. 397 (1997) ...................................................................................pp. 15-16

*Castaneda v. Department of Corr. & Rehab.*, 212 Cal.App.4th 1051 (2013).........pp. 8-9

*Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) .......................... p. 14

*Christie v. Lopa*, 176 F.3d 1231 (9th Cir. 1999) ................................................... p. 13

*City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989).......................................... p. 15

*Connick v. Thompson*, 563 U.S. 51 (2011) .......................................................... p. 16

*Dasovich v. Contra Costa County Sheriff Department*, No. 14-CV-00258-MEJ,
     2014 WL 4652118 (N.D. Cal. Sept. 17, 2014) ................................................ p. 14

*Desoucy v. County of San Bernardino*, No. 23:CV-1287-JGB-MAA, 2024 WL
     3064089 (C.D. Cal. May 9, 2024) ................................................................... p. 15

*Galindo v. City of San Francisco*, 718 F.Supp.3d 1121 (N.D. Cal. 2024)................. p. 10

*Gillette v. Delmore*, 979 F.2d 1342 (9th Cir. 1992) ............................................. p. 14

Fujii **Law Group** LLP

*Hayes v. County of San Diego*, 736 F.3d 1223 (9th Cir. 2013)..................................... p. 10

*Horton by Horton v. City of Santa Maria*, 915 F.3d 592 (9th Cir. 2019) .................. p. 16

*Kroeger v. Vertex Aerospace LLC*, No. 20-CV-3030-JFW-AGR, 2020 WL
3546086 (C.D. Cal. June 30, 2020) ...................................................... pp. 7, 9, 12, 15

*Lytle v. Carl*, 382 F.3d 978 (9th Cir. 2004) ........................................................ pp. 12, 14

*Mahaffey v. Ramos*, 588 F.3d 1142 (7th Cir. 2009) ...................................................... p. 8

*Monell v. New York Department of Social Services*,
436 U.S. 658 (1978).............................................................pp. 5, 12-13, 15-16

*Nelson v. County of Los Angeles*, 113 Cal. App. 4th 783 (2003) ................................. p. 9

*O'Neal v. Sideshow, Inc.*, 583 F.Supp.3d 1282 (C.D. Cal. 2022) ............................... p. 8

*Ottaviano v. City of Los Angeles*, No. 22-CV-2384-DMG-AGR, 2023 WL
5667569 (C.D. Cal. July 20, 2023) ...................................................... pp. 7, 9, 12, 15

*Perryman v. City of Pittsburg*, 545 F.Supp.3d 796 (N.D. Cal. 2021) ........................ p. 14

*Reichert v. Gen. Ins. Co. of Am.*, 68 Cal.2d 822 (1968) ............................................. p. 7

*Rivera v. Cater*, No. 18-CV-0056-WBS-EFB, 2018 WL 3388459 (E.D. Cal. July
11, 2018) ......................................................................................................... p. 13

*Sheehan v. City & County of San Francisco*, 743 F.3d 1211 (9th Cir. 2014), rev'd
on other grounds, 575 U.S. 600 (2015).................................................................. p. 13

*Silva v. U.S. Bancorp*, No. 5:10-CV-01854-JHN, 2011 WL 7096576 (C.D. Cal.
Oct. 6, 2011)..................................................................................... pp. 7, 9, 12, 15

*Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) ...................................................... pp. 12-13

*State of California v. Superior Court*, 32 Cal.4th 1234 (2004)................................... p. 9

*Stockton v. Brown*, 152 F.4th 1124 (9th Cir. 2025)................................................... p. 8

*Tatum v. City & County of San Francisco*, 441 F.3d 1090 (9th Cir. 2006) ............... p. 11

*Trevino v. Gates*, 99 F.3d 911 (9th Cir. 1996).......................................................... p. 16

*U.S. v. Aguilar*, 782 F.3d 1101 (9th Cir. 2015) ........................................................ p. 8

*Weishaar v. County of Napa*, No. 14-CV-1352-LB, 2016 WL 7242122 (N.D. Cal.
Dec. 15, 2016).................................................................................................. p. 14

Fujii Law Group LLP

TABLE OF AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiffs' opposition contains concessions to the arguments made by Defendant City of Santa Ana (the "City") in the motion, a misunderstanding of the law on the Government Claims Act and survivor claims, and failed arguments on the standard for municipal liability under 42 U.S.C. § 1983.

