# EXHIBIT A

**ANTONIO K. KIZZIE, ESQ. (SBN 279719)**
akizzie@kizziefirm.com
**THE KIZZIE FIRM, APC**
1732 Aviation Blvd. #226
Redondo Beach, CA 90278
Telephone: (310) 388-9977
Facsimile: (310) 265-1957

Attorney for PLAINTIFF, BEATRICE HIGHTOWER, individually and as Successor-in-Interest on behalf of the ESTATE OF FREDDIE D. WASHINGTON, deceased


**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, (Bar No. 144074)
dalekgalipo@yahoo.com
Eric Valenzuela, Esq. (Bar No. 284500)
evalenzuela@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

Attorneys for PLAINTIFF, The Estate of Freddie D. Washington and G.W., a minor G.W., a minor, by and through her guardian Glecina Mae Reyes, individually and as Successor-in-Interest on behalf of the ESTATE OF FREDDIE D. WASHINGTON, deceased

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BEATRICE HIGHTOWER; THE ESTATE OF FREDDIE D. WASHINGTON, by and through the appointed personal representative, GLECINA MAE REYES,; G.W., a minor, by and through her guardian ad litem, Glecina Mae Reyes and G.W., a minor, by and through her guardian ad litem Glecina Mae Reyes, in each case individually and as Successors-in-Interest on behalf of the ESTATE OF FREDDIE D. WASHINGTON, deceased, <br><br> *Plaintiffs,* <br><br> vs. <br><br> CITY OF SANTA ANA, a | CASE NO.: 8:25-cv-02129-JWH-ADS <br><br> **SECOND** ~~FIRST~~ **AMENDED COMPLAINT FOR DAMAGES** <br><br> 1. **DENIAL OF MEDICAL CARE-FOURTH AMENDMENT (42 U.S.C. §1983)** <br> 2. **DENIAL OF MEDICAL CARE-FOURTEENTH AMENDMENT (42 U.S.C. §1983)** <br> 3. **UNREASONABLE SEARCH AND SEIZURE- EXCESSIVE FORCE (42 U.S.C. § 1983)** <br> 4. **UNREASONABLE SEARCH AND SEIZURE- FAILURE TO** |

1

PLAINTIFFS' SECOND ~~FIRST~~ AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

municipal entity, and DOES #1-20, Inclusive,

*Defendants*

,

INTERVENE TO PREVENT EXCESSIVE FORCE (42 U.S.C. § 1983)
5. **SUBSTANTIVE DUE PROCESS —PARENT/CHILD RELATIONSHIP (42 U.S.C. § 1983)**
6. **DUE PROCESS- FABRICATION OF EVIDENCE (42 U.S.C. § 1983)**
7. **VIOLATION OF RIGHT TO EQUAL PROTECTION- 14TH AMENDMENT (42 U.S.C. § 1983)**
8. **MONELL LIABILITY— INADEQUATE TRAINING/RATIFICATION/ UNCONSTITUTIONAL CUSTOM, POLICY, AND PRACTICE (42 U.S.C. § 1983)**
9. **BATTERY (Wrongful Death/Survival)**
10. **ASSAULT**
11. **NEGLIGENCE (Wrongful Death/Survival)**
12. **VIOLATION OF THE BANE ACT**
13. **VIOLATION OF THE RALPH ACT**
14. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**DEMAND FOR JURY TRIAL**

2
PLAINTIFFS' SECOND ~~FIRST~~ AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

**COMPLAINT FOR DAMAGES**

**COMES NOW** Plaintiffs BEATRICE HIGHTOWER ("Plaintiff Hightower"), the ESTATE OF FREDDIE D. WASHINGTON, by and through the appointed personal representative, GLECINA MAE REYES and G.W., a minor, by and through her guardian ad litem, Glecina Mae Reyes G.W., a minor, by and through her guardian Glecina Mae Reyes ("Plaintiff G.W."), in each case individually and as a successors-in-interest on behalf of the ESTATE OF FREDDIE D. WASHINGTON, deceased, ("PLAINTIFFS," collectively) who allege as follows:

**INTRODUCTION**

1. This civil rights action seeks general, special, compensatory and punitive (only against the individual defendants) damages from DEFENDANTS CITY OF SANTA ANA ("CITY"), and DOE OFFICERS 1-20 ("DOE OFFICERS"), Inclusive, ("DEFENDANTS," collectively) for violating various rights under the United States Constitution and California state law in connection with the unreasonable use of force and unlawful denial of medical care, among other claims, against FREDDIE D. WASHINGTON ("MR. WASHINGTON" or " MR. WASHINGTON"), and unwarranted state interference in PLAINTIFFS' familial relationship with MR. WASHINGTON that resulted in his death in Defendants' custody at the City of Santa Ana Police Department Jail between January 15 and 16, 2025.

2. DEFENDANTS proximately caused PLAINTIFFS' injuries by using excessive force against MR. WASHINGTON, unlawfully and unreasonably denying him medical care despite knowledge of his serious medical distress while in their custody thereafter on January 15th & 16th, 2025, by integrally participating or failing to intervene in the herein alleged misconduct and violations of MR. WASHINGTON's rights, and by engaging in other acts and/ or omissions around

3

PLAINTIFFS' SECOND FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

the time of the incident that resulted in MR. WASHINGTON's serious mental, physical, and emotional damages, disability, pain and suffering, death, and PLAINTIFFS' damages in an amount to be determined at trial. DEFENDANTS are directly liable for PLAINTIFFS' injuries under federal law pursuant to 42 U.S.C. § 1983 as alleged herein.

3.   Defendant CITY also proximately caused PLAINTIFFS' injuries and is liable under state and federal law and under principles set forth in *Monell v. Department of Social Services* (1978) 436 U.S. 658. The training of CITY and DOES #1-20 regarding responding to calls for service involving alleged defrauding an innkeeper, use of force involving the wrap, prolonged restraint, recognition of the signs of serious medical distress being suffered by MR. WASHINGTON while in their custody, the need to summon medical care and use of a spit mask despite obvious signs of MR. WASHINGTON's serious medical distress were inadequate to prevent the violations of law by its employees as alleged herein.

4.   Defendant CITY was deliberately indifferent to the substantial risk that its policies and training were inadequate to prevent violations of law by its employees and the known or obvious consequences of its failure to train Defendant DOE OFFICERS adequately.

5.   The failure of the defendant CITY to provide adequate training and resources caused the death of MR. WASHINGTON and deprivation of the MR. WASHINGTON'S and PLAINTIFFS' rights by the DOE OFFICERS; that is, the defendant CITY's failure to prevent violations of law by its employees through training played a substantial part in bringing about or actually causing the injury or damage to the PLAINTIFFS.

6.   PLAINTIFFS are informed, believes, and thereon alleges that a final policy maker within Defendant CITY ratified, that is, knew of and specifically made

4

PLAINTIFFS' SECOND ~~FIRST~~ AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

a deliberate choice to approve of the Defendant DOE OFFICERS herein alleged unlawful conduct and the basis for it.

### JURISDICTION AND VENUE

7. Venue is proper in this Court because the Defendants ~~parties~~ reside in and all incidents, events, and occurrences giving rise to this action occurred in the~~this district, specifically City of Santa Ana~~, County of Orange, California.

8. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a) (3)-(4) because this civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, and 1988, and the First, Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

### PARTIES

9. At all relevant times herein, PLAINTIFF BEATRICE HIGHTOWER was the biological mother of MR. WASHINGTON, and an individual residing in the city of Columbia, South Carolina. PLAINTIFF BEATRICE HIGHTOWER sues both in her individual capacity as the natural mother of MR. WASHINGTON and in a representative capacity as a successor-in-interest to MR. WASHINGTON pursuant to California Code of Civil Procedure § 377.60(b). PLAINTIFF seeks both survival and wrongful death damages under federal and state law. PLAINTIFF HIGHTOWER was dependent on MR. WASHINGTON FREDDIE D. WASHINGTON, her son, to some extent for the necessities of life.

