FUJII LAW GROUP LLP
JOHN M. FUJII, SBN 172718
MAHADHI CORZANO, SBN 254905
2 Park Plaza, Suite 450
Irvine, California 92614
Phone:      (949) 392-5501
Fax:   (949) 392-5501
Email: JFujii@FujiiLawGroup.com
Email: MCorzano@FujiiLawGroup.com

Attorney for Defendant
CITY OF SANTA ANA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATRICE HIGHTOWER; and G.W, a minor, by and through her guardian ad litem Glecina Mae Reyes, in each case individually and as Successors-in-Interest on behalf of the ESTATE OF FREDDIE D. WASHINGTON, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SANTA ANA, a municipal entity, and DOES #1-20, inclusive,<br><br>Defendants. | CASE NO.: 8:25-cv-02129-JWH-ADS<br><br>Judge: John W. Holcomb<br>Magistrate Judge: Autumn D. Spaeth<br><br>**DEFENDANT CITY OF SANTA ANA'S NOTICE OF MOTION AND MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**<br><br>[Filed concurrently with:<br>1. Memorandum of Points and Authorities.<br>2. [Proposed] Order.]<br><br>Hearing<br>Date:      July 17, 2026<br>Time:      9:00 a.m.<br>Courtroom:   9D<br>Judge:      Hon. John W. Holcomb |

DEFENDANT'S NOTICE OF MOTION DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, on **July 17, 2026 at 9:00 a.m.** in Courtroom 9D of the above-referenced Court, located at 411 West 4th Street, Santa Ana, California 92701, Defendant CITY OF SANTA ANA (the "City") will and hereby moves this Court for an Order granting its Motion to Dismiss the eighth claim for *Monell* liability in the Second Amended Complaint (Dkt. No. 27) of Plaintiffs BEATRICE HIGHTOWER, G.W, a minor, by and through her guardian ad litem Glecina Mae Reyes, and the ESTATE OF FREDDIE D. WASHINGTON, deceased (collectively "Plaintiffs"), pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) ("Motion").

This Motion is made on the grounds that Plaintiffs' municipal liability claim against the City fails to state a claim upon which relief can be granted.

This Motion is based upon this Notice, the Memorandum of Points and Authorities attached hereto, the [Proposed] Order filed concurrently herewith, the documents and evidence on file in this lawsuit, and such further evidence and arguments as may be presented to the Court in this matter.

Pursuant to L.R. 7-3, this Motion is made following conferences of counsel that took place with counsels for both Plaintiffs Beatrice Hightower and G.W. Counsel for the City initiated the meet and confer process on May 14, 2026. On May 15, 2026, counsel for the City also attempted to schedule a telephone conference and sent an email to counsel for both Plaintiffs, outlining the grounds for the City's intended motion. On May 15, 2026, counsel for Plaintiffs served and filed a redline document showing the differences between the First Amended Complaint and the Second Amended Complaint. (Dkt. No. 29-1.) Counsel for the parties agreed to schedule a conference call on May 18, 2026 to attempt to informally resolve the issues in the City's intended motion.

Counsel for parties engaged in a conference call on May 18, 2026. During the May 18, 2026 conference call, the parties agreed that counsel for Plaintiffs would draft a stipulation, resolving all but one issue outlined in the May 15, 2026 email. The parties,

Fujii Law Group LLP

DEFENDANT'S NOTICE OF MOTION DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

however, were not able to agree in revolving the municipality liability claim (eighth claim) in the Second Amended Complaint, thus necessitating this motion.

Dated:  May 22, 2026                              FUJII LAW GROUP LLP


By:   _/s/ Mahadhi Corzano_
JOHN M. FUJII
MAHADHI CORZANO
Attorneys for Defendant
City of Santa Ana

DEFENDANT'S NOTICE OF MOTION DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

# **TABLE OF CONTENTS**

**I.    INTRODUCTION** ................................................................................... p. 8

**II.   SUMMARY OF CLAIMS AND PROCEDURAL HISTORY** ...................... p. 8

**III.  LEGAL STANDARD** ............................................................................ p. 9

**IV.   LEGAL ARGUMENT** .......................................................................... p. 10

   **A.    Plaintiffs' *Monell* Claim Against The City Fails To State A Claim
      Upon Which Relief Can Be Granted** .......................................................... p. 10

     **1.  Plaintiffs Have Not Pled Facts Sufficient To Establish A
       Ratification Claim Against The City** ................................................... p. 12

