FUJII LAW GROUP LLP
JOHN M. FUJII, SBN 172718
MAHADHI CORZANO, SBN 254905
19200 Von Karman Avenue, Suite 360
Irvine, California 92612
Phone: (949) 392-5501
Fax: (949) 392-5501
Email: JFujii@FujiiLawGroup.com
Email: MCorzano@FujiiLawGroup.com

Attorney for Defendants
City of Santa Ana, Officer Frank Corpus, Officer Carlos Carrillo, Officer Jake Alston, Officer Ernest Villegas, Officer Valeria Hernandez, Officer Constantino Paz, Officer Jesse Mejia, Officer Francisco Rodriguez, and Officer Ricardo Zavala

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BEATRICE HIGHTOWER; and G.W, a minor, by and through her guardian ad litem Glecina Mae Reyes, in each case individually and as Successors-in-Interest on behalf of the ESTATE OF FREDDIE D. WASHINGTON, deceased,

Plaintiffs,

v.

CITY OF SANTA ANA, a municipal entity, OFFICER FRANK CORPUS, an individual, , OFFICER CARLOS CARRILLO, an individual, OFFICER JAKE ALSTON, an individual, OFFICER ERNEST VILLEGAS, an individual, OFFICER VALERIA HERNANDEZ, an individual, OFFICER CONSTANTINO PAZ, an individual, OFFICER JESSE MEJIA, an individual, OFFICER FRANCISCO RODRIGUEZ, an individual, OFFICER RICARDO ZAVALA, an individual, and DOES #11-20, Inclusive,

Defendants.

CASE NO.: 8:25-cv-02129-JWH-ADS

Judge: John W. Holcomb
Magistrate Judge: Autumn D. Spaeth

**DEFENDANTS' ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**

**DEFENDANTS OFFICER FRANK CORPUS, OFFICER CARLOS CARRILLO, OFFICER JAKE ALSTON, OFFICER ERNEST VILLEGAS, OFFICER VALERIA HERNANDEZ, OFFICER CONSTANTINO PAZ, OFFICER JESSE MEJIA, OFFICER FRANCISCO RODRIGUEZ, AND OFFICER RICARDO ZAVALA ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT**

Defendants Officer Frank Corpus, Officer Carlos Carrillo, Officer Jake Alston, Officer Ernest Villegas, Officer Valeria Hernandez, Officer Constantino Paz, Officer Jesse Mejia, Officer Francisco Rodriguez, and Officer Ricardo Zavala ("Defendants") hereby answer the Third Amendment Complaint for Damages ("Complaint") filed by Plaintiffs Beatrice Hightower, Estate of Freddie D. Washington, and G.W. ("Plaintiffs") as follows:

**JURISDICTION AND VENUE**

1. Paragraph 1 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 1.

2. Paragraph 2 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 2.

3. Paragraph 3 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 3.

4. Paragraph 4 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 4.

5. Paragraph 5 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 5.

6. Paragraph 6 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 6.

**JURISDICTION AND VENUE**

7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, on that basis, deny them.

8. Paragraph 8 contains statements and conclusions of law to which no response

Fujii Law Group LLP

is required and, on that basis, Defendants deny each and every allegation in Paragraph 8.

## PARTIES

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and, on that basis, Defendants deny each and every allegation in Paragraph 9.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and, on that basis, Defendants deny each and every allegation in Paragraph 10.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and, on that basis, Defendants deny each and every allegation in Paragraph 11.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and, on that basis, Defendants deny each and every allegation in Paragraph 12.

13. Defendants admit to the allegations in Paragraph 13.

14. Defendants admit to the allegations in Paragraph 14.

15. Defendants admit to the allegations in Paragraph 15.

16. Defendants admit to the allegations in Paragraph 16.

17. Defendants admit to the allegations in Paragraph 17.

18. Defendants admit to the allegations in Paragraph 18.

19. Defendants admit to the allegations in Paragraph 19.

20. Defendants admit to the allegations in Paragraph 20.

21. Defendants admit to the allegations in Paragraph 21.

22. Defendants admit to the allegations in Paragraph 22.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and, on that basis, Defendants deny each and every allegation in Paragraph 23.

24. Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 24, and, on that basis, Defendants deny each and every allegation in Paragraph 24.

25. Paragraph 25 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 25.

26. Paragraph 26 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 26.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and, on that basis, Defendants deny each and every allegation in Paragraph 27.

28. Defendants admit that Officer Frank Corpus, Officer Carlos Carrillo, Officer Jake Alston, Officer Ernest Villegas, Officer Valeria Hernandez, Officer Constantino Paz, Officer Jesse Mejia, Officer Francisco Rodriguez, and Officer Ricardo Zavala were acting under the color of law and within their course and scope of their employment. As to the remainder, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and, on that basis, Defendants deny each and every allegation in Paragraph 28.

