**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, (Bar No. 144074)
dalekgalipo@yahoo.com
Eric Valenzuela, Esq. (Bar No. 284500)
evalenzuela@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

Attorneys for PLAINTIFF, Glecina Mae Reyes, the appointed administrator of the Estate of Decedent Freddie D. Washington and the Guardian Ad Litem for minor Plaintiff, G.W.

**ANTONIO K. KIZZIE, ESQ. (SBN 279719)**
*akizzie@kizziefirm.com*
**THE KIZZIE FIRM, APC**
1732 Aviation Blvd. #226
Redondo Beach, CA 90278
Telephone: (310) 388-9977
Facsimile: (310) 265-1957

Attorney for PLAINTIFF, BEATRICE HIGHTOWER, individually and as Successor-in-Interest to Freddie D. Washington

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

BEATRICE HIGHTOWER, et al., ;

*Plaintiffs,*

vs.

CITY OF SANTA ANA, et al.,

*Defendants*

CASE NO.: 8:25-cv-02129-JWH-ADS

**AMENDED JOINT DISCOVERY PLAN AND RULE 26(f) REPORT**

Date: September 18, 2026
Time: 11:00 AM
Location: Courtroom 9D
Ronald Reagon Federal Building and U.S. Courthouse,
411 W. 4th Street,
Santa Ana, California

**TO THE HONORABLE COURT:**

**PLEASE TAKE NOTICE**, that pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and this Court's Order Setting Rule 26(f) Scheduling Conference, Plaintiffs BEATRICE HIGHTOWER and GLECINA MAE REYES, the appointed personal representative of the ESTATE OF FREDDIE D. WASHINGTON and the Guardian Ad Litem of minor Plaintiff G.W. ("Plaintiffs," collectively), by and through their undersigned attorneys, and Defendants CITY OF SANTA ANA ("City"), FRANK CORPUS, CARLOS CARRILLO, JAKE ALSTON, ERNEST VILLEGAS, VALERIA HERNANDEZ, CONSTANTINO PAZ, JESSE MEJIA, FRANSICSO RODRIGUEZ, RICARDO ZAVALA and DOES 11-20, inclusive, ("Defendants," collectively) by and through their respective counsel of record, hereby submit the following Amended Joint Discovery Plan and Rule 26 Report.

## I. RULE 26(f) CONFERENCE

The parties conducted their initial meeting, through counsel, on March 26, 2026, and the parties have already exchanged their respective Initial Disclosures. The parties, through counsel, further participated in the preparation of this amended report.

| Party | Counsel |
|---|---|
| Plaintiffs, Glecina Mae Reyes, the appointed administrator of the Estate of Decedent Freddie D. Washington and the Guardian Ad Litem for minor Plaintiff, G.W. and BEATRICE HIGHTOWER, individually and as Successor-in-Interest to Freddie D. Washington | **LAW OFFICES OF DALE K. GALIPO**<br>Dale K. Galipo, (Bar No. 144074)<br>dalekgalipo@yahoo.com<br>Eric Valenzuela, Esq. (Bar No. 284500)<br>evalenzuela@galipolaw.com<br>21800 Burbank Blvd., Suite 310<br>Woodland Hills, CA 91367<br>Tel: (818) 347-3333<br><br>**THE KIZZIE FIRM, APC**<br>Antonio K. Kizzie, Esq. (SBN 279719)<br>*akizzie@kizziefirm.com*<br>1732 Aviation Blvd. #226<br>Redondo Beach, CA 90278<br>Tel: (310) 388-9977 |

| | |
|---|---|
| Defendants, CITY OF SANTA ANA, FRANK CORPUS, CARLOS CARRILLO, JAKE ALSTON, ERNEST VILLEGAS, VALERIA HERNANDEZ, CONSTANTINO PAZ, JESSE MEJIA, FRANSICSO RODRIGUEZ, RICARDO ZAVALA and DOES 11-20 | **FUJII LAW GROUP LLP**<br>JOHN M. FUJII, SBN 172718<br>MAHADHI CORZANO, SBN 254905<br>MONICA C. PHAN, SBN<br>2 Park Plaza, Suite 450<br>Irvine, California 92614<br>Phone: (949) 392-5501<br>Fax: (949) 392-5501<br>Email: JFujii@FujiiLawGroup.com<br>Email: MCorzano@FujiiLawGroup.com |