Plaintiff G.W. has not shown why her state law claims are not barred by her failure to comply with the Government Claims Act.  Plaintiff G.W. concedes that she did not submit a tort claim, and yet, contends that she is nevertheless entitled to pursue state law claims without any legal authority supporting her contention.  Case law dictates that Plaintiff G.W. cannot rely on another person's tort claim to bring her own personal claims.

Plaintiff Beatrice Hightower has not shown that she has standing to bring survival claims on behalf of the Estate of Freddie D. Washington (the "Estate").  Under the laws of intestate succession, Plaintiff G.W., Decedent's daughter, is the only person that has standing to bring survival claims on behalf of the Estate.

Finally, Plaintiffs have not shown how their *Monell* claims in their First Amended Complaint (the "FAC") can survive this motion.  Plaintiffs do not identify facts that establish the final policymaker's knowledge of the constitutional violation or the steps that he or she took in approving the individual officers' alleged unlawful conduct to state a ratification claim.  Also, Plaintiffs do not identify facts that show there was a specific training policy that was so deficient or that the need for more or different training was so obvious that the inadequacy of the training constituted the necessary deliberate indifference to result in a constitutional violation to state a failure to train claim. Furthermore, Plaintiffs have not shown deliberate indifference on the part of the City through an unconstitutional custom or practice that was so widespread and well-settled that it represented an official policy of the City.

Accordingly, the Court should grant the City's motion to dismiss in its entirety.

///

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FAC

## II.     ARGUMENT

### A.     In Their Opposition, Plaintiffs Concede That The City Should Be Dismissed As A Defendant From Claims 1–7 Of The FAC

In their opposition, Plaintiffs concede that they "do not oppose dismissal of Plaintiffs' 1st through 7th constitutional claims for denial of medical care under the Fourth Amendment, denial of medical care under the Fourteenth Amendment, excessive force, failure to intervene, loss of familial relations, fabrication of evidence, and equal protection violation *against Defendant City only*." (Dkt. No. 18 [Opp.], at 6:23–27 (italics in original); see also Dkt. No. 18 [Opp.], at 10:3–8 (Plaintiffs concede that Claims 1–7 should be dismissed against the City.).) Thus, the City should be dismissed with prejudice as a defendant from Claims 1–7 of the FAC.

### B.     In Their Opposition, Plaintiffs Concede That, In Their Personal Capacities, They Lack Standing To Bring Survival Claims

In their opposition, Plaintiffs concede that they "allege claims 1 through 4, 6 through 8, 10, and 12 through 14 *only* as successors-in-interest on behalf of the Estate, *not* in their individual capacity…. Plaintiffs do *not* oppose dismissal of claims 1 through 4, 6 through 8, 10, and 12 through 14 *as to Plaintiffs' individual capacity only*." (Dkt. No. 18 [Opp.], at 7:1–7 (italics in original); see also Dkt. No. 18 [Opp.], at 10:12–16 (Plaintiffs concede that claims for denial of medical care--Fourth Amendment (Claim 1), denial of medical care--Fourteenth Amendment (Claim 2), excessive force (Claim 3), failure to intervene (Claim 4), fabrication of evidence (Claim 6), equal protection violation (Claim 7), municipality liability (Claim 8), Bane Act violation (Claim 12), Ralph Act violation (Claim 13), and intentional infliction of emotional distress (Claim 14) asserted in their individual capacities should be dismissed.)[1] Therefore, the Court

---

[1] It is confusing why Plaintiffs concede that they cannot bring an assault claim (Claim 10) in one part of their opposition, but do not concede it another part of their opposition. Compare Dkt. No. 18 [Opp.], at 7:1–7 with Dkt. No. 18 [Opp.], at 10:12–16. In any event,

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FAC

should dismiss Plaintiffs, in their individual capacities, from these claims.