10. At all relevant times herein, MR. WASHINGTON was the biological son of PLAINTIFF BEATRICE HIGHTOWER, biological father of PLAINTIFF G.W., and was an individual residing in the City of Santa Ana, California.

PLAINTIFFS' SECOND ~~FIRST~~ AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

11.    At all relevant times herein, PLAINTIFF the ESTATE OF FREDDIE D. WASHINGTON, by and through the appointed personal representative, GLECINA MAE REYES. GLECINA MAE REYES is was an individual residing in the County of VenturaCity of Santa Paula, California. with her mother and guardian ad litem, GLECINA MAE REYES.

12.    At all relevant times herein, PLAINTIFF G.W., a minor, was the biological daughter of MR. WASHINGTON and is an individual residing in the County of Ventura, California with her mother and guardian ad litem, GLECINA MAE REYES. G.W. also qualifies as MR. WASHINGTON's successor-in-interest as defined in Section 377.60(a) and (b) of the California Code of Civil Procedure as the natural daughter of MR. WASHINGTON.

13.    At all relevant times herein, Defendant CITY OF SANTA ANA (hereinafter "CITY") was an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY had possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the CITY OF SANTA ANA POLICE DEPARTMENT, and its tactics, methods, practices, customs and usage.

14.    At all times mentioned herein and material hereto, Defendant DOE OFFICERS 1-20, individuals, ("DOE OFFICERS") were engaged in law enforcement as a police officer, deputy sergeant, captain, and lieutenant, and/or civilian employee, agent and representative of Defendant CITY, duly employed as police officer by the CITY OF SANTA ANA POLICE DEPARTMENT, who were acting in the course and scope of their employment all times relevant to the acts and omissions herein alleged.

15.    At all relevant times, DEFENDANT CITY OF SANTA ANA was the employer of DEFENDANT DOE OFFICERS 1-20, who were CITY OF SANTA

6

PLAINTIFFS' SECOND FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

ANA deputies, police officers, managerial, supervisorial, and policymaking employees of CITY OF SANTA ANA POLICE DEPARTMENT.

16.    PLAINTIFFS are unaware of the true names and capacities of those DEFENDANTS named herein as DOE OFFICERS. PLAINTIFF will seek leave to amend this First Amended Complaint to allege said DOE OFFICERS' true names and capacities when that information becomes known to them. Plaintiffs are informed, believes, and thereon alleges that these DOE OFFICERS are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said DEFENDANTS proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. PLAINTIFFS will seek leave to amend this Complaint to set forth said true names and identities of the unknown named DOE OFFICERS when they are ascertained.

17.    Each of the individual DEFENDANTS sued herein is sued both in his or her individual and personal capacity, as well as in his or her official capacity as officers, sergeants, captains, commanders, supervisors, and/or civilian employees, agents, policy makers, and representatives for the CITY OF SANTA ANA POLICE DEPARTMENT.

18.    On information and belief, at all relevant times, DEFENDANT DOE OFFICERS 1-20 were residents of the County of Orange or County of Los Angeles, California.

19.    At all relevant times, DEFENDANT DOE OFFICERS 1-20 were duly authorized employees and agents of CITY, who were acting under color of state law

7

PLAINTIFFS' SECOND ~~FIRST~~ AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

within the course and scope of their respective duties as police officers and within the complete authority and ratification of their principal, Defendant CITY.

20.    At all relevant times, DEFENDANT DOE OFFICERS 1-20 were duly appointed deputies/officers and/or employees or agents of Defendant CITY, subject to oversight and supervision by Defendant CITY's elected and non-elected officials.

21.    In doing the acts and failing and omitting to act as hereinafter described, Defendant DOE OFFICERS 1-20 were acting on the implied and actual permission and consent of Defendant CITY.

22.    At all times mentioned herein, each and every CITY defendant was the agent of each and every other CITY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every CITY defendant.

23.    At all relevant times, DEFENDANT DOE OFFICERS 1-20 were working for Defendant CITY as police officers.

24.    DEFENDANTS, and each of them, are directly liable for PLAINTIFFS' injuries under federal law pursuant to 42 U.S.C. § 1983.

25.    Defendant CITY is liable for PLAINTIFFS' injuries under California law and under the doctrine of *respondeat superior*. Liability under California law for public entities and public employees is based upon California Government Code §§ 815.2 and 820.

26.    PLAINTIFFS have timely complied with all relevant and applicable statutes of limitations to assert the herein causes of action against the herein DEFENDANTS. Specifically, on June 18, 2025, Plaintiff Hightower timely submitted a government tort claim for damages under Cal. Govt. Code § 911.2 to Defendant City on behalf of Plaintiff Hightower and Mr. Washington's Estate, which includes Plaintiff G.W. as a matter of law under California Code of Civil Procedure § 377.60. Plaintiffs' claim was deemed rejected by operation of law due

8

PLAINTIFFS' SECOND ~~FIRST~~ AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

to Defendant City's failure to act on or respond to the claim within forty-five (45) days of June 18, 2025 under Cal. Govt. Code § 912.4.

## FACTS COMMON TO ALL CAUSES OF ACTION

27.    PLAINTIFFS repeat and reallege each and every allegation in paragraphs 1 through 25 of this First Amended Complaint with the same force and effect as if fully set forth herein.

28.    On January 15, 2025, the date of the incident ("INCIDENT"), MR. WASHINGTON was residing at the Holiday Inn Express located at 1800 E 1st St. Apt. 1007, Santa Ana, CA 92701 ("Hotel").

29.    Upon information and belief, a hotel employee called the Santa Ana Police Department to report that MR. WASHINGTON had allegedly overstayed his reservation at the hotel, which may constitute a violation of California Penal Code § 537 (Defrauding an Innkeeper), a misdemeanor except in certain circumstances not present in this incident. Upon information and belief, MR. WASHINGTON's overstaying of his reservation at the hotel, even if true, was merely due to incapacity or otherwise an honest mistake and with no criminal intent to do harm or defraud the hotel that could have been easily rectified without MR. WASHINGTON dying in the custody of law enforcement as herein described.

30.    However, Defendant DOES 1-20, who were employed by Defendant CITY as police officers with the City of Santa Ana Police Department, arrived, approached MR. WASHINGTON's hotel room, and obtained access thereto. Upon information and belief, when Defendant DOES 1-20 arrived, they had no information that MR. WASHINGTON had harmed, threatened to harm or was a threat to anyone, had committed any serious crime, or was armed with a weapon.

31.    Upon information and belief, it was apparent or should have been apparent to Defendant DOES 1-20 that MR. WASHINGTON was not a threat, was in distress, was in need of medical treatment and medical assistance by paramedics

9

PLAINTIFFS' SECOND ~~FIRST~~ AMENDED COMPLAINT AND DEMAND
FOR JURY TRIAL

and/or mental health professionals, and/or that numerous reasonable alternatives could be used to assist with his being detained and taken for treatment and/or into custody.

32. Upon information and belief, and contrary to Defendant DOES 1-20's training, including training regarding the appropriate use of force, they negligently assessed the circumstances presented to them and then violently or negligently confronted MR. WASHINGTON purposely or negligently, unnecessarily aggravating and escalating the situation before them.

33. Upon information and belief, and contrary to Defendant DOES 1-20's training, they proceeded to violate MR. WASHINGTON's rights without warning or giving him reasonable time to comply with lawful orders by acts which included, but were not limited to, punching, taking down, kicking, grappling, and unjustifiably wrapping MR. WASHINGTON in a restraint device called "The Wrap" that inflicted numerous and painful wound(s), which proved to cause or contribute to MR. WASHINGTON'S death and/or ensuing medical crisis that would ultimately cause his death. MR. WASHINGTON repeatedly screamed for, "**Help! Help! Why are you punching me?... I'm not fighting. Ya'll are fighting me!**"

34. Upon information and belief, Defendant DOES 1-20 then transported MR. WASHINGTON to the Santa Ana Police Department jail. Upon information and belief, MR. WASHINGTON remained restrained and handcuffed behind his back for an unreasonable and excessively prolonged period, which carries a known potential for harm from prone restraint asphyxiation, while in his cell despite being compliant, not being a threat to anyone, and suffering serious medical distress.