     **2.  Plaintiffs Have Not Pled Facts Sufficient To Establish A Failure
       To Train Claim** .................................................................................... p. 14

     **3.   Plaintiffs Have Not Pled Facts Sufficient To Establish An
       Unconstitutional Official Policy, Custom, Or Practice** ...................... p. 17

**V.    CONCLUSION** ..................................................................................... p. 20

# TABLE OF AUTHORITIES

**STATUTES**

42 U.S.C. § 1983 ................................................................................................. pp. 10-15

Fed. R. Civ. P., 12(b)(6)..................................................................................... pp. 9-10


**CASES**

*AE v. County of Tulare* (9th Cir. 2012) 666 F.3d 631 .................................................. p. 11

*Anderson v. Warner* (9th Cir. 2006)451 F.3d 1063 ..................................................... p. 18

*Ashcroft v. Iqbal* (2009) 556 U.S. 662...................................................... pp. 10, 12-16, 19

*Balistreri v. Pacifica Police Dept.* (9th Cir. 1990) 901 F.2d 696............................... p. 10

*Beliveau v. Caras* (C.D. Cal. 1995) 873 F.Supp. 1393 .................................................. p. 0

*Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544................................pp. 10-11, 14-15, 19

*Benavidez v. County of San Diego*(9th Cir. 2021) 993 F.3d 1134 ............................. p. 12

*Berry v. Baca* (9th Cir. 2004)379 F.3d 764 .................................................................. p. 19

*Board of Comm'rs of Bryan County v. Brown* (1997)520 U.S. 397 ........................... p. 17

*Brown v. County of Los Angeles*, No. 16-CV-01413-SJO-JEM, 2016 WL
11261297 (C.D. Cal. July 11, 2016)......................................................................... p. 15

*Brown v. County of San Bernardino*, No. 20-CV-1304-JGB-SHKX, 2021 WL
99722 (C.D. Cal. Jan. 8, 2021) ..........................................................................pp. 15-16

*Bull v. City & County of San Francisco* (9th Cir. 2010) 595 F.3d 964...................... p. 19

*Castro v. County of Los Angeles* (9th Cir. 2016)833 F.3d 1060 ......................... pp. 14, 17

*Christie v. Lopa* (9th Cir. 1999) 176 F.3d 1231 ......................................................... p. 12

*City of Canton, Ohio v. Harris* (1989)489 U.S. 378.................................................... p. 14

*City of St. Louis v. Praprotnik* (1988)485 U.S. 112 ............................................. pp. 12, 18

*Clouthier v. County of Contra Costa* (9th Cir. 2010)591 F.3d 1232.......................... p. 14

*Connick v. Thompson* (2011)563 U.S. 51 .................................................................... p. 14

*Dasovich v. Contra Costa County Sheriff Department*, No. 14-CV-00258-MEJ, 2014 WL 4652118 (N.D. Cal. Sept. 17, 2014) ...................................................... p. 13

*Davis v. City of San Jose*, No. No. 14-cv-02035-BLF, 2014 WL 2859189 (N.D. Cal. 2014) ................................................................................................... p. 16

*Desoucy v. County of San Bernardino*, No. EDCV-23-1287-JGB-MAA, 2024 WL 3064089 (C.D. Cal. May 9, 2024) ..................................................... p. 16

*Estate of Chivrell v. City of Arcata* (N.D. Cal. 2022)623 F.Supp.3d 1032 ................ p. 12

*Estate of Kong by & through Kong v. City of San Diego*, No. 22-CV-1858-BAS-DDL, 2023 WL 4939370 .............................................................................. p. 17

*Estrada v. County of San Bernardino*, No. EDCV-22-990-JGB- SHK, 2022 WL 19076636 (C.D. Cal. Dec. 9, 2022) ............................................................. p. 16

*Gibson v. County of Washoe, Nev.* (9th Cir. 2002)290 F.3d 1175 ............................ p. 17

*Gillette v. Delmore* (9th Cir. 1992) 979 F.2d 1342 ............................................. pp. 12-13

*Jackson v. County of San Bernardino*, No. 23-CV-00341-SSS-SHK, 2023 WL 9066307 (C.D. Cal. Sept. 29, 2023)............................................................. p. 19

*Lytle v. Carl* (9th Cir. 2004)382 F.3d 978 ............................................................ p. 12

*Maldonado v. County of Orange*, No. 19-CV-00883-JLS-JDE, 2019 WL 6139937 (C.D. Cal. Aug. 29, 2019)......................................................... p. 18