29. Defendants admit that Officer Frank Corpus, Officer Carlos Carrillo, Officer Jake Alston, Officer Ernest Villegas, Officer Valeria Hernandez, Officer Constantino Paz, Officer Jesse Mejia, Officer Francisco Rodriguez, and Officer Ricardo Zavala were officers and employed by the City of Santa Ana Police Department. As to the remainder, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and, on that basis, Defendants deny each and every allegation in Paragraph 29.

30. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and, on that basis, Defendants deny each and every allegation in Paragraph 30.

31. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and, on that basis, Defendants deny each and every allegation in Paragraph 31.

32. Defendants admit that Officer Frank Corpus, Officer Carlos Carrillo, Officer Jake Alston, Officer Ernest Villegas, Officer Valeria Hernandez, Officer Constantino Paz, Officer Jesse Mejia, Officer Francisco Rodriguez, and Officer Ricardo Zavala were officers and employed by the City of Santa Ana Police Department. As to the remainder, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and, on that basis, Defendants deny each and every allegation in Paragraph 32.

33. Paragraph 33 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 33.

34. Paragraph 34 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 34.

35. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35, and, on that basis, Defendants deny each and every allegation in Paragraph 35.

## FACTS COMMON TO ALL CAUSES OF ACTION

36. Paragraph 36 contains allegations for which no response is necessary, and on that basis, Defendants deny each and every allegation in Paragraph 36.

37. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, and, on that basis, Defendants deny each and every allegation in Paragraph 37.

38. Defendants admit that a hotel employee called Santa Ana Police Department to report that Decedent Freddie D. Washington ("Decedent") had overstayed his reservation at the hotel. As to the remainder, Defendants lack knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 38, and, on that basis, Defendants deny each and every allegation in Paragraph 38.

39. Defendants admit that Officer Frank Corpus, Officer Carlos Carrillo, Officer Jake Alston, Officer Ernest Villegas, Officer Valeria Hernandez, Officer Constantino Paz, Officer Jesse Mejia, Officer Francisco Rodriguez, and Officer Ricardo Zavala were officers and employed by the City of Santa Ana Police Department. As to the remainder, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, and, on that basis, Defendants deny each and every allegation in Paragraph 39.

40. Paragraph 40 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 40.

41. Paragraph 41 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 41.

42. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42, and, on that basis, Defendants deny each and every allegation in Paragraph 42.

43. Defendants admit that Decedent was transported to Santa Ana Police Department jail. As to the remainder, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43, and, on that basis, Defendants deny each and every allegation in Paragraph 43.

44. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44, and, on that basis, Defendants deny each and every allegation in Paragraph 44.

45. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45, and, on that basis, Defendants deny each and every allegation in Paragraph 45.

46. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, and, on that basis, Defendants deny each and every allegation in Paragraph 46.

47. Defendants deny each and every allegation in Paragraph 47.

48. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48, and, on that basis, Defendants deny each and every allegation in Paragraph 48.

49. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49, and, on that basis, Defendants deny each and every allegation in Paragraph 49.

50. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50, and, on that basis, Defendants deny each and every allegation in Paragraph 50.

51. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51, and, on that basis, Defendants deny each and every allegation in Paragraph 51.

52. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52, and, on that basis, Defendants deny each and every allegation in Paragraph 52.

53. Defendants deny each and every allegation in Paragraph 53.

54. Defendants deny each and every allegation in Paragraph 54.

55. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55, and, on that basis, Defendants deny each and every allegation in Paragraph 55.

56. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56, and, on that basis, Defendants deny each and every allegation in Paragraph 56.

57. Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 57, and, on that basis, Defendants deny each and every allegation in Paragraph 57.

58. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58, and, on that basis, Defendants deny each and every allegation in Paragraph 58.

59. Paragraph 59 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 59.

60. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60, and, on that basis, Defendants deny each and every allegation in Paragraph 60.

61. Paragraph 61 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 61.

62. Paragraph 62 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 62.

## FIRST CAUSE OF ACTION

**Denial of Medical Care – Fourth Amendment (42 U.S.C. § 1983)**

**By Plaintiff ESTATE OF FREDDIE D. WASHINGTON As Against Defendants OFFICER FRANK CORPUS, OFFICER CARLOS CARRILLO, OFFICER JAKE ALSTON, OFFICER ERNEST VILLEGAS, OFFICER VALERIA HERNANDEZ, OFFICER CONSTANTINO PAZ, OFFICER JESSE MEJIA, OFFICER FRANCISCO RODRIGUEZ, OFFICER RICARDO ZAVALA, and DOES 11 through 20**

63. Paragraph 63 contains allegations for which no response is necessary, and on that basis, Defendants deny each and every allegation in Paragraph 63.