## II. STATEMENT OF THE CASE[1]

### A. Plaintiffs' Statement

1. On January 15, 2025, Mr. Freddie D. Washington ("Mr. Washington"), deceased, was arrested by the Defendant City of Santa Ana Police Department Officers Jake Alston, Carlos Carrillo, Officer Frank Corpus, Officer Valeria Hernandez, Officer Jesse Mejia, Officer Constantino Paz, Officer Francisco Rodriguez, Officer Ernest Villegas, and/or Officer Ricardo Zavala ("Defendant Officers," collectively), who were members of Defendant City of Santa Ana's ("Defendant City") Police Department, for an alleged, non-violent, and unarmed misdemeanor of overstaying his hotel stay. Mr. Washington was subjected to objectively unreasonable force during his arrest which included, but is not limited to, punching, taking down, kicking, grappling, and wrapping Mr. Washington in a restraint device called "The Wrap," which collectively caused or contributed to Mr. Washington's later ensuing medical crisis and death. Mr. Washington repeatedly screamed for, "Help! Help! Why are you punching me?... I'm not fighting! Y'all are fighting me!"

Afterwards, the Defendant Officers involved transported Mr. Washington to the Santa Ana Police Department jail. Mr. Washington became unresponsive, unconscious, and stopped breathing while at the Santa Ana Police Department jail

[1] The parties do not necessarily agree with all the assertions in each other's statements of the case.

and, thus, was in obvious, objective serious medical need, warranting an emergency response and significant medical treatment. The involve Defendant Officers knew or reasonably should have known that Mr. Washington was in serious medical distress, yet deliberately disregarded his safety by, in part, failing to reasonably monitor and supervise him or render reasonable medical aid, summon an ambulance, transport him to the hospital, or provide any significant, reasonable medical treatment despite his obvious medical emergency.

When Mr. Washington finally came to, he was disoriented due to the lack of oxygen, gasping and struggling for air, and proceeded to struggle for his life due to no help from the involved Defendant Officers and his being in excruciating pain, unable to breathe while still being handcuffed, and it causing or contributing to his medical distress, pain and suffering, unconsciousness, and slow death. However, the involved Defendant Officers placed Mr. Washington in a restraint chair, wheeled him to another part of the jail, and placed a bag over his head where he was kept for an extended period of time between January 15 and 16, 2025. Ultimately, Mr. Washington experienced severe medical distress in Defendant City's custody at the City of Santa Ana jail and died as a result of having been restrained to a chair for a prolonged period of time with a bag over his head.

The main claims in Plaintiffs' First Amended Complaint are made under 42 U.S.C. §1983 for violations of Mr. Washington's and Plaintiffs' Fourth and Fourteenth Amendment rights under the United States Constitution and violations of California law through the involved Defendant Officers' use of excessive force, denial of medical care, substantive due process violations, battery, negligence, and violations of the Bane and Ralph Act that caused or contributed to Mr. Washington's death.

**B. <u>Defendants' Statement</u>**

This is a civil rights action arising out of the January 15, 2025 arrest of Decedent Freddie D. Washington ("Decedent") by unnamed Santa Ana officers.

Plaintiffs Beatrice Hightower and G.W. ("Plaintiffs") assert the following fourteen claims for (1) Denial of Medical Care under the Fourth Amendment, (2) Denial of Medical Care under the Fourteenth Amendment, (3) Unreasonable Force under the Fourth Amendment, (4) Failure to Intervene under the Fourth Amendment, (5) Loss of Familial Relations under the Fourteenth Amendment (6) Fabrication of Evidence under the Fourteenth Amendment, (7) Violation of Equal Protection, (8) Municipality Liability for Inadequate Training and Ratification, (9) Battery, (10) Assault, (11) Negligence, (12) violation of the Bane Act, Cal. Civ. Code § 52.1 et seq., (13) violation of the Ralph Act, Cal. Civ. Code § 51.7, and (14) Intentional Infliction of Emotional Distress. (Dkt. No. 36.)