Plaintiffs' opposition fails to address whether they have a right to bring claims for battery (Claim 9) and assault (Claim 10) in their individual capacities. Plaintiffs' failure to oppose the City's arguments constitutes a waiver and abandonment of their claims. See *Ottaviano v. City of Los Angeles*, No. 22-CV-2384-DMG-AGR, 2023 WL 5667569, at *3 (C.D. Cal. July 20, 2023) (deeming plaintiff's failure to address claims challenged in a motion to dismiss in opposition brief as a concession and abandonment of those claims); *Silva v. U.S. Bancorp*, No. 5:10-CV-01854-JHN, 2011 WL 7096576, at *4 (C.D. Cal. Oct. 6, 2011) ("It is well understood in this Circuit that[,] when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."); *Kroeger v. Vertex Aerospace LLC*, No. 20-CV-3030-JFW-AGR, 2020 WL 3546086, at *8 (C.D. Cal. June 30, 2020) (holding that plaintiff conceded argument by failing to address it in his opposition brief) (collecting cases). This alone warrants dismissal of Plaintiffs' claims on their own behalf for assault and battery.

Notwithstanding the above, Plaintiffs do not have standing to bring an assault or battery claim in their individual capacities because those claims are personal causes of action that are not transferable. See *Reichert v. Gen. Ins. Co. of Am.*, 68 Cal.2d 822, 834 (1968) ("As a general proposition it can be said that the only causes or rights of action which are not transferable or assignable in any sense are those which are founded upon wrongs of a purely personal nature, such as slander, assault and battery, negligent personal injuries, criminal conversation, seduction, breach of marriage promise, malicious prosecution, and others of like nature.") (citation and quotations omitted).

The FAC alleges that Decedent was assaulted and battered. (FAC, ¶¶ 130, 136.) The FAC is devoid of any allegations that officers assaulted or battered Plaintiffs. In

---

as discussed below, the assault claim can only be brought by Decedent, and not by Plaintiffs in their personal capacities.

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FAC

addition, Plaintiffs concede that "Plaintiffs Hightower and G.W. do not allege that Defendants battered them, individually, as they were not present during the incident." (Dkt. No. 18 [Opp.], at 10:22–24.) Given that the assault and battery claims are predicated on alleged acts against Decedent, Plaintiffs lack standing to bring the assault and battery claims in their individual capacities. Thus, the Court should also dismiss Plaintiffs, in their personal capacities, from Claim 9 (battery) and Claim 10 (assault).

**C.    Plaintiffs Have Not Shown That Plaintiff G.W. Has Standing To Bring State Law Claims**

Despite conceding that Plaintiff G.W. did not submit a tort claim on her own behalf or on behalf of the Estate as its rightful successor-in-interest, Plaintiffs argue that Plaintiff G.W. nevertheless retains standing to pursue state law claims because Plaintiff Hightower filed a timely claim. (Dkt. No. 18 [Opp.], 11:1–20.) Plaintiffs, however, provide no legal authority to support their proposition that one claimant can rely on another claimant's tort claim. Plaintiffs' undeveloped argument and lack of legal authority constitute a waiver of this claim. See *U.S. v. Aguilar*, 782 F.3d 1101, 1108 (9th Cir. 2015) (courts need not consider an undeveloped argument that is not supported by citations to authority); *Stockton v. Brown*, 152 F.4th 1124, 1143 (9th Cir. 2025) ("We will not manufacture arguments for [a party], and a bare assertion does not preserve a claim…."); *Mahaffey v. Ramos*, 588 F.3d 1142, 1146 (7th Cir. 2009) ("Perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived."). Also, Plaintiffs cannot ask the Court to conduct legal research on their behalf in order to contradict the City's contentions. See *O'Neal v. Sideshow, Inc.*, 583 F.Supp.3d 1282, 1287, n. 2 (C.D. Cal. 2022) ("It is not Court's role to research independently and develop answers to legal questions that the parties have not adequately addressed."). Thus, Plaintiffs' failure to contest this critical issue constitutes waiver of Plaintiff G.W.'s state law claims.