35. Upon information and belief, MR. WASHINGTON became unresponsive and unconscious while at the Santa Ana Police Department jail and, thus, was in obvious, objective serious medical need, warranting an emergency response and significant medical treatment. Upon information and belief, MR.

10

PLAINTIFFS' SECOND ~~FIRST~~ AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

WASHINGTON was unconscious and unresponsive for an unreasonable and appreciable amount of time before Defendant DOES #1-20, who were responsible for his safety, attended to him.

36.    Upon information and belief, Defendant DOES #1-20 knew or reasonably should have known that MR. WASHINGTON was in serious medical distress yet deliberately disregarded his safety by, in part, failing to reasonably monitor and supervise him or render reasonable medical aid. Upon information and belief, Defendant DOES #1-20 were deliberately indifferent to MR. WASHINGTON's medical needs and failed to summon an ambulance, transport him to the hospital, or provide any significant, reasonable medical treatment despite his obvious medical emergency.

37.    Upon information and belief, Defendant DOES #1-20 proceeded to examine MR. WASHINGTON and could see him going in and out of consciousness and not breathing, which should have caused Defendant DOES #1-20 to know that he was in a serious medical need and to summon an ambulance to transport MR. WASHINGTON to the hospital for medical treatment. However, Defendant DOES #1-20 offered no medical treatment to MR. WASHINGTON, nor did they summon any ambulance or the fire department to take him to any hospital for the emergency. Upon information and belief, any reasonably trained officer would have known that MR. WASHINGTON was suffering or at risk of suffering serious medical distress that could result in wanton infliction of pain and death.

11

PLAINTIFFS' SECOND ~~FIRST~~ AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

38.    However, Defendant DOES #1-20 just dragged MR. WASHINGTON's unconscious body out of the cell while still handcuffed behind his back and kept MR. WASHINGTON on the ground while he was obviously in medical distress, unconscious, **not breathing**, and unresponsive like a dead animal while they stood there clueless as shown in the herein screenshot of the surveillance video and did not attempt CPR or any life-saving procedures for an unreasonable amount of time:



SAPD CRITICAL INCIDENT COMMUNITY BRIEFING: 25-01082

39.    Upon information and belief, when MR. WASHINGTON finally came to, he was disoriented due to the lack of oxygen, gasping and struggling for air, and proceeded to struggle for his life due to no help from Defendant DOES #1-20 and his being in excruciating pain, unable to breathe while still being handcuffed, and it causing or contributing to his medical distress, pain and suffering, unconsciousness, and slow death. Upon information and belief, Defendant DOES #1-20 callously and

12

PLAINTIFFS' SECOND ~~FIRST~~ AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

erroneously simply chalked up MR. WASHINGTON's serious medical distress to him allegedly being under the influence or coming down from some drug due to their perceiving him to be an unimportant African-American man of limited means and kept him from receiving reasonable and necessary medical care that he needed, which would not have happened if MR. WASHINGTON was of another race. Despite Mr. Washington just experiencing serious medical distress where he lost consciousness, was not breathing, and was slowly dying while in Defendant DOES #1-20's custody, they did not summon an ambulance or take MR. WASHINTON to the hospital but, instead, placed MR. WASHINGTON in a restraint chair and wheeled him to another part of the jail as shown below:



13

PLAINTIFFS' SECOND ~~FIRST~~ AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

40.    Upon information and belief, MR. WASHINGTON remained in the restraint chair for a significant, excessive, and unreasonable length of time, *potentially into the next day*, never went to the hospital, Defendant DOES #1-20 did not summon an ambulance or any reasonable medical care, and MR. WASHINGTON was not examined for his medical emergency or was only examined in a cursory and pretextual fashion by Defendant DOES #1-20.

41.    **Upon information and belief, despite MR. WASHINGTON previously losing consciousness and not breathing while in Defendant DOES #1-20's custody, Defendants placed a bag over MR. WASHINGTON'S head while still restrained in the chair for an extended and unreasonable period of time that caused or contributed to his death. To be clear, Mr. Washington experienced severe medical distress wherein he went unconscious and was not breathing, Defendant DOES #1-20 did not do CPR, summon an ambulance, or take him to the hospital but, instead, restrained MR. WASHINGTON in a chair and placed a bag over MR. WASHINGTON'S head for an extended period of time. Upon information and belief, Defendant DOES #1-20 knew or should have**



SAPD CRITICAL INCIDENT COMMUNITY BRIEFING: 25-01082

That same day, (day after arrest)
Arrestee goes unconscious

14

PLAINTIFFS' SECOND ~~FIRST~~ AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

**known of MR. WASHINGTON's aforementioned serious medical distress and that they may not be able to see if he lost consciousness and stopped breathing again <u>and died with a bag over his head</u> but were deliberately indifferent to MR. WASHINGTON'S serious medical needs anyway**.

~~41.~~42. Upon information and belief, MR. WASHINGTON was already unconscious, not breathing, not moving, and had died or was on the brink of death with the bag over his head, all of which was ignored by Defendants at the time of the below surveillance:





15

PLAINTIFFS' <u>SECOND</u> ~~FIRST~~ AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL



16

PLAINTIFFS' SECOND FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL



SAPD CRITICAL INCIDENT COMMUNITY BRIEFING: 25-01082



SAPD CRITICAL INCIDENT COMMUNITY BRIEFING: 25-01082

17

PLAINTIFFS' SECOND FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

42.43. **Upon information and belief, after an extended and unreasonable period of time passed wherein MR. WASHINGTON was restrained on his arms, legs, and chest and had a bag placed over his head despite experiencing aforementioned his prior, serious, cardiac/respiratory medical distress that was known to Defendant DOES #1-20, MR. WASHINGTON lost consciousness again, stopped breathing, stopped moving, and died while in Defendant DOES #1-20's custody *with a bag over his head and his hands and feet chained*.** At some point, MR. WASHINGTON was rolled into a room for examination by Defendant DOES# 1-20, but it was too late as he had already lost consciousness, stopped breathing, and died *still with a bag over his head and his hands and feet chained*.

43.44. Upon information and belief, Defendant DOES #1-20 ignored obvious, objective signs of MR. WASHINGTON's serious medical need, failed to reasonably and appropriately monitor him after his first episode of not breathing and unconsciousness, and it was not until MR. WASHINGTON was obviously dead that Defendant DOES #1-20 called for an ambulance and the fire department to render aid, but it was already too late. Upon information and belief, Defendant DOES #1-20's deliberate indifference to MR. WASHINGTON's obvious, objective serious medical need unnecessarily caused and/or was a substantial factor in contributing to his eventual death.

44.45. Upon information and belief, Defendant DOES #1-20 did not timely summon medical care or did not reasonably permit medical care to MR. WASHINGTON and, thus, denied medical care to him in a manner that demonstrated deliberate indifference to his constitutional rights until after he was already dead in their custody.  Upon information and belief, Defendant DOES #1-20, inclusive, integrally participated in or failed to intervene in the INCIDENT that could have prevented MR. WASHINGTON's death.

18

PLAINTIFFS' SECOND FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

45.46. At no time during the course of these events did MR. WASHINGTON pose an imminent threat of death or serious bodily injury to Defendant DOES #1-20 or any other individual, nor did he do anything to justify the force used against him and deliberate indifference to his serious medical needs, and the same was deadly, excessive, unnecessary, and unlawful.

46.47. Pursuant to Defendant CITY's "standard protocol," MR. WASHINGTON's in-custody death was purportedly investigated by the Santa Ana Police Department's homicide detectives, the Santa Ana Police Department's Internal Affairs Division, and the Orange County District Attorney's Office. Upon information and belief, each of these investigations predictably have been either purposely stalled to no conclusion and/or predictably resulted in a finding of no misconduct by any of Defendant DOES #1-20 and, thus, were merely pretextual in nature. Thus, Defendant CITY ratified, acquiesced, or otherwise turned a blind eye to Defendant DOES #1-20's misconduct, which was a substantial and proximate cause of this incident and PLAINTIFFS' damages.