*Monell v. New York Department of Social Services* (1978) 436 U.S. 658 ............................................................pp. 8, 10-11, 16, 18-20

*Moore v. City of Orange*, No. 17-CV-01024-JVS-JCG, 2017 WL 10518114 (C.D. Cal. Sept. 25, 2017)......................................................................... p. 19

*Mullis v. United States Bankruptcy Court* (9th Cir. 1987) 828 F.2d 1385................. p. 10

*Nguyen v. County of Orange*, No. 22-CV-01693-DOC-ADS, 2023 WL 4682301 (C.D. Cal. June 8, 2023) .................................................................pp. 15-16

*Perryman v. City of Pittsburg* (N.D. Cal. 2021)545 F.Supp.3d 796 ......................... p. 13

*Peterson v. City of Fort Worth* (5th Cir. 2009)588 F.3d 838 ................................... p. 14

*Rodriguez v. County of Los Angeles*(9th Cir. 2018) 891 F.3d 776............................. p. 11

TABLE OF AUTHORITIES

*Seever v. City of Modesto*, No. 21-CV-01373-JLT-EPG, 2022 WL 17418355
(E.D. Cal. Dec. 5, 2022)..................................................................................... p. 20

*Sheehan v. City & County of San Francisco* (9th Cir. 2014) 743 F.3d 1211, rev'd
on other grounds, 575 U.S. 600 (2015)............................................................. p. 12

*Somers v. Apple, Inc.* (9th Cir. 2013) 729 F.3d 953 ........................................ p. 9

*Thompson v. City of Los Angeles* (9th Cir. 1989) 885 F.2d 1439 ................... p. 19

*Trevino v. Gates* (9th Cir. 1996) 99 F.3d 911............................................pp. 12, 18-19

*Van Ort v. Est. of Stanewich* (9th Cir. 1992) 92 F.3d 831.............................. p. 11

*Weishaar v. County of Napa*, No. 14-CV-1352-LB, 2016 WL 7242122 (N.D. Cal.
Dec. 15, 2016)................................................................................................... p. 13

*Young v. City of Visalia* (E.D. Cal. 2009) 687 F.Supp.2d 1141 ..................... p. 15

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This case presents an unfortunate situation where inmate Freddie D. Washington ("Decedent") died on January 16, 2025 while he was in custody at the jail of Defendant City of Santa Ana ("City"). On April 27, 2026, Plaintiffs Beatrice Hightower, G.W., and the Estate of Freddie D. Washington ("Plaintiffs") filed a Second Amended Complaint ("SAC"), asserting 14 federal and state law claims against the City.

This Motion is directed at Plaintiffs' eighth claim setting forth three theories of municipality liability against the City based on ratification, failure to train, and unconstitutional policy, custom, or practice. Dismissal of these claims is warranted as Plaintiffs failed to plead sufficient facts to state a plausible municipal liability claim against the City. Despite the Court giving Plaintiffs given leave to amend, Plaintiffs' SAC contains no substantive changes to their municipal liability claim. The SAC is devoid of any factual content to establish that a final policymaker made a deliberate, conscious choice to ratify the officers' action. Also, there are no factual allegations to determine whether the City's training policies were deficient, whether the City had the requisite knowledge of its deficient training policies, and whether it was deliberately indifferent to a foreseeable risk of harm. Finally, the SAC is devoid of any facts that there was a formal policy that was unconstitutional, there was an unlawful custom or practice that was longstanding and widespread, or that the policy, custom, or practice was the moving force behind Plaintiffs' injury. Thus, the City respectfully request that the Court dismiss Plaintiff's *Monell* claim from the case.

### II.    SUMMARY OF CLAIMS AND PROCEDURAL HISTORY

On September 19, 2025, Plaintiff Beatrice Hightower (Decedent's mother) filed her Complaint initiating this lawsuit. (Dkt. No. 1.) On December 2, 2025, the parties filed a stipulation for Plaintiff to file the First Amended Complaint. (Dkt. No. 12.) On December 30, 2025, the Court issued an order giving Plaintiff Beatrice Hightower until January 30, 2026 to file the First Amended Complaint. (Dkt. No. 13.) On January 30,

MEMORANDUM OF POINTS AND AUTHORITIES FOR DEFENDANT'S MOTION TO DISMISS

2026, Plaintiff Beatrice Hightower and new Plaintiff G.W. filed the First Amended Complaint.  (Dkt. No. 14.)  On February 27, 2026, the City filed a Motion to Dismiss the First Amended Complaint.  (Dkt. No. 15.)  On April 15, 2026, the Court denied, without prejudice, the City's Motion to Dismiss and granted Plaintiffs' leave to amend their pleadings.  (Dkt. No. 26.)  On April 27, 2026, Plaintiffs Beatrice Hightower, G.W., and Estate of Freddie D. Washington filed the SAC.  (Dkt. No. 27.)