64. Paragraph 64 contains statements and conclusions of law to which no

response is required and, on that basis, Defendants deny each and every allegation in Paragraph 64.

65. Paragraph 65 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 65.

66. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66, and, on that basis, Defendants deny each and every allegation in Paragraph 66.

67. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67, and, on that basis, Defendants deny each and every allegation in Paragraph 67.

68. Paragraph 68 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 68.

69. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69, and, on that basis, Defendants deny each and every allegation in Paragraph 69.

70. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70, and, on that basis, Defendants deny each and every allegation in Paragraph 70.

71. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71, and, on that basis, Defendants deny each and every allegation in Paragraph 71.

72. Paragraph 72 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 72.

73. Paragraph 73 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in

Paragraph 73.

**SECOND CAUSE OF ACTION**

**Denial of Medical Care – Fourteenth Amendment (42 U.S.C. § 1983)**

**By Plaintiff ESTATE OF FREDDIE D. WASHINGON As Against Defendants OFFICER FRANK CORPUS, OFFICER CARLOS CARRILLO, OFFICER JAKE ALSTON, OFFICER ERNEST VILLEGAS, OFFICER VALERIA HERNANDEZ, OFFICER CONSTANTINO PAZ, OFFICER JESSE MEJIA, OFFICER FRANCISCO RODRIGUEZ, OFFICER RICARDO ZAVALA, and DOES 11 through 20**

74. Paragraph 74 contains allegations for which no response is necessary, and on that basis, Defendants deny each and every allegation in Paragraph 74.

75. Paragraph 75 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 75.

76. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76, and, on that basis, Defendants deny each and every allegation in Paragraph 76.

77. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77, and, on that basis, Defendants deny each and every allegation in Paragraph 77.

78. Defendants deny each and every allegation in Paragraph 78.

79. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79, and, on that basis, Defendants deny each and every allegation in Paragraph 79.

80. Defendants deny each and every allegation in Paragraph 80.

81. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81, and, on that basis, Defendants deny each and every allegation in Paragraph 81.

82. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82, and, on that basis, Defendants deny each and every allegation in Paragraph 82.

83. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83, and, on that basis, Defendants deny each and every allegation in Paragraph 83.

84. Paragraph 84 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 84.

85. Paragraph 85 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 85.

## THIRD CAUSE OF ACTION

**Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983)**

**By Plaintiff ESTATE OF FREDDIE D. WASHINGON As Against Defendants OFFICER FRANK CORPUS, OFFICER CARLOS CARRILLO, OFFICER JAKE ALSTON, OFFICER ERNEST VILLEGAS, OFFICER VALERIA HERNANDEZ, OFFICER CONSTANTINO PAZ, OFFICER JESSE MEJIA, OFFICER FRANCISCO RODRIGUEZ, OFFICER RICARDO ZAVALA, and DOES 11 through 20**

86. Paragraph 86 contains allegations for which no response is necessary, and on that basis, Defendants deny each and every allegation in Paragraph 86.

87. Defendants deny that they used excessive force. As to the remainder, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87, and, on that basis, Defendants deny each and every allegation in Paragraph 87.

88. Defendants deny each and every allegation in Paragraph 88.

89. Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 89, and, on that basis, Defendants deny each and every allegation in Paragraph 89.

90. Defendants deny each and every allegation in Paragraph 90.

91. Paragraph 91 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 91.

92. Paragraph 92 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 92.

93. Paragraph 93 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 93.

## FOURTH CAUSE OF ACTION

**Unreasonable Search and Seizure – Failure to Intervene (42 U.S.C. § 1983)**
**By Plaintiff ESTATE OF FREDDIE D. WASHINGON As Against Defendants OFFICER FRANK CORPUS, OFFICER CARLOS CARRILLO, OFFICER JAKE ALSTON, OFFICER ERNEST VILLEGAS, OFFICER VALERIA HERNANDEZ, OFFICER CONSTANTINO PAZ, OFFICER JESSE MEJIA, OFFICER FRANCISCO RODRIGUEZ, OFFICER RICARDO ZAVALA, and DOES 11 through 20**

94. Paragraph 94 contains allegations for which no response is necessary, and on that basis, Defendants deny each and every allegation in Paragraph 94.

95. Paragraph 95 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 95.

96. Defendants deny each and every allegation in Paragraph 96.

97. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97, and, on that basis, Defendants deny each and

every allegation in Paragraph 97.