On January 15, 2025, Santa Ana officers responded to the Holiday Inn in response to a call for defrauding an innkeeper. According to the hotel manager, Decedent had not paid for two weeks and was refusing to leave the hotel. Officers arrived at the scene, spoke to the manger, knocked on Decedent's door, announced themselves as police officers, and ordered Decedent to open the door multiple times. After no response, a hotel employee provided a master key to open the door. Officers asked Decedent multiple times to come out of the room without success. Once officers entered the room, Decedent was ordered to put his hands behind his back. Decedent resisted and prevented officers from placing his arms behind his back. Decedent also became assaultive and struck one of the officers.

After Decedent was restrained, he was escorted out of the room and placed on a gurney, where paramedics examined him. Decedent was then transported, via ambulance, to a hospital for further evaluation.

That afternoon, Decedent was taken to Santa Ana jail. On January 16, 2025, Decedent was escorted out of the cell to be transported to Orange County jail. After being evaluated by medical staff, and as he was being escorted to the elevators, Decedent fainted. Medical staff were summoned and provided medical treatment, including life saving measures, to Decedent. Decedent was taken to the hospital,

where he was pronounced dead.

## III. SUBJECT MATTER JURISDICTION

The Court has subject matter jurisdiction over the Plaintiffs' 42 U.S.C. § 1983 claims pursuant to 28 U.S.C. §§ 1331 and 1343.

## IV. KEY LEGAL ISSUES

The following are a few of the legal issues which may be of importance during this litigation:

1. Whether the involved Defendant Officers unlawfully denied Mr. Washington medical care in violation of the 4th Amendment of the U.S. Constitution under 42 U.S.C. §1983 at the time of the alleged incident.
2. Whether the involved Defendant Officers unlawfully denied Mr. Washington medical care in violation of the 14th Amendment of the U.S. Constitution under 42 U.S.C. §1983 at the time of the alleged incident.
3. Whether the involved Defendant Officers used excessive, and/or unreasonable force against Mr. Washington, in violation of the 4th and 14th Amendments of the U.S. Constitution under 42 U.S.C. §1983 at the time of the alleged incident.
4. Whether the involved Defendant Officers failed to prevent the use of excessive force against Mr. Washington in violation of the 4th and 14th Amendment of the U.S. Constitution under 42 U.S.C. §1983 at the time of the alleged incident.
5. Whether the involved Defendant Officers violated Plaintiffs' substantive due process rights in violation of the 14th Amendment of the U.S. Constitution under 42 U.S.C. §1983 at the time of the alleged incident.
6. Whether the involved Defendant Officers fabricated evidence in violation of Mr. Washington's rights under the 14th Amendment of the U.S. Constitution under 42 U.S.C. §1983 at the time of the alleged incident.

7. Whether the involved Defendant Officers violated Mr. Washington's rights to equal protection under the 14th Amendment of the U.S. Constitution under 42 U.S.C. §1983 at the time of the alleged incident.
8. Whether there is a basis for *Monell* liability under a inadequate training, ratification, or unconstitutional custom, policy, and practice theory against Defendant City of Santa Ana under 42 U.S.C. §1983.
9. Whether the involved Defendant Officers battered Mr. Washington by using unreasonable force under California law.
10. Whether the involved Defendant Officers are liable for Mr. Washington's wrongful death under a battery theory under California law.
11. Whether the involved Defendant Officers assaulted Mr. Washington under California law.
12. Whether the involved Defendant Officers were negligent under California law.
13. Whether the involved Defendant Officers are liable for Mr. Washington's wrongful death under a negligence theory under California law.
14. Whether the involved Defendant Officers violated the Bane Act.
15. Whether the involved Defendant Officers violated the Ralph Act.
16. Whether the involved Defendant Officers intentionally inflicted emotional distress against Mr. Washington.
17. Whether the involved Defendant Officers' conduct arises to a level that supports a claim for punitive damages under any appropriate theory;
18. The nature and extent of any alleged damages to Plaintiffs.
19. Whether Plaintiffs failed to mitigate their damages.
20. Whether Defendants are entitled to qualified immunity against any of Plaintiffs' federal claims.