Plaintiffs' contention that Plaintiff G.W. can rely on Plaintiff Hightower's tort claim has been outright rejected by California courts. In *Castaneda v. Department of Corr. & Rehab.*, 212 Cal.App.4th 1051, 1062 (2013), the court found:

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FAC

Generally, each claimant must file his or her own tort claim.  When people suffer separate and distinct injuries from the same act or omission, they must each submit a claim.  One claimant cannot rely on a claim presented by another.  **This rule applies where different claimants are alleging survivor theories and wrongful death theories of liability arising from the same transaction**.

(Bolding added; citation omitted).  Similarly, in *Nelson v. County of Los Angeles*, 113 Cal. App. 4th 783, 796 (2003), the court held that "[w]here two or more persons suffer separate and distinct injuries from the same act or omission, each person must submit a claim, and one cannot rely on a claim presented by another."

The California Supreme Court has held that timely claim presentation is not merely a procedural requirement, but rather a condition precedent to a plaintiff maintaining a lawsuit against a public entity, and thus, an element of plaintiff's cause of action.  *State of California v. Superior Court*, 32 Cal.4th 1234, 1239 (2004) ("[F]ailure to timely present a claim for money or damages to a public entity bars a plaintiff from filing a lawsuit [based on state law claims] against that entity.").  The holding in *Castaneda* and *Nelson* demonstrate that Plaintiff G.W. cannot rely on Plaintiff Hightower's tort claim to assert her own personal claims against the City.  Plaintiff G.W. was required to bring her own tort claim to assert state law claims against the City.  Accordingly, the Court should dismiss with prejudice Plaintiff G.W.'s state law claims for battery, assault, negligence, Bane Act violation, Ralph Act violation, and intentional infliction of emotional distress.

## D.     Plaintiffs Have Not Shown That Plaintiff Hightower Has Standing To Pursue Survival Claims On Behalf Of The Estate

In the Motion, the City made the argument that Plaintiff Hightower, who is Decedent's mother, lacks standing to pursue any successor-in-intertest claim.  In the opposition, Plaintiff Hightower ignores this argument.  Plaintiff Hightower's failure to oppose the City's argument constitutes a waiver and abandonment of her successor-in-interest claims.  See *Ottaviano*, 2023 WL 5667569, at *3; *Silva*, 2011 WL 7096576, at *4; *Kroeger*, 2020 WL 3546086, at *8.

Instead of citing to any legal authority that she has standing as Decedent's

successor in interest to pursue survivor damages, Plaintiff Hightower strangely cites to legal authority supporting an argument that she has standing to pursue wrongful death damages. (See Dkt. No. 18 [Opp.], at 12:1–13:11.) Plaintiff Hightower cites to California Code of Civil Procedure ("CCP") § 377.60(b)(1). But CCP § 377.60(b)(1) governs standing to pursue wrongful death damages, **not** survivor damages, which, as stated in the City's motion, is governed by CCP § 377.30 and California Probate Code §§ 6401, 6402. (See Dkt. No. 15 [Motion], at 14:1–15:4.) If there are surviving children or a spouse, then the causes of action of the decedent do **not** pass to the surviving parent, like Beatrice Hightower. See *Galindo v. City of San Francisco*, 718 F.Supp.3d 1121, 1131 (N.D. Cal. 2024) ("California's interstate succession statute indicates if there is not a surviving spouse or children of the decedent, then a decedent's estate passes 'to the decedent's parent or parents equally.' Cal. Prob. Code § 6402(b).").

Since Plaintiffs have alleged in paragraph 11 of their FAC that Decedent was survived by his biological daughter (Plaintiff G.W.), Plaintiff Hightower (Decedent's mother) must be dismissed with prejudice as a Plaintiff in any of the successor-in-interest claims.