47.48. To further add insult to injury, Defendant CITY broadcasted on its YouTube Channel completely irrelevant information that was unknown to Defendant DOES #1-20 during the INCIDENT. For example, Defendant CITY's YouTube channel broadcasted that MR. WASHINGTON had prior arrests for "possession of drug paraphernalia," "possession of narcotics," "use and under the influence of narcotics," "driving with a suspended license," and "failures to appear." Defendant CITY broadcast of this information was clearly to disparage and assassinate MR. WASHINGTON'S character after his in-custody death to justify or inspire public apathy or support towards Defendant DOES #1-20's conduct that lead to his death as a dog whistle for, "he deserved it," "he was not important," and "you should not care about this person." Predictably, Defendant DOES #1-20 attempt to blame MR. WASHINGTON'S death on anything and everything except their own

19

PLAINTIFFS' SECOND FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

deliberate indifference, delay of medical care, and beyond gross negligence of someone in their custody and protection.

48.49. Upon information and belief, there is no medical evidence to a reasonable medial probability that MR. WASHINGTON would have died that same date without DEFENDANT DOES #1-20's conduct as complained herein, meaning that but for DEFENDANTS' conduct on the date of the incident as complained herein MR. WASHINGTON would have lived for an appreciable amount of time.

49.50. As a direct and proximate result of Defendant DOES #1-20's herein complained of actions, MR. WASHINGTON was subjected to pre-death pain and suffering and ultimately death, and PLAINTIFFS were damaged and sustained lifetime injuries, including, but not limited to, loss of society, support, financial support, and love from MR. WASHINGTON when he died in DEFENDANTS' custody chained to a chair with a bag over his head.

50.51. PLAINTIFF HIGHTOWER was dependent on MR. WASHINGTON, to some extent, for the necessities of life.

51.52. PLAINTIFFS HIGHTOWER and G.W. are MR. WASHINGTON's successors-in-interest as defined in Section 377.11 of the California Code of Civil Procedure and succeed to MR. WASHINGTON's interest in this action as the natural mother and daughter of MR. WASHINGTON.

52.53. As a direct and proximate result of Defendant CITY and DOES #1-20 aforementioned misconduct, PLAINTIFFS claim and are entitled to damages for pre-death pain and suffering of MR. WASHINGTON, past, current and ongoing economic and noneconomic damages including, but not limited to, medical expenses, past and future economic damages and loss of earnings, extreme and severe emotional distress, mental, physical, and emotional pain and suffering/damages, anguish, pain, loss of enjoyment of life, disfigurement, disability, and deprivation of and/or unwarranted state interference with and loss the

20

PLAINTIFFS' SECOND ~~FIRST~~ AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

life-long love, companionship, comfort, support, society, care, and sustenance of MR. WASHINGTON, and will continue to be so deprived for the remainder of their natural lives, all to their damage in a sum to be determined at trial.

<u>**FIRST CAUSE OF ACTION**</u>

**DENIAL OF MEDICAL CARE- FOURTH AMENDMENT (42 U.S.C. §1983)**

**(By ~~PLAINTIFFS/~~ The ESTATE OF FREDDIE D. WASHINGTON, by and through the appointed personal representative, GLECINA MAE REYES and against DOES 1-20~~ALL DEFENDANTS~~)**

~~53.~~54. PLAINTIFFS repeat and reallege each and every allegation in paragraphs 1 through 53 of this First Amended Complaint with the same force and effect as if fully set forth herein.

~~54.~~55. At all relevant times herein, MR. WASHINGTON had a post-arrest right to objectively reasonable post-arrest medical care under the Fourth Amendment.

~~55.~~56. The denial of medical care by DEFENDANT DOES 1-20~~S~~ deprived MR. WASHINGTON of his right to be secure in his person against unreasonable searches and seizures as guaranteed to MR. WASHINGTON under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

~~56.~~57. As a result of the foregoing, MR. WASHINGTON suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

~~57.~~58. ~~DEFENDANTS~~ DEFENDANT DOES 1-20 knew and any reasonably trained officer would know that failure to provide timely medical treatment to MR. WASHINGTON under these facts could and would result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing MR. WASHINGTON great bodily harm and death.

21

PLAINTIFFS' SECOND ~~FIRST~~ AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

58.59. DEFENDANTS' DEFENDANT DOES 1-20's conduct was willful, wanton, malicious, and done with reckless disregard for the rights and safety of MR. WASHINGTON and therefore warrants the imposition of exemplary and punitive damages against the individual defendants.

59.60. As alleged herein, MR. WASHINGTON was not only subjected to excessive and unreasonable force by Defendant DOES #1-20, but was also subjected to an unreasonable and unlawful delay in obtaining prompt medical care despite DEFENDANT DOES 1-20'sS' knowledge of obvious symptoms displayed by him that would have put a reasonable officer on notice of the need to promptly summon medical care that resulted in further injury and death.

60.61. Upon information and belief, as a result of Defendant DOES #1-20's conduct, MR. WASHINGTON suffered severe and ongoing mental, physical, and emotional pain and suffering including, but not limited to, physical pain, grief, anguish, fear, anxiety, trauma, loss of enjoyment of life, asphyxia or other cardiac or pulmonary complications, and death in an amount according to proof at trial.

61.62. As a result of their misconduct, Defendant DOES #1-20 are liable for MR. WASHINGTON's injuries and death, either because they were integral participants in the denial of medical care, or because they failed to intervene to prevent these violations.

62.63. PLAINTIFFS GLECINA MAE REYES brings this claim in a representative capacity as the appointed personal representative of the ESTATE OF FREDDIE D. WASHINGTON successors-in-interest to MR. WASHINGTON and seeks survival and damages for the violation of MR. WASHINGTON's rights.

63.64. PLAINTIFFS also seek and are entitled to reasonable attorneys' fees and costs under this claim pursuant to 42 U.S.C. § 1988.

22

PLAINTIFFS' SECOND FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

**SECOND CAUSE OF ACTION**

**DENIAL OF MEDICAL CARE- FOURTEENTH AMENDMENT (42 U.S.C. §1983)**

**(By the ESTATE OF FREDDIE D. WASHINGTON, by and through the appointed personal representative, GLECINA MAE REYES and against DOES 1-20ALL DEFENDANTS)**

64.65. PLAINTIFFS repeat and reallege each and every allegation in paragraphs 1 through 64 of this First Amended Complaint with the same force and effect as if fully set forth herein.

65.66. At all relevant times herein, MR. WASHINGTON had a pre-trial detainee right to reasonable medical care which derives from the substantive due process clause of the Fourteenth Amendment.

66.67. As a result of the foregoing conduct by Defendants, and each of them, MR. WASHINGTON suffered great physical pain and emotional distress up to the time of his death, loss of enjoyment of life, loss of life, and loss of earning capacity.

67.68. As alleged herein, MR. WASHINGTON showed objective signs of a serious medical need that were so obvious that even a layperson and reasonably trained officer would easily recognize the necessity for a doctor's attention.

68.69. However, Defendant DOES #1-20 were deliberately indifferent to that need.

69.70. DEFENDANTS DEFENDANT DOES 1-20 knew that failure to provide timely medical treatment to MR. WASHINGTON in response to his serious medical need could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing MR. WASHINGTON great bodily harm and death.

70.71. DEFENDANTS' DEFENDANT DOES 1-20's conduct was willful, wanton, malicious, and done with reckless disregard for the rights and safety of MR.

23

PLAINTIFFS' SECOND FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

WASHINGTON and therefore warrants the imposition of exemplary and punitive damages as to the individual defendants.

71.72. As alleged herein, MR. WASHINGTON was not only subjected to excessive and unreasonable force by Defendant DOES #1-20 but was also subjected to an unreasonable and unlawful delay in obtaining prompt medical care despite DEFENDANTS' DEFENDANT DOES 1-20's knowledge of obvious symptoms of serious medical distress displayed by him that would have put a reasonable officer on notice of the need to promptly summon medical care that resulted in further injury and death.