Plaintiffs allege that, on January 15, 2025, police were called at a hotel due to Decedent defrauding the innkeeper by overstaying his reservation at the hotel.  (SAC, ¶¶ 28–29.)  City of Santa Ana police officers arrived and gained entry to Decedent's hotel room.  (*Id*. at ¶ 30.)  Upon information and belief, Plaintiffs claim that Decedent was not a threat to the officers, but instead, was in need of medical treatment.  (*Id*. at ¶ 31.)  The officers then used force to restrain and arrest Decedent.  (*Id*. at ¶¶ 33–34.)  Later that day, Decedent was transported to the Santa Ana Police Department jail.  (*Id*. at ¶ 34.)

Plaintiffs allege that at jail, Decedent became unresponsive and unconscious, which warranted immediate medical attention.  (*Id*. at ¶ 35.)  Jail staff proceeded to examine Decedent and noticed that Decedent was in and out of consciousness and not breathing.  (*Id*. at ¶ 37.)  Despite noticing that Decedent was in a serious medical condition, jail staff failed to summon medical care.  (*Ibid*.)  After Decedent was able to regain consciousness, jail staff placed him in a restraint chair and wheeled him off to another part of the jail.  (*Id*. at ¶¶ 39–40.)  While restrained on the chair, Decedent died.  (*Id*. at ¶ 43.)

## III.    LEGAL STANDARD

A defendant is entitled to dismissal of an action under Fed. R. Civ. P. 12(b)(6) where (1) the plaintiff has failed to state a cognizable legal theory, or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory.  *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'....  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

MEMORANDUM OF POINTS AND AUTHORITIES FOR DEFENDANT'S MOTION TO DISMISS

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. A complaint that fails to allege facts to support a plausible, as opposed to a merely conceivable, claim fails to state facts sufficient to constitute a cause of action and should be dismissed. See *ibid*. Dismissal under rule ae

is proper where there is either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

All inferences reasonably drawn from the alleged facts are construed in favor of the non-moving party. However, a court need not accept as true allegations that contradict facts that may be judicially noticed by the court. *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1388 (9th Cir. 1987). Moreover, a court need not accept as true conclusory allegations or legal characterizations, nor accept unreasonable inferences or unwarranted deductions of fact. See *Beliveau v. Caras*, 873 F.Supp. 1393, 1395–96 (C.D. Cal. 1995). The factual allegations must show a right to relief that is more than mere speculation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## IV.    LEGAL ARGUMENT

### A.    Plaintiffs' *Monell* Claim Against The City Fails To State A Claim Upon Which Relief Can Be Granted

A local government entity such as the City "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. New York Department of Social Services*, 436 U.S. 658, 694 (1978). Rather, it is only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may be fairly said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Ibid*. Hence, a municipality may not be held liable for the alleged actions of its agents unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or

MEMORANDUM OF POINTS AND AUTHORITIES FOR DEFENDANT'S MOTION TO DISMISS

decision officially adopted or promulgated by that body's officers," or if the alleged constitutional deprivation was "pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id*. at 690–91.

"A local government is liable for an injury under § 1983 under three possible theories. First, a local government may be liable if execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicted the injury. Second, a local government can fail to train employees in a manner that amounts to deliberate indifference to a constitutional right, such that the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need. Third, a local government may be held liable if the individual who committed the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 802–03 (9th Cir. 2018) (citations and quotations omitted). A plaintiff wishing to assert a claim against a municipal defendant must establish "(1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind his constitutional violation." *Van Ort v. Est. of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1992).

Plaintiffs' *Monell* claim against the City fails to state a claim upon which relief can be granted because Plaintiffs have pled only legal conclusions, and therefore, fail to satisfy required heightened pleading standards. *AE v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012). Reciting the elements of *Monell* liability is patently insufficient. *Ibid*. As the Supreme Court importantly explained, Rule 8 precludes a plaintiff from proceeding with nothing more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. To survive a motion to

MEMORANDUM OF POINTS AND AUTHORITIES FOR DEFENDANT'S MOTION TO DISMISS

dismiss, a plaintiff must plead "*factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (italics added); *Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021) (same). Where, as here, when a pleading offers generic facts that are "merely consistent with a defendant's liability," it "stops short of the line between possibility and plausibility of 'entitlement to relief,'" and must be dismissed. *Iqbal*, 556 U.S. at 678.