98. Paragraph 98 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 98.

99. Defendants deny each and every allegation in Paragraph 99.

100. Paragraph 100 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 100.

## FIFTH CAUIE OF ACTION

**Substantive Due Process – Parent/Child Relationship (42 U.S.C. § 1983)**

**By Plaintiffs BEATRICE HIGHTOWER and G.W. As Against Defendants OFFICER FRANK CORPUS, OFFICER CARLOS CARRILLO, OFFICER JAKE ALSTON, OFFICER ERNEST VILLEGAS, OFFICER VALERIA HERNANDEZ, OFFICER CONSTANTINO PAZ, OFFICER JESSE MEJIA, OFFICER FRANCISCO RODRIGUEZ, OFFICER RICARDO ZAVALA, and DOES 11 through 20**

101. Paragraph 101 contains allegations for which no response is necessary, and on that basis, Defendants deny each and every allegation in Paragraph 101.

102. Paragraph 102 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 102.

103. Defendants deny each and every allegation in Paragraph 103.

104. Paragraph 104 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 104.

105. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105, and, on that basis, Defendants deny each and every allegation in Paragraph 105.

106. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106, and, on that basis, Defendants deny each and every allegation in Paragraph 106.

107. Defendants deny each and every allegation in Paragraph 107.

108. Paragraph 108 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 108.

**SIXTH CAUSE OF ACTION**

**Due Process – Fabrication of Evidence (42 U.S.C. § 1983)**

**By Plaintiff ESTATE OF FREDDIE D. WASHINGTON As Against Defendants OFFICER FRANK CORPUS, OFFICER CARLOS CARRILLO, OFFICER JAKE ALSTON, OFFICER ERNEST VILLEGAS, OFFICER VALERIA HERNANDEZ, OFFICER CONSTANTINO PAZ, OFFICER JESSE MEJIA, OFFICER FRANCISCO RODRIGUEZ, OFFICER RICARDO ZAVALA, and DOES 11 through 20**

109. Paragraph 109 contains allegations for which no response is necessary, and on that basis, Defendants deny each and every allegation in Paragraph 109.

110. Defendants deny each and every allegation in Paragraph 110.

111. Defendants deny each and every allegation in Paragraph 111.

112. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112, and, on that basis, Defendants deny each and every allegation in Paragraph 112.

113. Paragraph 113 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 113.

114. Paragraph 114 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 114.

**SEVENTH CAUSE OF ACTION**

**Violation of Right to Equal Protection – 14th Amendment (42 U.S.C. § 1983)**

**By Plaintiff ESTATE OF FREDDIE D. WASHINGTON As Against Defendants OFFICER FRANK CORPUS, OFFICER CARLOS CARRILLO, OFFICER JAKE ALSTON, OFFICER ERNEST VILLEGAS, OFFICER VALERIA HERNANDEZ, OFFICER CONSTANTINO PAZ, OFFICER JESSE MEJIA, OFFICER FRANCISCO RODRIGUEZ, OFFICER RICARDO ZAVALA, and DOES 11 through 20**

115. Paragraph 115 contains allegations for which no response is necessary, and on that basis, Defendants deny each and every allegation in Paragraph 115.

116. Paragraph 116 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 116.

117. Defendants deny each and every allegation in Paragraph 117.

118. Defendants deny each and every allegation in Paragraph 118.

119. Defendants deny each and every allegation in Paragraph 119.

120. Defendants deny each and every allegation in Paragraph 120.

121. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121, and, on that basis, Defendants deny each and every allegation in Paragraph 121.

122. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122, and, on that basis, Defendants deny each and every allegation in Paragraph 122.

123. Paragraph 123 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 123.

124. Paragraph 124 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in

Paragraph 124.

125. Paragraph 125 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 125.

## EIGHTH CAUSE OF ACTION

**_Monell_ Liability – Inadequate Training/Ratification (42 U.S.C. § 1983)**

**By Plaintiff ESTATE OF FREDDIE D. WASHINGTON As Against Defendant CITY OF SANTA ANA**

126. Paragraph 126 contains allegations for which no response is necessary, and on that basis, Defendants deny each and every allegation in Paragraph 126.

127. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127, and, on that basis, Defendants deny each and every allegation in Paragraph 127.

128. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128, and, on that basis, Defendants deny each and every allegation in Paragraph 128.

129. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129, and, on that basis, Defendants deny each and every allegation in Paragraph 129.

130. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130, and, on that basis, Defendants deny each and every allegation in Paragraph 130.

131. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131, and, on that basis, Defendants deny each and every allegation in Paragraph 131.