Through discovery and upon further research, these issues, claims, or defenses may or may not be relevant, viable, or additional key legal issues may become known to counsel.

## V. PARTIES/EVIDENCE

### KEY WITNESSES

The parties anticipate deposing the following key witnesses who may have information relevant to their respective claims and/or defenses:

1. Plaintiff Beatrice Hightower
2. Plaintiff G.W.
3. Defendants Frank Corpus, Carlos Carrillo, Jake Alston, Ernest Villegas, Valeria Hernandez, Constantino Paz, Jesse Mejia, Francisco Rodriguez, and Ricardo Zavala.
4. Defendant City's person(s) most knowledgeable regarding:
   a. The investigation of the incident; and
   b. Defendant Frank Corpus, Carlos Carrillo, Jake Alston, Ernest Villegas, Valeria Hernandez, Constantino Paz, Jesse Mejia, Francisco Rodriguez, Ricardo Zavala's police officer training and policies regarding use of force, arrestee and pretrial detainee medical care and emergencies, and other topics relevant to the incident.
5. Currently unknown witnesses to the subject incident.
6. Any experts designated by the parties regarding their proffered opinions in this case and any basis therefore.

### KEY DOCUMENTS

The parties anticipate the following documents to be relevant to their respective claims and defenses and/or reasonably necessary for settlement evaluation of this action:

1. All documents related to the investigation of the subject incident,

including any photographic, audio, video, and forensic evidence, and other documents that comprise Defendants' investigative files.

2. All photographs, videos, audio files, jail surveillance videos and body worn camera videos of the subject incident.
3. All documents related to Defendant Frank Corpus, Carlos Carrillo, Jake Alston, Ernest Villegas, Valeria Hernandez, Constantino Paz, Jesse Mejia, Francisco Rodriguez, Ricardo Zavala's training, policies, tactics, and procedures regarding use of force, arrestee and pretrial detainee medical care and emergencies, and other topics relevant to the incident.
4. City's jail policies and procedures with regards to the use of the restraint chair and the spit mask.
5. All documents related to Defendant Frank Corpus, Carlos Carrillo, Jake Alston, Ernest Villegas, Valeria Hernandez, Constantino Paz, Jesse Mejia, Francisco Rodriguez, Ricardo Zavala's personnel records including, but not limited to, prior complaints, if any, and associated investigations and discipline, if any for excessive force, dishonesty, racial bias, and fabrication of evidence.
6. All documents related to medical condition, treatment, death, autopsy, and toxicology.
7. All documents related to Plaintiffs' economic and non-economic damages.

## VI. DAMAGES

**PLAINTIFF**

Plaintiffs believe that a realistic range of provable damages is in excess of $3,000,000, which includes both wrongful death damages and survival damages, such as pain and suffering damages prior to death, and loss of enjoyment of life.

**DEFENDANTS**

Defendants dispute both liability and Plaintiff's claimed damages.

## VII. INSURANCE

**PLAINTIFF**

Plaintiffs have no insurance agreements that affect this matter.

**DEFENDANTS**

The City of Santa Ana is permissibly self-insured.

## VIII. MOTIONS

2. The parties do not anticipate the need for the filing of a motion to transfer venue.

3. The parties have stipulated to a protective order.

4. Defendants may file a motion to dismiss the Third Amended Complaint.

## IX. MANUAL FOR COMPLEX LITIGATION

This is not a complex case requiring use of the procedures of the Manual for Complex Litigation.

## X. STATUS OF DISCOVERY

The parties have propounded written discovery to each other, have responded to some of the written discovery and have served subpoenas on third parties, including but not limited to the Orange County District Attorney's Office, the Coroner's Office and the Fire Department/Paramedics. During or after the completion of written discovery, the parties anticipate taking depositions of the named parties, relevant key witnesses and others as they are discovered.