Plaintiffs contend that CCP § 377.60(b)(1) gives Plaintiff Hightower standing to pursue survival claims on behalf of the Estate because she was financially dependent on Decedent. Plaintiffs' argument that § 377.60 gives her standing to assert survival claims is misplaced. Over a decade ago, the Ninth Circuit found that § 377.60 does not provide standing to assert survival claims because "section 377.60 relates to wrongful death actions that are based on personal injuries resulting from the death of another, not survival actions that are based on injuries incurred by the decedent." *Hayes v. County of San Diego*, 736 F.3d 1223, 1229 (9th Cir. 2013). "California's statutory requirements for standing to bring a survival action are stated under [CCP] § 377.30[.]" *Ibid*. Thus, § 377.60 does not allow Plaintiff Hightower the right to assert any survival claims.

Plaintiffs concede that there is no personal representative for the Estate. (Dkt. No. 18 [Opp.], 11:20–22.) "Where there is no personal representative for the estate, the

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FAC

decedent's 'successor in interest' may prosecute the survival action if the person purporting to act as successor in interest satisfies the requirements of California law[.]" *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1094, n. 2 (9th Cir. 2006). Section 377.11 defines "successor in interest" as the beneficiary of the decedent's estate.[2] When the decedent leaves no surviving spouse, Probate Code § 6402(a) recognizes the beneficiary of the decedent's estate to be the children of the decedent.

Here, there are no allegations that Decedent has a surviving spouse. The FAC alleges that Plaintiff G.W. is Decedent's biological daughter. (FAC, ¶ 11.) As such, Plaintiff G.W. is the sole beneficiary of Decedent's estate. Only if Decedent had no surviving spouse or children would Plaintiff Hightower be considered the beneficiary of Decedent's estate under Probate Code § 6402(b). Therefore, since Plaintiff Hightower is not a beneficiary to Decedent's estate, she lacks standing to assert survival claims on behalf of the Estate. Accordingly, the Court should dismiss Plaintiff Hightower with prejudice as a successor in interest to the survival claims.

**E.    Plaintiffs Have Not Shown That They Are Entitled To Bring A Negligence Claim In Their Individual Capacities**

In its moving papers, the City argued that Plaintiffs were unable to bring a negligence claim in their individual capacities because the City did not owe them a duty of care regarding Plaintiffs' allegations that officers (1) failed to properly and adequately assess the need to detain, arrest, and use force against Decedent, (2) used negligent tactics and handling of the situation with Decedent, (3) negligently detained, arrested, and used force against Decedent, (4) failed to provide prompt medical care to Decedent, (5) failed to properly train and supervise employees, (6) failed to ensure adequate numbers of employees, (7) negligently handled evidence and witnesses, (8) negligently communicated information during the incident, (9) negligently hired, supervised, and

---

[2] CCP § 377.11 states "'decedent's successor in interest' means the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action."

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FAC

trained employees, (10) failed to punish, retrain, or terminate employees, and (11) failed to properly train officers. (Dkt. 15 [Motion], 15:25–16:18.)  Duty is an requisite element of any negligence claim.  Plaintiffs ignored this argument in their opposition.  Plaintiffs' failure to address one of the essential elements of negligence constitutes a waiver and abandonment of their negligence claim.  See *Ottaviano*, 2023 WL 5667569, at *3; *Silva*, 2011 WL 7096576, at *4; *Kroeger*, 2020 WL 3546086, at *8.  Accordingly, the Court should dismiss with prejudice Plaintiffs' negligence claim brought in their individual capacities.

**F.    Plaintiffs' Opposition Does Not Explain How Their *Monell* Claims Based On Threadbare Allegations Are Sufficient To State A Claim**

**1.    Plaintiffs Have Not Adequately Pled A Ratification Claim**

In their opposition, Plaintiffs fail to identify facts in the FAC that establish the final policymaker's knowledge about the constitutional violation or the steps he or she took that constituted approval of City employees' alleged unlawful conduct.  See *Lytle v. Carl*, 382 F.3d 978, 987 (9th Cir. 2004) (To show ratification, "[t]he policymaker must have knowledge of the constitutional violation and actually approve of it.").  Instead, Plaintiffs reference ¶¶ 113–17 of the FAC and argue that the following allegations are sufficient to put the City on notice of what the final policymaker knew and his or her approval of the officers' acts: (1) the "misconduct was found to be within [the City's'] policy", (2) the "misconduct was ratified by [the City's] supervisorial officers", (3) "the CITY knowingly ratified [the individual officers'] unlawful actions because they were not disciplined or re-trained", (4) "the final policymaker knew of and specifically approved of the individual defendants' acts", and the "final policymaker has determined (or will determine) that the acts of the [individual officers] were 'within policy' and will subject [them] to no discipline." (FAC,  ¶¶ 113–17; Dkt. No. 18 [Opp.], 13:21–14:1.)  But such conclusory allegations are not enough to satisfy the heightened pleading standard explained in *Starr*.