72.73. Upon information and belief, as a result of Defendant DOES #1-20's conduct, MR. WASHINGTON suffered severe and ongoing mental, physical, and emotional pain and suffering including, but not limited to, physical pain, grief, anguish, fear, anxiety, trauma, loss of enjoyment of life, asphyxia or other cardiac or pulmonary complications, and death in an amount according to proof at trial.

73.74. As a result of their misconduct, Defendant DOES #1-20 are liable for MR. WASHINGTON's injuries and death, either because they were integral participants in the denial of medical care, or because they failed to intervene to prevent these violations.

74.75. PLAINTIFFS GLECINA MAE REYES brings this claim in a representative capacity as the appointed personal representative of the ESTATE successors-in-in-interest to MR. of FREDDIE D. WASHINGTON and seek survival damages for the violation of MR. WASHINGTON's rights.

75.76. PLAINTIFFS also seek and are entitled to reasonable attorneys' fees and costs under this claim pursuant to 42 U.S.C. § 1988.

24

PLAINTIFFS' SECOND FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

**THIRD CAUSE OF ACTION**

**UNREASONABLE SEARCH AND SEIZURE- EXCESSIVE FORCE (42 U.S.C. § 1983)**

**(By the ESTATE OF FREDDIE D. WASHINGTON, by and through the appointed personal representative, GLECINA MAE REYES and against DOES 1-20ALL DEFENDANTS)**

76.77.PLAINTIFFS repeat and reallege each and every allegation in paragraphs 1 through 76 of this First Amended Complaint with the same force and effect as if fully set forth herein.

77.78.Defendant DOES #1-20 excessive and unreasonable use of force including, but not limited to, punching, grappling, takedowns, use of the Wrap, and unreasonably extended use of restraints and spit mask deprived MR. WASHINGTON of his right to be secure in his person against unreasonable searches and seizures as guaranteed to MR. WASHINGTON under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

78.79.Upon information and belief, the uses of force were excessive and unreasonable, especially because MR. WASHINGTON posed no immediate threat of death or serious bodily injury to anyone at the time of the incident and was in obvious medical distress.

79.80.Upon information and belief, as a result of Defendant DOES #1-20's conduct, MR. WASHINGTON suffered severe and ongoing mental, physical, and emotional pain and suffering including, but not limited to, physical pain, grief, anguish, fear, anxiety, trauma, loss of enjoyment of life, asphyxia or other cardiac or pulmonary complications, and death in an amount according to proof at trial.

25

PLAINTIFFS' SECOND FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

80.81.Upon information, Defendant DOES #1-20's uses of force violated their training and the training and universally accepted California Peace Officer Standards and Training ("POST").

81.82.PLAINTIFFS GLECINA MAE REYES brings this claim in a representative capacity as the appointed personal representative of the ESTATE OF successors-in-in-interest to MR. FREDDIE D. WASHINGTON and seeks survival damages for the violation of MR. WASHINGTON's rights.

82.83.The conduct of Defendant DOES #1-20 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of MR. WASHINGTON and therefore warrants the imposition of exemplary and punitive damages as to individual defendants.

83.84.PLAINTIFFS also seek and are entitled to reasonable attorneys' fees and costs under this claim pursuant to 42 U.S.C. § 1988.

## FOURTH CAUSE OF ACTION
### UNREASONABLE SEARCH AND SEIZURE- FAILURE TO INTERVENE TO PREVENT EXCESSIVE FORCE (42 U.S.C. § 1983)
**(By the ESTATE OF FREDDIE D. WASHINGTON, by and through the appointed personal representative, GLECINA MAE REYES and against DOES 1-20ALL DEFENDANTS)**

84.85.PLAINTIFFS repeat and reallege each and every allegation in paragraphs 1 through 84 of this First Amended Complaint with the same force and effect as if fully set forth herein.

85.86.As alleged herein, Defendant DOES #1-20 violated MR. WASHINGTON's rights to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

26

PLAINTIFFS' SECOND FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

86.87. The herein alleged use of force by Defendant DOES #1-20 was excessive and unreasonable.

87.88. As a result of their misconduct, Defendant DOES #1-20 are liable for MR. WASHINGTON's injuries and/or death, either because they were integral participants in the excessive use of force, or because they failed to intervene to prevent these violations despite having the training, knowledge, and real opportunity and ability to do so.

88.89. PLAINTIFFS GLECINA MAE REYES brings this claim in a representative capacity as the appointed personal representative of the ESTATE OF successors-in-in-interest to MR. FREDDIE D. WASHINGTON and seeks survival damages for the violation of MR. WASHINGTON's rights.

89.90. The conduct of Defendant DOES #1-20 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of MR. WASHINGTON and therefore warrants the imposition of exemplary and punitive damages as to individual defendants.

90.91. PLAINTIFFs also seeks and are is entitled to reasonable attorneys' fees and costs under this claim pursuant to 42 U.S.C. § 1988.

### FIFTH CAUSE OF ACTION

**SUBSTANTIVE DUE PROCESS —PARENT/CHILD RELATIONSHIP (42 U.S.C. § 1983)**

**(By PLAINTIFFS BEATRICE HIGHTOWER and G.W., a minor, by and through her guardian ad litem, Glecina Mae Reyes and against DOES 1-20ALL DEFENDANTS)**

91.92. PLAINTIFFS repeat and reallege each and every allegation in paragraphs 1 through 91 of this First Amended Complaint with the same force and effect as if fully set forth herein.

27

PLAINTIFFS' SECOND FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

92.93.PLAINTIFFS had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in PLAINTIFFS' familial relationship with their son and father.

93.94.The aforementioned actions of Defendant DOES #1-20, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of MR. WASHINGTON, and/or with purpose to harm unrelated to any legitimate law enforcement objective.

94.95.As a direct and proximate result of these actions, MR. WASHINGTON experienced pain and suffering and eventually died. DEFENDANT DOES 1-20S, thus, violated the substantive due process rights of PLAINTIFFS to be free from unwarranted interference with their familial relationship with MR. WASHINGTON.

95.96.As a direct and proximate cause of the acts of DEFENDANTS, PLAINTIFFS suffered emotional distress, mental anguish, and pain. PLAINTIFFS have also been deprived of the life-long love, companionship, comfort, support, financial support, society, care, and sustenance of MR. WASHINGTON, and will continue to be so deprived for the remainder of her natural lives.

96.97.As a result of their misconduct, Defendant DOES #1-20 are liable for MR. WASHINGTON's and PLAINTIFFS' injuries, either because they were integral participants, or because they failed to intervene to prevent these violations.

97.98.DEFENDANTS' DEFENDANT DOES 1-20's conduct was willful, wanton, malicious, and done with reckless disregard for the rights and safety of MR. WASHINGTON and PLAINTIFFS and therefore warrants the imposition of exemplary and punitive damages as to the individual DEFENDANTS.

28

PLAINTIFFS' SECOND FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

98.99. PLAINTIFFS ~~bring this claim individually and~~ seek wrongful death damages under this claim. PLAINTIFFS also seeks attorneys' fees under this claim pursuant to 42 U.S.C. § 1988.

**SIXTH CAUSE OF ACTION**

**DUE PROCESS- FABRICATION OF EVIDENCE (42 U.S.C. § 1983)**

**(By the ESTATE OF FREDDIE D. WASHINGTON, by and through the appointed personal representative, GLECINA MAE REYES and against DOES 1-20ALL DEFENDANTS)**

99.100.    PLAINTIFFS repeat and reallege each and every allegation in paragraphs 1 through 99 of this First Amended Complaint with the same force and effect as if fully set forth herein.

100.101.    Upon information and belief, Defendant DOES #1-20 conspired, falsified, and deliberately fabricated evidence, including facts regarding MR. WASHINGTON ~~PLAINTIFFS~~' arrest and/or medical condition, to justify their actions, obstruct any disciplinary action against them, and that was used to caused MR. WASHINGTON to be deprived of his liberty by being seized, handcuffed, searched, arrested, and/or to die in DEFENDANTS' custody in violation of MR. WASHINGTON's Fourteenth Amendment due process rights.