### 1. Plaintiffs Have Not Pled Facts Sufficient To Establish A Ratification Claim Against The City

The Ninth Circuit states that ratification liability may attach when a final policymaker ratifies a subordinate's unconstitutional action and the basis for it. *Christie v. Lopa*, 176 F.3d 1231, 1239 (9th Cir. 1999), citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988). This occurs when the official policymaker involved has adopted and expressly approved of the acts of others who caused the constitutional violation. *Trevino v. Gates*, 99 F.3d 911, 920 (9th Cir. 1996). The party must demonstrate, however, that the policymaker "made a deliberate choice to endorse" the subordinate employee's actions. *Gillette v. Delmore*, 979 F.2d 1342, 1348 (9th Cir. 1992). It is axiomatic that the allegations of a complaint must set forth facts from which the Court (and the City) might plausibly infer that ratification occurred. See Fed. R. Civ. P., 12(b)(6). That is to say, facts must be alleged about what acts the official policymaker involved adopted or otherwise approved that caused the plaintiff's constitutional rights to be impaired. This standard requires more than acquiescence. *Sheehan v. City & County of San Francisco*, 743 F.3d 1211, 1231 (9th Cir. 2014), rev'd on other grounds, 575 U.S. 600 (2015). A mere failure to overrule a subordinate's actions, without more, is insufficient to support a § 1983 ratification claim. *Christie*, 176 F.3d at 1239. "[It] requires both knowledge of the alleged constitutional violation, and proof that the policymaker specifically approved of the subordinate's act." *Lytle v. Carl*, 382 F.3d 978, 987–88 (9th Cir. 2004).

Here, Plaintiffs fail to plead facts to show that the unknown policymaker made a conscious, deliberate choice to ratify the unnamed officers' alleged misconduct of using

MEMORANDUM OF POINTS AND AUTHORITIES FOR DEFENDANT'S MOTION TO DISMISS

unreasonable force and failure to summon medical care for Decedent. Plaintiffs allege that "the final policymaker knew of and specifically approved of the individual defendants' acts." (SAC, ¶ 117.) This threadbare allegation is insufficient to establish a conscious, deliberate choice. See e.g. *Dasovich v. Contra Costa County Sheriff Department*, No. 14-CV-00258-MEJ, 2014 WL 4652118, at *6 (N.D. Cal. Sept. 17, 2014) ("Plaintiff's FAC contains no such allegations of affirmative action by [defendant]; instead, he alleges only that the [defendant] ratified [the deputy's] conduct 'when he was aware of' it. Such threadbare facts do not contain sufficient allegations of underlying facts to give fair notice and to enable Defendants to defend themselves effectively.").

Plaintiffs further allege that the unknown policymaker ratified the officers' action because he or she found the actions were within the City's policy. (SAC, ¶¶ 114–115, 118.) But just because a policymaker finds that the officer's actions were within policy, as Plaintiffs claim, it is not sufficient to establish a ratification claim. See *Weishaar v. County of Napa*, No. 14-CV-1352-LB, 2016 WL 7242122, at *14 (N.D. Cal. Dec. 15, 2016) ("[T]o hold a government entity liable under section 1983 whenever policymakers fail to overrule the unconstitutional discretionary acts of subordinates would simply smuggle *respondeat superior* liability into section 1983[.]") (italics in original). Also, allegations that the policymaker "knew of and specifically approved the individual defendants' acts" does not establish a ratification claim. (SAC, ¶ 117); see *Perryman v. City of Pittsburg*, 545 F.Supp.3d 796, 803 (N.D. Cal. 2021) (dismissing ratification claim despite having alleged sufficient facts that the final policymaker was aware of prior instances of alleged police misconduct).