132. Paragraph 132 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 132.

133. Paragraph 133 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 133.

134. Paragraph 134 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 134.

135. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135, and, on that basis, Defendants deny each and every allegation in Paragraph 135.

136. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136, and, on that basis, Defendants deny each and every allegation in Paragraph 136.

137. Paragraph 137 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 137.

138. Paragraph 138 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 138.

139. Defendants admit that Officer Frank Corpus, Officer Carlos Carrillo, Officer Jake Alston, Officer Ernest Villegas, Officer Valeria Hernandez, Officer Constantino Paz, Officer Jesse Mejia, Officer Francisco Rodriguez, and Officer Ricardo Zavala were acting under the color of law. As to the remainder, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139, and, on that basis, Defendants deny each and every allegation in Paragraph 139.

140. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140, and, on that basis, Defendants deny each and every allegation in Paragraph 140.

141. Paragraph 141 contains statements and conclusions of law to which no

response is required and, on that basis, Defendants deny each and every allegation in Paragraph 141.

142. Paragraph 142 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 142.

## NINTH CAUSE OF ACTION

### Battery

### By Plaintiff ESTATE OF FREDDIE D. WASHINGTON As Against Defendants OFFICER FRANK CORPUS, OFFICER CARLOS CARRILLO, OFFICER JAKE ALSTON, OFFICER ERNEST VILLEGAS, OFFICER VALERIA HERNANDEZ, OFFICER CONSTANTINO PAZ, OFFICER JESSE MEJIA, OFFICER FRANCISCO RODRIGUEZ, OFFICER RICARDO ZAVALA, and DOES 11 through 20

143. Paragraph 143 contains allegations for which no response is necessary, and on that basis, Defendants deny each and every allegation in Paragraph 143.

144. Defendants deny each and every allegation in Paragraph 144.

145. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145, and, on that basis, Defendants deny each and every allegation in Paragraph 145.

146. Paragraph 146 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 146.

147. Defendants deny each and every allegation in Paragraph 147.

148. Paragraph 148 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 148.

149. Paragraph 149 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in

Paragraph 149.

**TENTH CAUSE OF ACTION**

**Assault**

**By Plaintiff ESTATE OF FREDDIE D. WASHINGTON As Against Defendants OFFICER FRANK CORPUS, OFFICER CARLOS CARRILLO, OFFICER JAKE ALSTON, OFFICER ERNEST VILLEGAS, OFFICER VALERIA HERNANDEZ, OFFICER CONSTANTINO PAZ, OFFICER JESSE MEJIA, OFFICER FRANCISCO RODRIGUEZ, OFFICER RICARDO ZAVALA, and DOES 11 through 20**

150. Paragraph 150 contains allegations for which no response is necessary, and on that basis, Defendants deny each and every allegation in Paragraph 150.

151. Defendants deny each and every allegation in Paragraph 151.

152. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152, and, on that basis, Defendants deny each and every allegation in Paragraph 152.

153. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153, and, on that basis, Defendants deny each and every allegation in Paragraph 153.

154. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154, and, on that basis, Defendants deny each and every allegation in Paragraph 154.

155. Defendants deny each and every allegation in Paragraph 155.

156. Paragraph 148 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 148.

157. Paragraph 149 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 149.

**<u>ELEVENTH CAUSE OF ACTION</u>**

**Negligence**

**By Plaintiff ESTATE OF FREDDIE D. WASHINGTON As Against Defendants OFFICER FRANK CORPUS, OFFICER CARLOS CARRILLO, OFFICER JAKE ALSTON, OFFICER ERNEST VILLEGAS, OFFICER VALERIA HERNANDEZ, OFFICER CONSTANTINO PAZ, OFFICER JESSE MEJIA, OFFICER FRANCISCO RODRIGUEZ, OFFICER RICARDO ZAVALA, and DOES 11 through 20**

158. Paragraph 158 contains allegations for which no response is necessary, and on that basis, Defendants deny each and every allegation in Paragraph 158.

159. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159, and, on that basis, Defendants deny each and every allegation in Paragraph 159.

160. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160, and, on that basis, Defendants deny each and every allegation in Paragraph 160.

161. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161, and, on that basis, Defendants deny each and every allegation in Paragraph 161.

162. Paragraph 162 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 162.

163. Paragraph 163 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 163.

///

///

///

**TWELFTH CAUSE OF ACTION**

**Violation of the Bane Act**

**By Plaintiff ESTATE OF FREDDIE D. WASHINGTON As Against Defendants OFFICER FRANK CORPUS, OFFICER CARLOS CARRILLO, OFFICER JAKE ALSTON, OFFICER ERNEST VILLEGAS, OFFICER VALERIA HERNANDEZ, OFFICER CONSTANTINO PAZ, OFFICER JESSE MEJIA, OFFICER FRANCISCO RODRIGUEZ, OFFICER RICARDO ZAVALA, and DOES 11 through 20**

164. Paragraph 164 contains allegations for which no response is necessary, and on that basis, Defendants deny each and every allegation in Paragraph 164.