## XI. DISCOVERY PLAN

The parties have already served their Rule 26 Initial Disclosures. Plaintiffs and Defendants will identify the witnesses and documents as set forth by the requirements of Rule 26(1)(a).

The parties do not anticipate that any changes in the disclosures under Rule 26(a) should be made. The parties do not anticipate that discovery should be conducted in phases or otherwise be limited.

Written discovery has already begun. The parties' initial written discovery consisting of requests for admission, requests for production, and special interrogatories will comply with applicable Federal Rules of Civil Procedure. Plaintiffs have already received several discovery documents and have met and conferred regarding some of the discovery responses. This incident was investigated by the Orange County District Attorney's Office and they have refused to produce any of the investigation materials that were subpoenaed on the basis that their investigation is still pending.

Defendants have also indicated that some of the internal investigation ("IA") materials that were requested by the Plaintiffs are also not being produced on the grounds that the IA investigation is ongoing and has not concluded.

Following sufficient written discovery, depositions will proceed by way of noticed depositions and shall not exceed the time or length pursuant to the FRCP.

Due to the circumstances of this case involving 9 Defendant Officers, approximately 10+ police officers in the underlying arrest, 5-10 officers and medical personnel involved during the jail stay before civilian witnesses, FRCP 30(b)(6) witnesses, and expert witnesses are considered, Plaintiffs anticipate and hereby preemptively request that the Court enter an order increasing the usual limit to the number of depositions per party from 10 to 20 to avoid the need for later law and motion practice requesting such an order.

Defendants object to Plaintiffs' request to increase the number of depositions on the grounds that they are unnecessary. Defendants assert that discovery has just begun and it is premature to determine whether an increased number of depositions is warranted.

## XII. <u>DISCOVERY CUT-OFF</u>

Plaintiff and Defendants jointly propose a discovery cut-off date of April 30, 2027.

**XIII. EXPERT DISCOVERY**

Plaintiff anticipates designating experts in the field of police practices and medical damages (physical and mental), among other fields as discovery progresses.

Plaintiff and Defendants jointly propose an Expert Disclosure date of March 19, 2027.

Plaintiff and Defendants jointly propose a Rebuttal Expert Disclosure date of April 2, 2027.

**XIV. DISPOSITIVE MOTIONS**

Plaintiffs do not anticipate filing a dispositive motion and do not believe that any issues or claims can be decided by dispositive motion. Depending on the results of discovery, Defendants may file a dispositive motion.

Plaintiffs may stipulate to dismissal of certain claims and the parties anticipate filing motions *in limine*.

**XV. SETTLEMENT DISCUSSIONS**

It may be premature to discuss settlement until some initial discovery has been completed. Plaintiffs preferred settlement procedure is through private mediation. Defendants preferred settlement procedure is ADR procedure No. 2, panel mediator dispute resolution proceedings.

**XVI. TRIAL ESTIMATE**

The parties agree that this should be a jury trial. The parties agree that a jury trial should take approximately 7 court days.

Without access to the investigative files or medical records, Plaintiffs cannot specify with any reasonable certainty how many witnesses they contemplate calling at trial. However, Plaintiffs currently estimate calling at least ten (10) or more witnesses at trial consisting of Plaintiffs, all Defendants (there are 9 named individual Defendants), Defendants' relevant FRCP 30(b)(6) witnesses, relevant civilian witnesses, and Plaintiffs' experts.

**XVII. TRIAL COUNSEL**

Dale K. Galipo, Esq. will be lead trial counsel for Plaintiff G.W., along with Eric Valenzuela, Esq. as second chair. Antonio K. Kizzie, Esq. will be lead trial counsel for Plaintiff Hightower.

John M. Fujii and Mahadhi Corzano will be lead trial counsel for Defendants.