In *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011), the Ninth Circuit explained the heightened pleading standard under *Twombly* and *Iqbal* required to state a *Monell*

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FAC

claim:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

In *Starr*, the Ninth Circuit found the complaint had "detailed factual allegations that [went] beyond reciting the elements of a claim of deliberate indifference" based on what Sheriff Baca knew or should have known, and what Sheriff Baca did or failed to do. *Id*. at 1216.  Those allegations included numerous specific facts, examples about other people who had been harmed on precise dates, a prior specific incident involving the plaintiff himself, and specific facts showing how Sheriff Baca was on notice of the constitutional violations and acquiesced to the unlawful conduct of his subordinates.  *Id*. at 1209–12.  The *Monell* claims in *Starr* (where there was lengthy and vigorous dissent by Judge Trott) survived because of the specificity of the allegations and the number of facts pled in the complaint.  *Id*. at 1216–17.

Here, in stark contrast, Plaintiffs' threadbare allegations are far from the requirements that the Ninth Circuit expects *Monell* claims to be pled.  Moreover, Plaintiffs are mistaken that they can establish ratification because the City "ratified, acquiesced, or otherwise turned a blind eye to the involved officers' misconduct[.]" (Dkt. No. 18 [Opp.], 13:21–22.)  Ratification requires more than acquiescence.  *Sheehan v. City & County of San Francisco*, 743 F.3d 1211, 1231 (9th Cir. 2014), rev'd on other grounds, 575 U.S. 600 (2015).  A mere failure to overrule a subordinate's actions, without more, is insufficient to support a § 1983 ratification claim.  *Christie v. Lopa*, 176 F.3d 1231, 1239 (9th Cir. 1999); see also *Rivera v. Cater*, No. 18-CV-0056-WBS-EFB, 2018 WL 3388459, at *3 (E.D. Cal. July 11, 2018) ("Mere failure to overrule a subordinate's action, even after having been fully briefed on the event, does not rise to the level of ratification.").  Ratification "requires both knowledge of the alleged constitutional

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FAC

violation, and proof that the policymaker specifically approved of the subordinate's act." *Lytle*, 382 F.3d at 988, n. 2.  In other words, Plaintiff must plead factual content as to what the policymaker knew of the alleged misconduct and what specific actions the policymaker took that constituted "approval" of the alleged misconduct that would support an inference that the policymaker actually made a conscious decision to ratify his or her officers' misconduct.  *Gillette v. Delmore*, 979 F.2d 1342, 1347–48 (9th Cir. 1992), overruled on other grounds by *Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016); *Perryman v. City of Pittsburg*, 545 F.Supp.3d 796, 803 (N.D. Cal. 2021).

Plaintiffs' threadbare allegation that the City knew of the acts of the involved officers and ratified their conduct by not disciplining or retraining them is insufficient to establish ratification.  See e.g. *Dasovich v. Contra Costa County Sheriff Department*, No. 14-CV-00258-MEJ, 2014 WL 4652118, at *6 (N.D. Cal. Sept. 17, 2014) ("Plaintiff's FAC contains no such allegations of affirmative action by Sheriff Livingston; instead, he alleges only that the Sheriff ratified [the deputy's] conduct 'when he was aware of' it…. Such threadbare facts do not contain sufficient allegations of underlying facts to give fair notice and to enable Defendants to defend themselves effectively.").