101.102.    The conduct of Defendant DOES #1-20 was willful, wanton, malicious, and with reckless disregard for the rights and safety of MR. WASHINGTON and therefore warrants the imposition of exemplary and punitive damages as to Defendant DOES #1-20.

102.103.    As a direct and proximate result of his misconduct, Defendant DOES #1-20 are liable for MR. WASHINGTON ~~PLAINTIFFS~~' physical, mental, and emotional damages. PLAINTIFFS seek to recover the reasonable costs of suit and attorney fees under this claim pursuant to 42 U.S.C. § 1988.

29

PLAINTIFFS' SECOND ~~FIRST~~ AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF RIGHT TO EQUAL PROTECTION- 14TH AMENDMENT (42 U.S.C. § 1983)**

**(By the ESTATE OF FREDDIE D. WASHINGTON, by and through the appointed personal representative, GLECINA MAE REYES and against DOES 1-20ALL DEFENDANTS)**

103.104.    PLAINTIFFS repeat and reallege each and every allegation in paragraphs 1 through 103 of this First Amended Complaint with the same force and effect as if fully set forth herein.

104.105.    At all times relevant herein, MR. WASHINGTON had a right to equal protection under the law as afforded and provided by the Fourteenth Amendment and protected by the same and 42 U.S.C. § 1983.

105.106.    Upon information and belief, Defendant DOES #1-20 chose to use and/or used excessive force against and denied medical care to MR. WASHINGTON,  and/or otherwise violated MR. WASHINGTON's rights and treated MR. WASHINGTON differently due to his being African-American.

106.107.    Upon information and belief, a substantial and motivating reason for Defendant DOES #1-20 use of excessive force and denial of medical care was due to his being emboldened to commit misconduct to misuse and abusing their authority or power by taking advantage of some weakness or disability or misfortune of MR. WASHINGTON because of MR. WASHINGTON' age, race, clear and apparent vulnerability in reckless disregard of MR. WASHINGTON's rights, accompanied by ill will or spite, and was executed with unnecessary harshness or severity warranting punitive damages against Defendant DOES #1-20.

107.108.    Upon information and belief, MR. WASHINGTON's race as African American was a motivating factor for Defendant DOES #1-20

30

PLAINTIFFS' SECOND FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

discriminatory, unlawful, and beyond grossly negligent misconduct toward MR. WASHINGTON. Upon information and belief, those of a different racial or ethnic creed would not have been treated the same way as MR. WASHINGTON under these circumstances.

108.109. The conduct of Defendant DOES #1-20 was willful, wanton, malicious, and with reckless disregard for the rights and safety of MR. WASHINGTON, and, therefore, warrants the imposition of exemplary and punitive damages as to Defendant DOES #1-20.

109.110. Upon information and belief, Defendant DOES #1-20 have had several prior complaints of excessive force, dishonesty, fabrication of evidence, and/or racial bias/animus brought against them by citizens of the CITY of Santa Ana, which is indicative of Defendant DOES #1-20's propensity to use excessive force and engage in racial bias and dishonesty that went uninvestigated and/or for which the Defendant DOES #1-20 were subjected to no discipline nor remedial training or repercussions by DEFENDANT CITY that emboldened Defendant DOES #1-20 to engage in the herein misconduct and is indicative of an unconstitutional custom and policy of inaction, inadequate training, and/or ratification of unconstitutional uses of force, searches, seizures, and misconduct against African-Americans.

110.111. As a result of Defendant DOES #1-20's misconduct, they are liable for MR. WASHINGTON'S PLAINTIFFS' physical, mental, and emotional injuries, pain and suffering because they were integral participants in the misconduct in an amount according to proof at trial. Plaintiffs seek survival damages under this claim.

111.112. The aforementioned acts and omissions of DEFENDANTS, and each of them, were a direct and proximate cause of which warrant the awarding of compensatory and special damages in a sum according to proof. PLAINTIFFS also seeks costs and attorney's fees as provided by 42 U.S.C. § 1988.

31

PLAINTIFFS' SECOND FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

**EIGHTH CAUSE OF ACTION**

*MONELL* **LIABILITY—INADEQUATE TRAINING/RATIFICATION (42 U.S.C. § 1983)**

**(By the ESTATE OF FREDDIE D. WASHINGTON, by and through the appointed personal representative, GLECINA MAE REYES and against DEFENDANT CITY OF SANTA ANA)**

113. PLAINTIFFS repeat and reallege each and every allegation in paragraphs 1 through 112 of this First Amended Complaint with the same force and effect as if fully set forth herein.

114. On information and belief, Defendant DOES #1-20 herein complained of misconduct was found to be within CITY OF SANTA POLICE DEPARTMENT policy.

115. On information and belief, DEFENDANT DOES #1-20's herein complained of misconduct was ratified by CITY OF SANTA POLICE DEPARTMENT supervisorial officers.

116. On information and belief, the CITY knowingly ratified DEFENDANTS' unlawful actions because they were not disciplined or re-trained for the herein complained of misconduct.

117. Upon information and belief, a final policymaker, acting under color of law, who had final policymaking authority concerning the acts of the individual defendants, ratified the acts of the defendants' acts and the bases for them. Upon information and belief, the final policymaker knew of and specifically approved of the individual defendants' acts.

118. Upon information and belief, a final policymaker has determined (or will determine) that the acts of the individual defendant DOES 12- were "within policy" and will subject DOES #1-20 to no discipline. By reason of the

32

PLAINTIFFS' SECOND ~~FIRST~~ AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

aforementioned acts and omissions, PLAINTIFF suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and support of MR. WASHINGTON. The aforementioned acts and omissions also caused MR. WASHINGTON's pain and suffering, loss of enjoyment of life, and death.

118.119. Accordingly, Defendant CITY and DOES #1-20 each are liable to MR. WASHINGTONPLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

119.120. PLAINTIFFS bring this claim in a representative capacity as a successors-in-interest to MR. WASHINGTON and seek survival damages under this claim.

120.121. PLAINTIFFS also seek punitive damages against Defendants DOES 1-20 and attorney's fees under this claim.

121.122. The training policies of Defendant CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal. This includes training with respect to tactics, recognition of a detainee's serious medical need, responding to situations involving detainees in serious medical needs, and the use of force, including the wrap and other restraints used against MR. WASHINGTON in a prolonged fashion after experiencing severe medical distress.

122.123. Defendant CITY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately. The failure of Defendant CITY to provide adequate training caused the deprivation of MR. WASHINGTON the PLAINTIFFS' rights by the individual defendants; that is, DEFENDANTS' failure to train is so closely related to the deprivation of the MR. WASHINGTON PLAINTIFFS' rights as to be the moving force that caused the ultimate injury.

123.124. On information and belief, CITY failed to train the individual defendants properly and adequately, including training with respect to tactics, handling situations with the mentally ill, and the use of force, including the wrap and

33

PLAINTIFFS' SECOND FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

other restraints used in a prolonged fashion against MR. WASHINGTON. By reason of the aforementioned acts and omissions, PLAINTIFFS have suffered loss of the love, companionship, affection, comfort, care, society, training, guidance, and support of MR. WASHINGTON. The aforementioned acts and omissions also caused MR. WASHINGTON's pain and suffering, loss of enjoyment of life, and death. Accordingly, DEFENDANTS CITY and DOES #1-20 each are liable for compensatory damages under 42 U.S.C. § 1983.

124.125.    PLAINTIFFS GLECINA MAE REYES brings this claim as the appointed personal representative of the ESTATE OF FREDDIE D. WASHINGTON as a successor-in-interest to MR. WASHINGTON and seeks survival damages under this claim. PLAINTIFFS also seek attorney fees under this claim.

125.126.    The individual defendants, including DOES #1-20 acted under color of law.

126.127.    The individual defendants acted pursuant to an expressly adopted official policy or a longstanding practice or custom of Defendant CITY. On information and belief, the individual defendants were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with MR. WASHINGTON's death.