Plaintiffs must plead factual content as to what the unknown policymaker knew of the alleged misconduct, how the policymaker ratified the misconduct, and what specific actions the policymaker took that constituted "approval" of the alleged misconduct that would support an inference that the policymaker actually made a conscious decision to ratify his or her officers' misconduct. *Gillette*, 979 F.2d at 137; *Perryman*, 545 F.Supp.3d at 803. Plaintiffs' boilerplate conclusory allegations simply track the legal standard for a

MEMORANDUM OF POINTS AND AUTHORITIES FOR DEFENDANT'S MOTION TO DISMISS

ratification claim and do not contain sufficient facts to give fair notice and to enable the City to defend itself effectively.  See *Estate of Chivrell v. City of Arcata*, 623 F.Supp.3d 1032, 1041 (N.D. Cal. 2022) ("Plaintiffs' conclusory allegations simply track the legal standard and do not provide sufficient detail for the Court draw the reasonable inference that [defendant] is liable for the misconduct alleged."); *Peterson v. City of Fort Worth*, 588 F.3d 838, 848 (5th Cir. 2009) ("[O]ur precedent has limited the theory of ratification to 'extreme factual situations.'").  As such, Plaintiffs have not met the pleading standard under *Twombly/Iqbal* to state a claim for ratification against the City.

**2.      Plaintiffs Have Not Pled Facts Sufficient To Establish A Failure To Train Claim**

"A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011).  "Only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality ... can a city be liable for such a failure under § 1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989).  To establish a deliberate failure to train, a plaintiff must allege a "continued adherence to an approach that [the policymakers] know or should know has failed to prevent tortious conduct by employees" and the failure to train was the "moving force" of the injury. *Connick*, 563 U.S. at 62.  This stringent standard is met when "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights that the policymaker of the city can reasonably be said to have been deliberately indifferent to the need." *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2010), overruled on other grounds by *Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016).  "A less stringent standard of fault for a failure-to-train claim would result in *de facto respondeat superior* liability on municipalities." *Connick*, 563 U.S. at 62 (italics in original; quotations and citations omitted).

Plaintiffs allege that "[t]he training policies of Defendant CITY were not adequate to train its officers to handle the usual and recurring situations with which they must deal."

MEMORANDUM OF POINTS AND AUTHORITIES FOR DEFENDANT'S MOTION TO DISMISS

(SAC, ¶ 122.)   Plaintiffs then allege a conclusory statement that officers were not adequately train with respect to "tactics, recognition of a detainee's serious medical need, responding to situations involving detainees in serious medical needs, and the use of force[.]" (*Ibid*.)   Plaintiffs then allege a legal conclusion that the City was "deliberately indifferent to the obvious consequences of its failure to train its officers adequately." (SAC, ¶ 123.)   These conclusory and threadbare allegations are not sufficient to establish a causal connection between the purported deficient training and Plaintiffs' injuries.   See e.g. *Nguyen v. County of Orange*, No. 22-CV-01693-DOC-ADS, 2023 WL 4682301, at *4 (C.D. Cal. June 8, 2023) ("The complaint rest[s] solely on Plaintiffs' allegation that the training policies of COUNTY were not adequate to train its peace officers to handle the usual and recurring situations with which they must deal.   These conclusory allegations are again not sufficient to satisfy Iqbal."); *Brown v. County of San Bernardino*, No. 20-CV-1304-JGB-SHKX, 2021 WL 99722, at *6 (C.D. Cal. Jan. 8, 2021) (Though plaintiff identifies four general categories of improper training policies, "[p]laintiff provides few if any facts explaining why that training was inadequate, nor does she sufficiently support her conclusory assertion that the City and County acted with deliberate indifference.").

In *Young v. City of Visalia*, 687 F.Supp.2d 1141 (E.D. Cal. 2009), the district court interpreted the Supreme Court's decisions in *Twombly* and *Iqbal* and addressed the use of conclusory allegations against a public entity in a section 1983 case.   The court explained that "[a]lthough they may provide the framework of the complaint, legal conclusions are not accepted as true and threadbare recitals of elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*. at 1149.   As in the case at issue, the plaintiff in *Young* attempted to allege section 1983 liability against a public entity on a theory of inadequate training and hiring practices. *Id*. at 1149.   The *Young* court found the plaintiff's allegations deficient because the complaint failed to "identify what the training and hiring practices were, how the training and hiring practices were deficient, or how the training and hiring practices caused the plaintiff's harm." *Ibid*.   The court

MEMORANDUM OF POINTS AND AUTHORITIES FOR DEFENDANT'S MOTION TO DISMISS

explained that "without identifying the training and hiring practices, how those practices were deficient, and without an identification of the obviousness of the risk involved, the [c]ourt cannot determine if a plausible claim is made for deliberately indifferent conduct. Because the Complaint contains insufficient facts that plausibly indicate a valid *Monell* claim, dismissal is appropriate." *Id*. at 1150.