165. Paragraph 165 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 165.

166. Defendants admit that Officer Frank Corpus, Officer Carlos Carrillo, Officer Jake Alston, Officer Ernest Villegas, Officer Valeria Hernandez, Officer Constantino Paz, Officer Jesse Mejia, Officer Francisco Rodriguez, and Officer Ricardo Zavala were acting course and scope of their employment. As to the remainder, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166, and, on that basis, Defendants deny each and every allegation in Paragraph 166.

167. Defendants deny each and every allegation in Paragraph 167.

168. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168, and, on that basis, Defendants deny each and every allegation in Paragraph 168.

169. Defendants deny each and every allegation in Paragraph 169.

170. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170, and, on that basis, Defendants deny each and every allegation in Paragraph 170.

171. Paragraph 171 contains statements and conclusions of law to which no

response is required and, on that basis, Defendants deny each and every allegation in Paragraph 171.

172. Paragraph 172 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 172.

173. Defendants deny each and every allegation in Paragraph 173.

174. Paragraph 174 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 174.

## THIRTEENTH CAUSE OF ACTION

**Violation of the Ralph Act**

**By Plaintiff ESTATE OF FREDDIE D. WASHINGTON As Against Defendants OFFICER FRANK CORPUS, OFFICER CARLOS CARRILLO, OFFICER JAKE ALSTON, OFFICER ERNEST VILLEGAS, OFFICER VALERIA HERNANDEZ, OFFICER CONSTANTINO PAZ, OFFICER JESSE MEJIA, OFFICER FRANCISCO RODRIGUEZ, OFFICER RICARDO ZAVALA, and DOES 11 through 20**

175. Paragraph 175 contains allegations for which no response is necessary, and on that basis, Defendants deny each and every allegation in Paragraph 175.

176. Defendants deny each and every allegation in Paragraph 176.

177. Defendants deny each and every allegation in Paragraph 177.

178. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 178, and, on that basis, Defendants deny each and every allegation in Paragraph 178.

179. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 179, and, on that basis, Defendants deny each and every allegation in Paragraph 179.

180. Defendants lack knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 180, and, on that basis, Defendants deny each and every allegation in Paragraph 180.

181. Paragraph 181 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 181.

182. Defendants deny each and every allegation in Paragraph 182.

**FOURTEENTH CAUSE OF ACTION**

**Intentional Infliction of Emotional Distress**

**By Plaintiff ESTATE OF FREDDIE D. WASHINGTON As Against Defendants OFFICER FRANK CORPUS, OFFICER CARLOS CARRILLO, OFFICER JAKE ALSTON, OFFICER ERNEST VILLEGAS, OFFICER VALERIA HERNANDEZ, OFFICER CONSTANTINO PAZ, OFFICER JESSE MEJIA, OFFICER FRANCISCO RODRIGUEZ, OFFICER RICARDO ZAVALA, and DOES 11 through 20**

183. Paragraph 183 contains allegations for which no response is necessary, and on that basis, Defendants deny each and every allegation in Paragraph 183.

184. Defendants deny each and every allegation in Paragraph 184.

185. Defendants deny each and every allegation in Paragraph 185.

186. Defendants deny each and every allegation in Paragraph 186.

187. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187, and, on that basis, Defendants deny each and every allegation in Paragraph 187.

188. Paragraph 188 contains statements and conclusions of law to which no response is required and, on that basis, Defendants deny each and every allegation in Paragraph 188.

189. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189, and, on that basis, Defendants deny each and every allegation in Paragraph 189.

## PRAYER FOR RELIEF

The Complaint's prayer for damages contains statements and conclusions of law to which no response is required, and on that basis, Defendants deny each and every allegation in the Complaint's prayer. If deemed to be statements of fact, Defendants deny each and every allegation contained in the Complaint's prayer.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the Complaint and to the alleged claims, and each of them, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

1. The Complaint, and each claim therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

**(No Violation of any Right or Law)**

2. The Complaint, and each claim therein, are barred because the County and its employees did not violate any clearly established right or law.

### THIRD AFFIRMATIVE DEFENSE

**(Defendants Acted in Good Faith)**

3. The Complaint, and each claim therein, is barred because at all times relevant herein the County and its employees acted in good faith, without malice, and with reasonable belief that their actions were lawful, valid, necessary, and appropriate, and in accordance with federal and California constitutional, statutory, and decisional law.