**XVIII. INDEPENDENT EXPERT OR MASTER**

This is not a case where the Court should consider appointing a master pursuant to Fed. R. Civ. P. 53 or an independent scientific expert.

**XIX. TIMETABLE**

The parties jointly propose the following dates set forth in Exhibit A "Schedule of Pretrial and Trial Dates Worksheet" attached hereto. The reasons governing this requested timetable are that the current Pre-Trial and Trial dates are counsel's mutual, reasonable estimates for how long will be needed to conduct the requisite discovery for the litigation and defense of Plaintiffs' claims and current, mutual availability. Absent unforeseen circumstances, the requested trial dates should also prevent the need for the parties to request to continue the pre-trial and trial dates for various reasons in the future.

**XX. AMENDING PLEADINGS AND ADDING PARTIES**

Plaintiffs have filed a Third Amended Complaint and have added nine additional officer defendants. [Dkt. 36.]

**XXI. OTHER ISSUES**

The parties are not aware of any other issues that need to be addressed by the court at this time.

**XXII. CONSENT TO PROCEED BEFORE MAGISTRATE JUDGE**

Counsel for all parties have discussed whether the parties consent to have a Magistrate Judge of this Court conduct any and all necessary proceedings and order the entry of judgment in this matter pursuant 28 U.S.C. § 636(c) and General

Order 1201. The parties do not consent to the assignment of this matter to a Magistrate Judge.

Dated: September 3, 2026

**LAW OFFICES OF DALE K. GALIPO**

By: */s/ Eric Valenzuela*
**Eric Valenzuela**
Attorneys for PLAINTIFF
GW, individually and as Successor-of-Interest on behalf of the ESTATE OF FREDDIE D. WASHINGTON, deceased

Dated: September 3, 2026

**THE KIZZIE FIRM, APC**

By: */s/ Antonio K. Kizzie*
**ANTONIO K. KIZZIE**
Attorneys for PLAINTIFF
BEATRICE HIGHTOWER, individually and as Successor-of-Interest on behalf of the ESTATE OF FREDDIE D. WASHINGTON, deceased

Dated: September 3, 2026

**FUJII LAW GROUP LLP**

By: */s/ Monica C. Phan*
John M. Fujii
Mahadhi Corzano
Attorneys for Defendant
CITY OF SANTA ANA, FRANK CORPUS, CARLOS CARRILLO, JAKE ALSTON, ERNEST VILLEGAS, VALERIA HERNANDEZ, CONSTANTINO PAZ, JESSE MEJIA, FRANCISCO RODRIGUEZ, and RICARDO ZAVALA

**EXHIBIT A: SCHEDULE PRETRIAL AND TRIAL DATES WORKSHEET**

| | | | |
|---|---|---|---|
| **Case No.:** | 8:25-cv-02129-JWH-ADS | | |
| **Case Name:** | *B. Hightower, et.al. v. City of Santa Ana, et.al.* | | |
| Event | Plaintiff's Request month/day/year | Defendant's Request month/day/year | Court's Order |
| ☐ Jury Trial *or* ☐ Bench Trial **(Monday at 9:00 a.m.)** Length: 7 days | October 4, 2027 | October 4, 2027 | |
| Final Pretrial Conference [L.R. 16] **(Friday−17 days before trial date)** | September 17, 2027 | September 17, 2027 | |
| Hearing on Motions *in Limine* **(Friday−7 days before Final PTC)** | September 10, 2027 | September 10, 2027 | |
| Last Date to Hear Non-Discovery Motions | June 18, 2027 | June 18, 2027 | |
| Last Date to Conduct Settlement Conference | May 28, 2027 | May 28, 2027 | |
| All Discovery Cut-Off (including hearing all discovery motions) | April 30, 2027 | April 30, 2027 | |
| Expert Disclosure (Rebuttal) | April 2, 2027 | April 2, 2027 | |
| Expert Disclosure (Initial) | March 19, 2027 | March 19, 2027 | |

ADR [L.R. 16-15] Settlement Choice:

- ○ Attorney Settlement Officer Panel
- ☒ Private Mediation
- ○ Magistrate Judge