Additionally, allegations that the City found the officers' acts to be within policy do not establish a ratification claim.  (Dkt. No. 18 [Opp.], 13:24.)  To do so would create *respondeat superior* liability whenever a public entity finds that the officers' actions were within policy.  See *Weishaar v. County of Napa*, No. 14-CV-1352-LB, 2016 WL 7242122, at *14 (N.D. Cal. Dec. 15, 2016) ("[T]o hold a government entity liable under section 1983 whenever policymakers fail to overrule the unconstitutional discretionary acts of subordinates would simply smuggle *respondeat superior* liability into section 1983[.]") (italics in original).

Thus, Plaintiffs have not met the pleading standard under *Twombly/Iqbal* to state a claim for ratification against the City.

**2.    Plaintiffs Have Not Adequately Pled A Failure To Train Claim**

In its moving papers, the City argued that the FAC did not contain sufficient facts

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FAC

identifying the City's training policies, how the training policies were deficient, or how the inadequate training policies amounted to an official policy in order to state a municipality liability claim for failure to train.  (Dkt. No. 15 [Motion], 21:2–14.) "Without identifying the [City's] training practices, how those practices were deficient, and how the alleged failure to train caused the constitutional violation at issue, Plaintiffs [have] not sufficiently allege[d] the [City's] deliberate indifference." *Desoucy v. County of San Bernardino*, No. 23:CV-1287-JGB-MAA, 2024 WL 3064089, at *9 (C.D. Cal. May 9, 2024).  Plaintiffs failed to address these arguments and simply stated that ¶¶ 121 and 123 of the FAC establish the City's training policies were not adequate to train its officers in a variety of situations.  (Dkt. No. 18 [Opp.], 14:2–11.)  Plaintiffs' failure to identify the deficient training policies and how they amounted to an official policy constitutes a waiver and abandonment of the claim.  See *Ottaviano*, 2023 WL 5667569, at *3; *Silva*, 2011 WL 7096576, at *4; *Kroeger*, 2020 WL 3546086, at *8.

Notwithstanding that the allegations do not identify a specific training policy, how the training was deficient, or how the inadequate training represents a municipal policy, ¶¶ 121 and 123 of the FAC do not show "the need for more or different training [was] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the [City] can reasonably be said to have been deliberately indifferent to the need." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 (1989). Alleging conclusory allegations without specifying how the deficient training would likely cause a constitutional violation does not show that the City was deliberately indifferent to its alleged deficient training policies.  "Mere negligence will not suffice to show *Monell* liability." *Benavidez v. County of San Diego*, 993 F.3d 1134, 1153 (9th Cir. 2021). "[D]eliberate indifference is a stringent standard of fault[.]" *Board of County Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 410 (1997) (internal quotation marks omitted).  It requires "proof that a municipal actor disregarded a known or obvious consequence of [its] action." *Ibid*.  Without adhering to "rigorous requirements of culpability and causation, municipal liability collapses into *respondeat superior* liability."

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FAC

*Horton by Horton v. City of Santa Maria*, 915 F.3d 592, 603 (9th Cir. 2019) (citing *Brown*, 520 U.S. at 415).

Moreover, Plaintiffs have not pled sufficient facts to show a pattern of similar constitutional violations to support a plausible inference of deliberate indifference. Such a claim must be supported by a record of numerous similar incidents. See *Connick v. Thompson*, 563 U.S. 51, 62 (2011) ("A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train."). Widespread systemic failures are required to impute notice on the public entity that their policy amounted to deliberate indifference. It is well-settled that allegations regarding an isolated incident are insufficient to support Plaintiffs' purported *Monell* claim. See *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."). Thus, Plaintiffs have not adequately pled a failure to train claim.

Accordingly, the Court should dismiss Plaintiffs' *Monell* claims.

## III.   CONCLUSION

For the foregoing reasons, the City respectfully requests the Court to grant its Motion to Dismiss Plaintiffs' FAC in its entirety.

Dated:  April 3, 2026                    FUJII LAW GROUP LLP

                                         By:  /s/ Mahadhi Corzano
                                              JOHN M. FUJII
                                              MAHADHI CORZANO
                                              Attorneys for Defendant
                                              City of Santa Ana

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FAC