127.128.    Accordingly, DEFENDANT CITY is direct liable to PLAINTIFF for compensatory damages under 42 U.S.C. § 1983.

128.129.    PLAINTIFFS also seek attorney fees under 42 U.S.C. § 1988 for this claim.

34

PLAINTIFFS' SECOND FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

## NINTH CAUSE OF ACTION

### BATTERY

**(By PLAINTIFFS BEATRICE HIGHTOWER and The ESTATE OF FREDDIE D. WASHINGTON, by and through the appointed personal representative, GLECINA MAE REYES and against ALL DEFENDANTS)**

129.130.    PLAINTIFFS repeat and reallege each and every allegation in paragraphs 1 through 129 of this First Amended Complaint with the same force and effect as if fully set forth herein.

130.131.    At the aforementioned date, time and place, Defendant DOES #1-20, and each of them, assaulted and battered MR. WASHINGTON and used unreasonable force.

131.132.    MR. WASHINGTON did not consent to DEFENDANTS' wrongful, harmful, and offensive touching and neither was DEFENDANTS' touching privileged.

132.133.    CITY is vicariously liable for the wrongful acts of the officer defendants pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

133.134.    The conduct of the officer defendants was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of PLAINTIFFS and MR. WASHINGTON, entitling PLAINTIFFS, individually and as successors-in-interest to MR. WASHINGTON, to an award of exemplary and punitive damages as to the individual Defendants.

134.135.    PLAINTIFFS bring this claim as successors-in-interest to MR. WASHINGTON and seek both survival and wrongful death damages under this claim. PLAINTIFF GLECINA MAE REYES brings this claim as the appointed

35

PLAINTIFFS' SECOND FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

personal representative of the ESTATE OF FREDDIE D. WASHINGTON. PLAINTIFFS also seeks punitive damages and attorneys' fees under this claim pursuant to California Code of Civil Procedure § 1021.5.

### TENTH CAUSE OF ACTION

### ASSAULT

**(By PLAINTIFFS BEATRICE HIGHTOWER and The ESTATE OF FREDDIE D. WASHINGTON, by and through the appointed personal representative, GLECINA MAE REYES and against ALL DEFENDANTS)**

135.136. PLAINTIFFS repeat and re-allege each and every allegation contained in paragraphs 1 through 135 of this First Amended Complaint, and by reference incorporates the same herein and makes each a part hereof.

136.137. At the aforementioned date, time and place, Defendant DOES #1-20, and each of them, assaulted and battered MR. WASHINGTON and used unreasonable force.

137.138. MR. WASHINGTON did not consent to DEFENDANTS' wrongful, harmful, and offensive touching and neither was DEFENDANTS' touching privileged.

138.139. By reason of the aforementioned acts, MR. WASHINGTON was placed in great fear for his safety and physical and emotional wellbeing and harmed as a result of DEFENDANTS' conduct.

139.140. CITY is vicariously liable for the wrongful acts of DOES 1-20 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

140.141. The aforementioned acts of Defendant DOES 1-20, and each of them, were willful, malicious and oppressive, without legal justification or legal

36

PLAINTIFFS' SECOND FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

authority and thereby justify the awarding of exemplary and punitive damages against Defendant DOES 1-20 only in a sum according to proof.

141.142.    PLAINTIFFS bring this claim in a representative capacity as successors in interest to MR. WASHINGTON and as the appointed personal representative of the ESTATE OF FREDDIE D. WASHINGTON and are seeking general, special, compensatory, and punitive damages under this claim, including but not limited to past and future economic and noneconomic damages. PLAINTIFFS seek reasonable attorneys' fees under this claim pursuant to California Code of Civil Procedure § 1021.5.

### ELEVENTH CAUSE OF ACTION

### NEGLIGENCE

**(By PLAINTIFFS BEATRICE HIGHTOWER and The ESTATE OF FREDDIE D. WASHINGTON, by and through the appointed personal representative, GLECINA MAE REYES and against ALL DEFENDANTS)**

142.143.    PLAINTIFFS repeat and reallege each and every allegation in paragraphs 1 through 142 of this First Amended Complaint with the same force and effect as if fully set forth herein.

143.144.    Police officers, including Defendant DOES #1-20, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, recognizing a pre-trial detainees serious medical needs, and providing pre-trial detainees with reasonable medical care in response to serious medical needs.

144.145.    The officer defendants breached this duty of care. Upon information and belief, the actions and inactions of the officer defendants were negligent and reckless, including but not limited to:

37

PLAINTIFFS' SECOND FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

a.   the failure to properly and adequately assess the need to detain, arrest, and use force against MR. WASHINGTON.

b.   the negligent tactics and handling of the situation with MR. WASHINGTON, including unreasonably prolonged restraint used against MR. WASHINGTON.

c.   The negligent detention, arrest, and use of force, against MR. WASHINGTON.

d.   the failure to provide prompt medical care to MR. WASHINGTON.

e.   the failure to properly train and supervise employees, both professional and non-professional, including the officer defendants.

f.   the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of MR. WASHINGTON.

g.   the negligent handling of evidence and witnesses.

h.   the negligent communication of information during the incident.

i.   The negligent hiring, supervision, training, and/or retention of Defendant DOES 1-20, inclusive, who, upon information and belief, had prior instances and complaints of excessive force, negligent tactics, and/or dishonesty.

j.   The failure to punish, re-train, terminate, and/or prosecute violators of Department policies of Defendant DOES 1-20; and

k.   the failure to properly train the officer defendants with regard to handling situations involving individuals suffering significant medical needs.

145.146.    As a direct and proximate result of DEFENDANTS' conduct as allege above, and other undiscovered negligent conduct, MR. WASHINGTON was caused to suffer severe pain and suffering and ultimately died. Also, as a direct and

38

PLAINTIFFS' SECOND FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

proximate result of DEFENDANTS' conduct as alleged above, PLAINTIFFS suffered emotional distress and mental anguish. PLAINTIFFS also have been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of MR. WASHINGTON, and will continue to be so deprived for the remainder of their natural lives.

146.147.   PLAINTIFFS bring this claim as successors-in-interest to MR. WASHINGTON and as the appointed personal representative of the ESTATE OF FREDDIE D. WASHINGTON and seek both survival and wrongful death damages under this claim.

147.148.   CITY is vicariously liable for the wrongful acts of the officer defendant DOES #1-20 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

**TWELFTH CAUSE OF ACTION**

**VIOLATION OF THE BANE ACT**

**(By PLAINTIFFS BEATRICE HIGHTOWER and The ESTATE OF FREDDIE D. WASHINGTON, by and through the appointed personal representative, GLECINA MAE REYES and against ALL DEFENDANTS)**

148.149.   PLAINTIFFS repeat and reallege each and every allegation in paragraphs 1 through 148 of this First Amended Complaint with the same force and effect as if fully set forth herein.

149.150.   California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

150.151.   On information and belief, Defendant DOES #1-20, while working for the CITY and acting within the course and scope of their duties,

PLAINTIFFS' SECOND ~~FIRST~~ AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

intentionally committed and attempted to commit acts of violence against MR. WASHINGTON, including by punching and restraining him in a prolonged, harmful, and unnecessary fashion without justification or excuse, by integrally participating and failing to intervene in the above violence, and by denying him necessary medical care. When Defendant DOES #1-20 engaged in the herein complained of conduct against MR. WASHINGTON, they interfered with his civil rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to reasonable medical care in response to a serious medical need, to be free from state actions that shock the conscience, and to life, liberty, and property.

151.152.    On information and belief, DEFENDANTS intentionally and spitefully committed the above acts to discourage MR. WASHINGTON from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which he was fully entitled to enjoy.

152.153.    On information and belief, MR. WASHINGTON reasonably believed and understood that the violent acts committed by the officer defendants were intended to discourage them from exercising the above civil rights, to retaliate against them, or invoking such rights, or to prevent them from exercising such rights.

153.154.    DEFENDANTS successfully interfered with the above civil rights of MR. WASHINGTON and PLAINTIFFS.

154.155.    The conduct of DEFENDANTS was a substantial factor in causing MR. WASHINGTON PLAINTIFFS' harms, losses, injuries, and damages.