Here, like the plaintiff in *Young*, Plaintiffs do not allege any facts to identify what the City's training practices were, how the City failed to train its officers, what topics were not covered in the training, how the training was deficient, or how the inadequate training represents a municipal policy.  See e.g. *Desoucy v. County of San Bernardino*, No. EDCV-23-1287-JGB-MAA, 2024 WL 3064089, at *9 (C.D. Cal. May 9, 2024) ("while Plaintiffs' failure to train claim is nearly sixty paragraphs long, nowhere do Plaintiffs allege facts regarding any training the County staff did or did not receive, or why the training was inadequate").  Courts in the Central District have repeatedly dismissed failure to train claims based on the same conclusory allegations as the ones Plaintiffs have alleged in the SAC.  See *Estrada v. County of San Bernardino*, No. EDCV-22-990-JGB- SHK, 2022 WL 19076636, at *4 (C.D. Cal. Dec. 9, 2022); *Brown v. County of Los Angeles*, No. 16-CV-01413-SJO-JEM, 2016 WL 11261297, at *5 (C.D. Cal. July 11, 2016); *Nguyen*, 2023 WL 4682301, at *4; *Brown v. County of San Bernardino*, 2021 WL 99722, at *6; *Desoucy*, 2024 WL 3064089, at *9.

In short, Plaintiffs' "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" to overcome the City's Rule 12 challenge to their failure to train claim.  *Iqbal*, 556 U.S. at 678.  Nor do the barebone allegations in the SAC, which are devoid of factual support, justify permitting Plaintiffs to open discovery and rummage about for the facts they were supposed to plead at the outset.  See *Davis v. City of San Jose*, No. No. 14-cv-02035-BLF, 2014 WL 2859189, at *10 (N.D. Cal. 2014) ("Rule 8 'does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.'  Plaintiff's conclusory allegations here do not suggest an entitlement to relief 'such that it is not unfair to require the opposing party

to be subjected to the expense of discovery and continued litigation.'"). Accordingly, Plaintiffs have failed to assert sufficient facts to state a claim for failure to train.

### 3. Plaintiffs Have Not Pled Facts Sufficient To Establish An Unconstitutional Official Policy, Custom, Or Practice

Plaintiffs' third theory of municipal liability is based on an allegation that the City's officers acting pursuant to an official policy or a longstanding custom or practice. (SAC, ¶ 127.) To successfully plead *Monell* liability under a formal policy theory, a plaintiff "must identify a specific policy or custom and then articulate ... the basis for concluding [how] the identified policy or custom represents 'official policy.'" *Estate of Kong by & through Kong v. City of San Diego*, No. 22-CV-1858-BAS-DDL, 2023 WL 4939370, at *5 (S.D. Cal. Aug. 2, 2023). "Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Board of Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403–04 (1997). In other words, the purpose of identifying a formal policy is to distinguish the acts of the municipality from the acts of its employees. Without identifying the deficiency in the policy, the public entity is unable to ascertain if the alleged deficiency was the moving force behind the plaintiff's injury. See *Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1196 (9th Cir. 2002) ("In order to be a 'moving force' behind [plaintiff]'s injury, we must find that the 'identified deficiency" in the County's policies is "closely related to the ultimate injury.'"), overruled on other grounds by *Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016). Plaintiffs must also specify how that formal policy was deficient and how it amounted to deliberate indifference. *Young*, 687 F.Supp.2d at 1149.

Here, Plaintiffs allege that the City's training policies were deficient and not adequate to train its officers to handle the usual and recurring situations with which they must deal. (SAC, ¶ 122.) But Plaintiffs fail to point to any tangible formal training policy of the City and fail to identify any policy language that perpetuates or condones the alleged violation of the Decedent's constitutional rights. In addition, Plaintiffs posit no

MEMORANDUM OF POINTS AND AUTHORITIES FOR DEFENDANT'S MOTION TO DISMISS

facts explaining how the training policies were deficient, how the deficiency of the training policies was so obvious, or how a constitutional injury was likely to occur based on the deficient training policies.  Also, there are no facts that the deficient training policies were known to policymakers, and they deliberately chose to ignore the deficiencies, or that the deficient training policies were the moving force behind the deprivation of Decedent's constitutional rights.  Simply alleging that the individual defendants acted pursuant to an expressly adopted policy is not enough to put the City on notice that it had deficient training policies, that it was obvious that a constitutional violation would result, and deliberately disregarded it by not changing the unspecified policies.

Plaintiffs' *Monell* claim based on a custom or practice theory fares no better.  A "custom" is a "widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law."  *St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988).  In other words, a custom is a widespread and longstanding practice that "constitutes the standard operating procedure of the local government entity."  *Trevino*, 99 F.3d at 918.

Plaintiffs allege that "[t]he individual defendants acted pursuant to … a longstanding practice or custom[.]"  (SAC ¶ 127.)  Plaintiffs, however, fail to identify what custom or practice the individual defendants acted upon that caused a deprivation of Decedent's constitutional rights.  Plaintiffs also fail to support this conclusory allegation with any factual content as to what the customs or practices are, whether these alleged customs and practices actually exist, and how these alleged customs or practices were the direct cause of Decedent's death.  See *Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006) ("There must be a 'direct causal link' between the policy or custom and the injury, and [plaintiff] must be able to demonstrate that the injury resulted from a 'permanent and well settled practice.'"); *Maldonado v. County of Orange*, No. 19-CV-00883-JLS-JDE, 2019 WL 6139937, at *2 (C.D. Cal. Aug. 29, 2019) (dismissing *Monell* claim based on "policy and custom" where "[t]he Complaint contains only sweeping allegations that the

MEMORANDUM OF POINTS AND AUTHORITIES FOR DEFENDANT'S MOTION TO DISMISS

County's policies and practices generally empower excessive force, but 'Plaintiff[] fail[s] to allege any facts showing that any of these claimed policies or customs actually exist,' much less how they caused the specific use of force at issue here"); *Moore v. City of Orange*, No. 17-CV-01024-JVS-JCG, 2017 WL 10518114, at \*3–4 (C.D. Cal. Sept. 25, 2017) (*Monell* claim dismissed: "Moore's Complaint falls short of the requirements for pleading a *Monell* claim.  Rather than include specific factual allegations, paragraph 57 of Moore's Complaint sets forth a speculative list of various customs, policies, and practices that allegedly violated his Fourth Amendment and Fourteenth Amendment rights….  Moore's list contains 'no allegations of underlying facts.'  [Citation].  Therefore, Moore has failed to meet the *Monell* pleading standard."); *Jackson v. County of San Bernardino*, No. 23-CV-00341-SSS-SHK, 2023 WL 9066307, at \*4 (C.D. Cal. Sept. 29, 2023) (finding the plaintiff failed to state a municipality liability claim based on 12 purported customs or practices).  Under the pleading standards established by *Twombly* and *Iqbal*, Plaintiff's barebones allegations fail.

It is Plaintiffs' burden to show that the City instituted and maintained a custom or practice that caused Decedent to suffer a constitutional violation.  *Berry v. Baca*, 379 F.3d 764, 767 (9th Cir. 2004).  To meet this burden, Plaintiffs must show "the existence of a widespread practice that … is so permanent and well settled as to constitute a 'custom or usage' within the force of law."  *Gillete*, 979 F.2d at 1349.  Plaintiffs, however, have not identified any other similar incidents to support a widespread, longstanding custom or practice.  It is well settled that isolated or a few sporadic incidents by non-policy making employees does not satisfy the existence of a custom or practice.  See *Trevino,* 99 F.3d at 918 ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1444 (9th Cir. 1989) ("[P]roof of random acts or isolated events are insufficient to establish custom."), overruled on other grounds by *Bull v. City & County of San Francisco*, 595 F.3d 964, 981 (9th Cir. 2010).

MEMORANDUM OF POINTS AND AUTHORITIES FOR DEFENDANT'S MOTION TO DISMISS

Indeed, municipal liability claims must be supported by a record of numerous prior incidents that are "substantially similar in character." *Seever v. City of Modesto*, No. 21-CV-01373-JLT-EPG, 2022 WL 17418355, at *3 (E.D. Cal. Dec. 5, 2022). Given Plaintiffs' failure to identify any prior similar incidents, Plaintiffs' municipality liability claim based on an unconstitutional custom or practice fails as a matter of law.

## V.  CONCLUSION

For the foregoing reasons, the City respectfully requests that the Court grant its Motion and dismiss Plaintiffs' *Monell* claim in the SAC.

Dated: May 22, 2026                                   FUJII LAW GROUP LLP

By:  _/s/ Mahadhi Corzano_____
JOHN M. FUJII
MAHADHI CORZANO
Attorneys for Defendant
City of Santa Ana

MEMORANDUM OF POINTS AND AUTHORITIES FOR DEFENDANT'S MOTION TO DISMISS