### FOURTH AFFIRMATIVE DEFENSE

**(Protection of Public Interest)**

4. The Complaint, and each claim therein, is barred because, in engaging in the conduct alleged in the Complaint, Defendants and their employees acted lawfully within their duty, authority, or rights in protection of the public interest.

///

**FIFTH AFFIRMATIVE DEFENSE**

**(Not Proximate Cause)**

5. The Complaint, and each claim therein, is barred because the acts and omissions, if any, of Defendants and their employees were not the proximate cause of the injuries, damages, or detriments alleged in the Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

6. As to any claims alleged against Defendants, or any claims against any unknown Defendant, they are barred by the applicable statute of limitations, including without limitation, Code of Civil Procedure §§ 335.1, 338, 340.5, 342, 352.1(b), and 366.1 and/or Government Code §§ 910, 910.2, 910.4, 910.6, 910.8, 911.2, 911.3, 911.4, 911.8, 912.4, 912.6, 913, 913.2, 945.3, 945.4, 945.6, 946.6, and/or 950.2.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Reckless and Wanton)**

7. The Complaint, and each claim therein, is barred because at all times mentioned in the Complaint, Decedent and Plaintiffs acted in a reckless, wanton, and negligent manner, which proximately contributed to the injuries and damages claimed by Plaintiffs.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

8. The Complaint, and each claim therein, is barred because all injuries and damages alleged in the Complaint were occasioned by a risk which Decedent and Plaintiffs knowingly, voluntarily, and expressly assumed.

**NINTH AFFIRMATIVE DEFENSE**

**(Negligence Per Se)**

9. The Complaint, and each claim therein, is barred because Decedent and Plaintiffs' own conduct, which violated provisions of the California Penal Code and other statutes, and, as such, was negligent per se.

**<u>TENTH AFFIRMATIVE DEFENSE</u>**

**(Failure to Exhaust Administrative Claims)**

10. The Complaint, and each claim therein, is barred because Plaintiffs failed to exhaust administrative remedies.

**<u>ELEVENTH AFFIRMATIVE DEFENSE</u>**

**(Unclean Hands)**

11. The Complaint, and each claim therein, is barred by the doctrine of unclean hands.

**<u>TWELFTH AFFIRMATIVE DEFENSE</u>**

**(Superseding and Intervening Cause)**

12. The Complaint, and each claim therein, is barred because the damages allegedly suffered by Plaintiffs was the result of active and affirmative negligent acts or omissions or acts of independent third parties and/or Decedent and Plaintiffs, whose active and affirmative negligence and/or omissions to act resulted in superseding and intervening causes of Plaintiffs' alleged injuries or damages, which thereby relieves Defendants and their employees from liability.

**<u>THIRTEENTH AFFIRMATIVE DEFENSE</u>**

**(No Damages)**

13. The Complaint, and each claim therein, is barred because Plaintiffs have suffered no injuries or damages.

**<u>FOURTEENTH AFFIRMATIVE DEFENSE</u>**

**(Negligence of Plaintiffs)**

14. The Complaint, and each claim therein, is barred because any injury to Plaintiffs was due to and caused by Decedent's and Plaintiffs' carelessness, negligence, and omissions, which were the proximate cause of the injuries and damages claimed by Plaintiffs.

///

///

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Comply with the Prison Litigation Reform Act)**

15. The Complaint, and each claim therein, is barred because Decedent and Plaintiffs have failed to comply with the Prison Litigation Reform Act, including its requirement of exhaustion of administrative remedies as set forth in 42 U.S.C. § 1997e(a).

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Punitive Damages)**

16. Plaintiffs' claim for punitive damages is unconstitutional and invalid because it violates the United States Constitution, including, but not limited to, the Due Process Clause. In addition, Plaintiffs' Complaint fails to state a cause of action against Defendants for punitive damages.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

17. Plaintiffs have failed to take reasonable actions to avoid or mitigate the alleged injuries, damages, or detriments.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Comparative Negligence)**

18. Defendants assert that Decedent and Plaintiffs were negligent in and about the activities alleged in the Complaint; that their negligence contributed to and was a proximate cause of their alleged injuries and damages, or was the sole cause thereof; and that if Plaintiffs are entitled to recover damages against Defendants, then Defendants pray that the recovery be diminished or extinguished by reason of the negligence of Decedent and Plaintiffs.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Government Code § 820.2)**

19. The state law claims in the Complaint are barred because, under the Government Code § 820.2, Defendants are not liable for any injury resulting from their acts or omissions where such acts or omissions were a result of the exercise of the

discretion vested in them.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Government Code § 820.4)**

20. The state law claims in the Complaint are barred because, under California Government Code § 820.4, Defendants are not liable for their acts or omissions, exercised in due care, in the execution or enforcement of any law.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Government Code § 820.6)**

21. The state law claims in the Complaint are barred because, under Government Code § 820.6, Defendants are not liable since they acted in good faith, without malice and under the apparent authority of the law.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Government Code § 820.8)**

22. The state law claims in the Complaint are barred because, under the Government Code § 820.8, Defendants are not liable for an injury caused by the act or omission of another person.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Government Code § 821.6)**

23. The state law claims in the Complaint are barred because, under Government Code § 821.6, Defendants are not liable for an injury caused by instituting or prosecuting any judicial or administrative proceeding within the scope of their employment, even if they act maliciously and without probable cause.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Government Code §§ 818.8, 822.2)**

24. The state law claims in the Complaint are barred because, under Government Code §§ 818.8 and 822.2, Defendants are not liable for an injury caused by a misrepresentation, whether or not such misrepresentation be negligent or intentional.

///

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Government Code § 844.6)**

25. The state law claims in the Complaint are barred against Defendants because, under Government Code § 844.6, a public entity is not liable for an injury proximately caused by any inmate or for an injury to any inmate.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Government Code § 845.2)**

26. The state law claims in the Complaint are barred because, under Government Code § 845.2, neither a public entity nor a public employee is liable for failure to provide a prison, jail, or penal or correctional facility or, if such facility is provided, for failure to provide sufficient equipment, personnel, or facilities therein.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Government Code § 845.6)**

27. The state law claims in the Complaint are barred because, under Government Code § 845.6, neither a public entity nor its employees are liable for any injury caused by the failure to furnish or obtain medical care to a prisoner in custody.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Government Code § 855.6)**

28. The state law claims in the Complaint are barred because, under Government Code § 855.6, neither a public entity nor its employees are liable for any injury caused by failure to make a physical or mental examination, or to make an adequate physical or mental examination.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Government Code § 855.8)**

29. The state law claims in the Complaint are barred because, under Government Code § 855.8, neither a public entity nor its employees are liable for any injury caused by diagnosing or failing to diagnose that a person is afflicted with mental illness or addiction or from failing to prescribe for mental illness or addiction.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Government Code § 856)**

30. The state law claims in the Complaint are barred because, under Government Code § 856, neither a public entity nor its employees are liable for any injury resulting from determining whether to confine a person for mental illness or addiction or the terms and conditions of confinement for mental illness or addiction.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Qualified Immunity)**

31. The federal claims in the Complaint are barred by the doctrine of qualified immunity.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Res Judicata)**

32. The Complaint and each claim therein, are barred by the doctrines of *res judicata*, claim preclusion, or collateral estoppel.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(*Heck v. Humphrey* Bar)**

33. The Complaint and each claim therein, are barred by the holding of *Heck v. Humphrey*, 512 U.S. 477 (1994).

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(Prosecutorial Immunity)**

34. The Complaint, and each claim therein, are barred by prosecutorial immunity.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(Unknown Affirmative Defenses)**

35. Defendants presently have insufficient knowledge or information on which to form a belief as to whether Defendants may have additional, as of yet, unstated affirmative defenses available. Defendants reserve herein the right to assert additional affirmative defenses in the event that discovery indicates that they would be appropriate.

**PRAYER**

1. Plaintiffs take nothing by this Complaint or in this action.
2. Defendants recover costs and reasonable attorney's fees incurred herein.
3. For such other relief as the Court deems just and proper.

Dated: August 28, 2026

FUJII LAW GROUP LLP

By: _/s/ *Mahadhi Corzano*
JOHN M. FUJII
MAHADHI CORZANO
Attorneys for Defendants
City of Santa Ana, Officer Frank Corpus, Officer Carlos Carrillo, Officer Jake Alston, Officer Ernest Villegas, Officer Valeria Hernandez, Officer Constantino Paz, Officer Jesse Mejia, Officer Francisco Rodriguez, and Officer Ricardo Zavala

**DEMAND FOR JURY TRIAL**

Defendants demand trial by jury in the above-entitled action.

Dated: August 28, 2026

FUJII LAW GROUP LLP

By: _*/s/ Mahadhi Corzano*
JOHN M. FUJII
MAHADHI CORZANO
Attorneys for Defendants
City of Santa Ana, Officer Frank Corpus, Officer Carlos Carrillo, Officer Jake Alston, Officer Ernest Villegas, Officer Valeria Hernandez, Officer Constantino Paz, Officer Jesse Mejia, Officer Francisco Rodriguez, and Officer Ricardo Zavala