155.156.    CITY is vicariously liable for the wrongful acts of DOES 1-20 the officer defendants pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

40

PLAINTIFFS' SECOND FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

156.157.    DEFENDANTS DOES 1-20 are vicariously liable under California law and the doctrine of respondeat superior.

157.158.    The conduct of DEFENDANTS DOES 1-20 was malicious, wanton, oppressive, and accomplished with a conscious disregard for MR. WASHINGTON's and PLAINTIFFS' rights, justifying an award of exemplary and punitive damages as to the officer defendants.

158.159.    PLAINTIFFS bring this claim in a representative capacity as a successors-in-interest to MR. WASHINGTON and the appointed personal representative of the ESTATE OF FREDDIE D. WASHINGTON and seek survival damages under this claim. PLAINTIFFS also seek attorneys' fees under this claim.

### THIRTEENTH CAUSE OF ACTION

### VIOLATION OF THE RALPH ACT

**(By PLAINTIFFS BEATRICE HIGHTOWER and The ESTATE OF FREDDIE D. WASHINGTON, by and through the appointed personal representative, GLECINA MAE REYES and against ALL DEFENDANTS)**

159.160.    PLAINTIFFS repeat and reallege each and every allegation in paragraphs 1 through 159 of this First Amended Complaint with the same force and effect as if fully set forth herein.

160.161.    On the date of the incident, DEFENDANTS, and each of them violated MR. WASHINGTON's civil rights guaranteed by the laws of the State of California thereby providing a civil cause of action against defendants under California Civil Code Section 51.7.

161.162.    As herein described, DEFENDANTS, and each of them, intentionally interfered with or attempted to interfere with MR. WASHINGTON's civil rights to freedom of movement and association on public property by threats, intimidation, coercion, and violence.

41

PLAINTIFFS' SECOND FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

162.163.    Upon information and belief, a substantial and motivating reason for the DEFENDANTS' unlawful actions described herein was due to their being emboldened to commit misconduct to misuse and abusing their authority or power by taking advantage of some weakness or disability or misfortune of the MR. WASHINGTON's  because of his age, race, national origin, clear and apparent vulnerability in reckless disregard of  his  rights, accompanied by ill will or spite, and was executed with unnecessary harshness or severity warranting punitive damages.

163.164.    MR. WASHINGTON was harmed as a result of DEFENDANTS' violent conduct as described herein. DEFENDANTS' conduct was a substantial factor in causing his harm.

164.    As a proximate result of the aforementioned acts of DEFENDANTS, and each of them, MR. WASHINGTON suffered damage including, physical, mental, and emotional pain, suffering, distress, fear, and anxiety, in a sum according to proof, and are entitled to the general, compensatory, special and exemplary damages, statutory damages, and attorney's fees and costs provided by Civil Code section 52.1(h).  PLAINTIFFS seek survival damages under this claim.

165. PLAINTIFFS bring this claim in a representative capacity as a successors-in-interest to MR. WASHINGTON and as the appointed personal representative of the ESTATE OF FREDDIE D. WASHINGTON and seek survival damages under this claim.

165.166.    The aforementioned acts of Defendant DOES #1-20, and each of them, were willful, malicious and oppressive, without legal justification or legal authority, and, thereby, justify the awarding of punitive damages in a sum according to proof.

42

PLAINTIFFS' SECOND FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

## FOURTEENTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**(By PLAINTIFFS BEATRICE HIGHTOWER and The ESTATE OF FREDDIE D. WASHINGTON, by and through the appointed personal representative, GLECINA MAE REYES and against ALL DEFENDANTS)**

166.167.    PLAINTIFFS repeat and reallege each and every allegation in paragraphs 1 through 166 of this First Amended Complaint with the same force and effect as if fully set forth herein.

167.168.    DEFENDANTS' above acts and omissions of DEFENDANTS were done with knowledge that MR. WASHINGTON were particularly susceptible to mental and emotional distress by virtue of MR. WASHINGTON's age, race, and vulnerability.

168.169.    DEFENDANTS knew or had reason to know that their aforementioned unprivileged acts and omissions would cause MR. WASHINGTON severe and ongoing mental and emotional distress. The above-mentioned acts that were committed by DEFENDANTS were extreme and outrageous with willful intention and/or reckless disregard that MR. WASHINGTON or of the probability that MR. WASHINGTON would suffer severe emotional and mental distress as a result knowing that MR. WASHINGTON was present when the conduct occurred.

169.170.    PLAINTIFFS are informed and believe and based thereon alleges that the aforementioned acts and omissions of DEFENDANTS were willful, malicious, intentional, oppressive, knowingly false and were done in willful and conscious disregard of MR. WASHINGTON's rights thereby justifying the award of punitive damages against Defendant DOES #1-20 and each of them.

170.171.    DEFENDANTS knew or should have known that severe emotional distress would result from their conduct; or DEFENDANTS gave little or no thought to the probable effects of their conduct. As a direct and proximate result

43

of the DEFENDANTS' actions, MR. WASHINGTON sustained severe mental and emotional distress, thereby justifying an award of compensatory, special and punitive damages against Defendant DOES #1-20 in an amount to be proven at trial.

172. PLAINTIFFS bring this claim in a representative capacity as a successors-in-interest to MR. WASHINGTON and the appointed personal representative of the ESTATE OF FREDDIE D. WASHINGTON and seek survival damages under this claim.

171.173.    Defendant DOES #1-20's aforementioned conduct was a substantial factor in causing MR. WASHINGTON's severe emotional distress. PLAINTIFFS seek survival damages under this claim.

44

PLAINTIFFS' SECOND FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS request entry of judgment in their favor and against DEFENDANTS, inclusive, as follows and/or a jury trial:

 A. For all applicable compensatory and special damages in an amount to be proven at trial.

 B. Survival damages, including pre-death pain and suffering, loss of life, and loss of enjoyment of life.

 C. Wrongful Death Damages.

 D. For loss of wages, earning capacity and financial support.

 E. For punitive damages against the individual defendants only in an amount to be proven at trial.

 F. For statutory damages.

 G. For interest.

 H. For reasonable attorneys' fees, including litigation costs and expenses.

 I. For costs of suit; and

 J. For such further other relief as the Court may deem just, proper, and appropriate.

Dated: April~~January~~ 17~~29~~, 2026  **THE KIZZIE FIRM, APC**

        By: */s/ Antonio K. Kizzie*
          **ANTONIO K. KIZZIE**
          Attorneys for PLAINTIFF
          BEATRICE HIGHTOWER, individually
          and as Successor-of-Interest on behalf of the
          ESTATE OF FREDDIE D.
          WASHINGTON, deceased

Dated: April ~~January~~ 17~~29~~, 2026  **LAW OFFICES OF DALE K. GALIPO**

        By: */s/ Eric Valenzuela*
          **Eric Valenzuela**
          Attorneys for PLAINTIFF

45

PLAINTIFFS' SECOND ~~FIRST~~ AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

GW, individually and as Successor-of-Interest on behalf of the ESTATE OF FREDDIE D. WASHINGTON, deceased

PLAINTIFFS' SECOND ~~FIRST~~ AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

PLAINTIFFS hereby demand a trial by jury.

Dated: April~~January~~ 17~~29~~, 2026      **THE KIZZIE FIRM, APC**

By:   */s/ Antonio K. Kizzie*
     **ANTONIO K. KIZZIE**
     Attorneys for PLAINTIFF
     BEATRICE HIGHTOWER, individually
     and as Successor-of-Interest on behalf of the
     ESTATE OF FREDDIE D.
     WASHINGTON, deceased

Dated: April ~~January~~ 17~~29~~, 2026      **LAW OFFICES OF DALE K. GALIPO**

By:   */s/ Eric Valenzuela*
     **Eric Valenzuela**
     Attorneys for PLAINTIFF
     GW, individually and as Successor-of-
     Interest on behalf of the ESTATE OF
     FREDDIE D. WASHINGTON, deceased

47

PLAINTIFFS' SECOND ~~FIRST~~ AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL